**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

53 Stanhope LLC, *et al.*[1],

                       Debtors.

---

Case No. 19-23013 (RDD)

Chapter 11

(Jointly Administered)

**ORDER PURSUANT TO RULES 2004 AND 9016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING DISCOVERY AND EXAMINATION OF THE DEBTORS, CHASKIEL STRULOVITCH, DAVID GOLDWASSER, GC REALTY ADVISORS, NACHMAN STRULOVITCH, CHASKEIL JACOBOWITZ AND JOSHUA WAGSHAL**

Upon the *ex parte* application, dated June 6, 2019, (the "Application"), of Brooklyn Lender LLC (the "Movant") for an order pursuant to Fed. R. Bankr. P. 2004 and 9016 directing the production of documents by and oral examination of the Debtors, Chaskiel Strulovitch (a/k/a Yechezkel Strulovitch) ("Strulovitch"), David Goldwasser ("Goldwasser"), GC Realty Advisors ("GC Realty") Nachman Strulovitch ("N. Strulovitch"), Chaskeil Jacobowitz ("Jacobowitz") and Joshua Wagshal ("Wagshal") and any other employee most knowledgeable about the Rule 2004 Topics (as defined herein) (collectively, with the Debtors, Strulovitch, Goldwasser, GC Realty, N. Strulovitch, Jacobowitz and Wagshal the "Rule 2004 Parties") about: (a) the current ownership and management of the Debtors; (b) any fraud, deceit or dishonesty in connection with management of the Debtors; (c) any facts underpinning the Movant's claims against the Debtors and (d) any materials related to or arising in connection with the foregoing topics (a)-(c) (together, the "Rule 2004 Topics"),

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

and, after due deliberation, the Court having concluded that the Movant has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby ORDERED that:

1. The Movant is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct oral examinations of the Rule 2004 Parties regarding the Rule 2004 Topics.

2. The Movant is authorized, pursuant to Fed. R. Bankr. P. 2004 and 9016, to issue requests and subpoenas, in the forms annexed hereto as Exhibits 1 and 2, for the production of documents relevant to the Rule 2004 Topics and for attendance at the foregoing examinations (each, a "Rule 2004 Examination Request"), which the Movant is authorized to serve on the Rule 2004 Parties via U.S. mail.

3. Not later than twenty (20) days after the service of a Rule 2004 Examination Request, the corresponding Rule 2004 Parties shall produce the documents (including electronically stored information) in their possession, custody or control referenced in such Rule 2004 Examination Request, to be delivered to the offices of Stroock & Stroock & Lavan LLP located at 180 Maiden Lane, New York, New York 10038 (the Movant's counsel).

4. Not later than thirty (30) days after the service of a Rule 2004 Examination Request, the Application and a copy of this Order, the corresponding Rule 2004 Parties shall appear for an examination at the offices of Stroock & Stroock & Lavan LLP located at 180 Maiden Lane, New York, New York 10038.

5. The production and examination required hereby are subject to any applicable privilege; provided, that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, the party asserting privilege with respect to such document

shall provide a proper privilege log to the Movant's counsel at the time of document production hereunder.

6. The recipient of each Rule 2004 Examination Request shall inform the Movant's counsel of its search terms and other search parameters when conducting an electronic search. If necessary, the recipient of each Rule 2004 Examination Request shall meet and confer with the Movant's counsel to attempt to agree on appropriate search terms and other search parameters.

7. All disputes concerning a Rule 2004 Examination Request, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single-spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single-spaced. Copies of such letter briefs shall also be emailed to the Court's chambers.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  White Plains, New York
       June 11, 2019                  /s/Robert D. Drain
                                       THE HONORABLE ROBERT D. DRAIN
                                       UNITED STATES BANKRUPTCY JUDGE