UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                          Chapter 11

    53 STANHOPE LLC, *et al*,[1]                    Case no. 19-23013 (RDD)
                                                                                             Jointly Administered

                        Debtors.
-----------------------------------------------------------x

## NOTICE OF CORRECTIONS TO SCHEDULE F

       PLEASE TAKE NOTICE, that Schedule F of D & W Real Estate Spring LLC Chapter 11 Schedules has been updated as indicated by the entries highlighted on the attached Amended Schedule F.

       PLEASE TAKE FURTHER NOTICE, that as set forth on the ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF attached hereto, each creditor whose claim status has been updated and highlighted on the attached Amended Schedule F shall have until November 21, 2019 to file a proof of claim in compliance with the NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM FOR CLAIMS annexed hereto.

Dated: New York, New York
        October 11, 2019

                                                                  BACKENROTH FRANKEL & KRINSKY, LLP

                                      By:   s/ Mark Frankel
                                                 800 Third Avenue
                                                 New York, New York 10022
                                                 (212) 593-1100
                                                 BACKENROTH FRANKEL & KRINSKY, LLP

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | D & W Real Estate Spring LLC |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known) | 19-23027 |

☐ Check if this is an amended filing

Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
    ☐ No. Go to Part 2.
    ☒ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address<br>**NYC Dept. of Finance**<br>**P.O. Box 680**<br>**Newark, NJ 07101-0680**<br><br>Date or dates debt was incurred<br><br>Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (**8**) | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☒ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:<br><br>Is the claim subject to offset?<br>☒ No<br>☐ Yes | $26,553.00 | $26,553.00 |
| 2.2 | Priority creditor's name and mailing address<br>**NYC Water Board**<br>**PO Box 11863**<br>**Newark, NJ 07101-8163**<br><br>Date or dates debt was incurred<br><br>Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (**8**) | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☒ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:<br><br>Is the claim subject to offset?<br>☒ No<br>☐ Yes | $28,660.65 | $28,660.65 |

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| Debtor | **D & W Real Estate Spring LLC** | Case number (if known) | **19-23027** |
|---|---|---|---|
| | Name | | |

| | | | |
|---|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address**<br>**Abrams Fensterman LLP**<br>**1 Metrotech Center**<br>**Suite 1701**<br>**Brooklyn, NY 11201**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **$150,400.00** |
| 3.2 | **Nonpriority creditor's name and mailing address**<br>**Advanced Builders Services NY Corp**<br>**62 Rutledge Street #115**<br>**Brooklyn, NY 11249**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **$2,500.00** |
| 3.3 | **Nonpriority creditor's name and mailing address**<br>**All County Sewer & Drain Inc**<br>**879 Whittier St**<br>**Bronx, NY 10474**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **$163.31** |
| 3.4 | **Nonpriority creditor's name and mailing address**<br>**AmTrust North America**<br>**800 Superior Ave E 21st Floor**<br>**Cleveland, OH 44114**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **$8,049.48** |
| 3.5 | **Nonpriority creditor's name and mailing address**<br>**FIU Corp**<br>**51-02 21st Street 3rd Floor**<br>**Long Island City, NY 11101**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **$5,500.00** |
| 3.6 | **Nonpriority creditor's name and mailing address**<br>**Hagan Coury & Associates**<br>**908 4th Ave**<br>**Brooklyn, NY 11232**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **$550.00** |
| 3.7 | **Nonpriority creditor's name and mailing address**<br>**Home Quest Properties Corp**<br>**P.O. Box 20575**<br>**New York, NY 10011**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **$32,500.00** |

| Debtor | D & W Real Estate Spring LLC | Case number (if known) | 19-23027 |
|---|---|---|---|
| | Name | | |

| 3.8 | **Nonpriority creditor's name and mailing address**<br>Joshua Wagschal<br>94 Herrick Ave<br>Spring Valley, NY 10977<br><br>**Date(s) debt was incurred** __<br>**Last 4 digits of account number** __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | **$2,500,000.00** |
|---|---|---|---|
| 3.9 | **Nonpriority creditor's name and mailing address**<br>Luis Patricio Calle<br>139-01 Jamaica Ave<br>Jamaica, NY 11435<br><br>**Date(s) debt was incurred** __<br>**Last 4 digits of account number** __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | **Unknown** |
| 3.10 | **Nonpriority creditor's name and mailing address**<br>Restoration Sewer & Drain Specialist LLC<br>P.O. Box 949<br>Bronx, NY 10462<br><br>**Date(s) debt was incurred** __<br>**Last 4 digits of account number** __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | **$4,450.00** |
| 3.11 | **Nonpriority creditor's name and mailing address**<br>Sam The Glazier<br>245 Wilson Ave<br>Brooklyn, NY 11237<br><br>**Date(s) debt was incurred** __<br>**Last 4 digits of account number** __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | **$979.88** |
| 3.12 | **Nonpriority creditor's name and mailing address**<br>SBS Boiler Repair<br>199 Lee Ave #551<br>Brooklyn, NY 11211<br><br>**Date(s) debt was incurred** __<br>**Last 4 digits of account number** __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | **$489.94** |
| 3.13 | **Nonpriority creditor's name and mailing address**<br>Silver Spring Capital<br>244 5th Ave, Suite 2232<br>New York, NY 10001<br><br>**Date(s) debt was incurred** __<br>**Last 4 digits of account number** __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | **$6,750.00** |
| 3.14 | **Nonpriority creditor's name and mailing address**<br>Stonestreet Holdings LLC<br>82 57th Dr<br>Maspeth, NY 11378<br><br>**Date(s) debt was incurred** __<br>**Last 4 digits of account number** __ | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | **$1,000,000.00** |

| Debtor | D & W Real Estate Spring LLC | Case number (if known) | 19-23027 |
|---|---|---|---|
| | Name | | |

| 3.15 | **Nonpriority creditor's name and mailing address**<br>**Superior Appliance**<br>**509 Dahill Rd**<br>**Brooklyn, NY 11218**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | $151.34 |
|---|---|---|---|
| 3.16 | **Nonpriority creditor's name and mailing address**<br>**Superior Maintenance Supplies**<br>**162 Spencer Street**<br>**Brooklyn, NY 11205**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | $0.00 |
| 3.17 | **Nonpriority creditor's name and mailing address**<br>**Sweepy Maintenance**<br>**199 Lee Ave #992**<br>**Brooklyn, NY 11211**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | $225.00 |
| 3.18 | **Nonpriority creditor's name and mailing address**<br>**Tri State Sewer & Drain**<br>**183 Wilson Street #484**<br>**Brooklyn, NY 11211**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | $163.31 |
| 3.19 | **Nonpriority creditor's name and mailing address**<br>**Ushey Tauber**<br>**1032-57th Street**<br>**Brooklyn, NY 11219**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | $85.00 |
| 3.20 | **Nonpriority creditor's name and mailing address**<br>**Zilch Exterminator Inc**<br>**547 Bedford Ave**<br>**Brooklyn, NY 11211**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No  ☐ Yes | $359.28 |

**Part 3:   List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Galgano & Sharp LLP**<br>**399 Knollwood Rd Suite 318**<br>**White Plains, NY 10603** | Line  **3.14**<br><br>☐ Not listed. Explain ____ | __ |

Official Form 206 E/F           Schedule E/F: Creditors Who Have Unsecured Claims           Page 4 of 5

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com           Best Case Bankruptcy

Debtor    **D & W Real Estate Spring LLC**    Case number (if known)    **19-23027**
           Name

| | **Name and mailing address** | **On which line in Part1 or Part 2 is the related creditor (if any) listed?** | **Last 4 digits of account number, if any** |
|---|---|---|---|
| 4.2 | **Robert A Cardali & Assoc. LLP**<br>**485 Madison Ave fl 16**<br>**New York, NY 10022** | Line  **3.9**<br><br>☐  Not listed. Explain ____ | __ |

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | **Total of claim amounts** |
|---|---|---|
| **5a. Total claims from Part 1** | 5a.    $ | 55,213.65 |
| **5b. Total claims from Part 2** | 5b.  +  $ | 3,713,316.54 |
| **5c. Total of Parts 1 and 2**<br>    Lines 5a + 5b = 5c. | 5c.    $ | 3,768,530.19 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| 53 STANHOPE LLC,[1] | Case No. 19-23013 (RDD) |
| Debtor. | Jointly Administered |

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE DEBTORS LISTED ON PAGE 6 OF THIS NOTICE:

      The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Bar Date Order") establishing **August 9, 2019 at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against any of the Debtors listed on page 6 of this Notice (the "Debtors"). Solely as to governmental units the Bar Date Order established **November 18, 2019 at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each such governmental unit to file a proof of claim against the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

      The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims (i) against any of the Debtors, other than Debtor 167 Hart LLC, that arose prior to May 20, 2019; and (ii) against Debtor 167 Hart LLC that arose prior to May 21, 2019, the dates on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code (the "Filing Dates"), except for claims listed in section 4 below that are specifically excluded from the applicable Bar Date filing requirement.

**1. WHO MUST FILE A PROOF OF CLAIM**

      You **MUST** file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155) (collectively, the "Debtors").

the applicable Filing Dates and it is not one of the types of claims described in section 4 below. Claims based on acts or omissions of the Debtors that occurred before the applicable Filing Dates must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the applicable Filing Dates.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2. WHAT TO FILE

Each filed proof of claim must conform substantially to Official Form No. 410. Copies of the Proof of Claim Form may be obtained at www.uscourts.gov/forms/bankruptcy-forms. All proofs of claim must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. Each proof of claim must be written in English and be denominated in United States currency. You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. A list of the names of the Debtors and their respective case numbers appears at the end of this Notice.

## 3. WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before August 9, 2019 at 5:00 p.m. (prevailing Eastern Time),** or solely as to governmental units **on or before November 18, 2019 at 5:00 p.m. (prevailing Eastern Time)**.

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.

Those without accounts to the CM/ECF system may create and electronically file their proofs of claim through the "File A Proof of Claim" link on the Court's website, www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the Court at the address provided below:

> United States Bankruptcy Court
> Southern District of New York
> 300 Quarropas Street
> Room 248
> White Plains, NY 10601-4140

Proofs of claim will be deemed filed only when **received** by the Bankruptcy Court on or before 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date. Proofs of claim **may not** be delivered by facsimile, telecopy or electronic mail transmission.

### 4. CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED

You do **not** need to file a proof of claim on behalf of a claim on or prior to the applicable Bar Date if the claim falls into one of the following categories:

A. Any claim that has already been asserted in a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

B. Any claim that is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"); provided that (i) the claim is **not** scheduled as "disputed" "contingent" or "unliquidated"; (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant does not dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

C. Any claim previously allowed by an Order of the Court;

D. Any claim that has been paid in full by any of the Debtors;

E. Any claim for which a different deadline has previously been fixed by the Court;

F. Any claim by one Debtor against another Debtor; or

G. Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates.

If you are a holder of an equity interest in the Debtors, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or

3

sale of such interest, a proof of such claim must be filed on or prior to the applicable Bar Date pursuant to the procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

**5.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, you must file a proof of claim by the applicable Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Date Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

**6.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**7.     THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules. If you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, Room 248,

White Plains, New York 10601. Copies of the Schedules may also be obtained by written request to the Debtors' counsel, Mark Frankel, Esq., Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, Floor 11, New York, New York, 10022, (212) 593-1100, mfrankel@bfklaw.com.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: July 1, 2019                     **BY ORDER OF THE COURT**
New York, New York

## LIST OF DEBTORS

| Debtor | Case Number | Tax I.D. Number |
|---|---|---|
| 53 Stanhope LLC | 19-23013 | 46-1884645 |
| 55 Stanhope LLC | 19-23014 | 46-1834070 |
| 92 South 4th St LLC | 19-23023 | 46-2312570 |
| 106 Kingston LLC | 19-23029 | 46-2472673 |
| 119 Rogers LLC | 19-23015 | 26-1321877 |
| 127 Rogers LLC | 19-23016 | 26-1273901 |
| 167 Hart LLC | 19-23041 | 35-2481155 |
| 325 Franklin LLC | 19-23017 | 46-1965913 |
| 618 Lafayette LLC | 19-23018 | 46-1035851 |
| 834 Metropolitan Avenue LLC | 19-23024 | 46-0587514 |
| 1125-1133 Greene Ave LLC | 19-23025 | 46-3900095 |
| 1213 Jefferson LLC | 19-23031 | 46-0574704 |
| APC Holding 1 LLC | 19-23026 | 45-5150290 |
| C & YSW, LLC | 19-23019 | 26-2242474 |
| D & W Real Estate Spring LLC | 19-23027 | 11-3554591 |
| Eighteen Homes LLC | 19-23030 | 20-2548947 |
| Meserole and Lorimer LLC | 19-23028 | 27-1038197 |
| Natzliach LLC | 19-23021 | 06-1708821 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

*In re*

53 STANHOPE LLC,[1]

Debtor.

---

Chapter 11

Case No. 19-23013 (RDD)

Jointly Administered

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF
CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the Application (the "Application")[2] of Brooklyn Lender LLC ("Brooklyn Lender") for an order pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3) setting deadlines (the "Bar Dates") and establishing procedures for filing proofs of claim and approving the form and manner of notice thereof, all as set forth more fully in the Application; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED as provided for herein.

2. Except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code (i) against any of the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155) (collectively, the "Debtors").

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Debtors, other than Debtor 167 Hart LLC, that arose prior to May 20, 2019 and (ii) against Debtor 167 Hart LLC that arose prior to May 21, 2019 (each, such date, as applicable, the "Petition Date"), shall file a proof of such claim in writing or electronically on the Court's website at www.nysb.uscourts.gov so that it is actually received or before **August 9, 2019 at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date").

3. Notwithstanding any other provision hereof, governmental units (as such term is defined in section 101(27) of the Bankruptcy Code) that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against any Debtor that arose prior to the Petition Date shall file a proof of such claim in writing so that it is actually received on or before **November 18, 2019 at 5:00 p.m. (prevailing Eastern Time)** (the "Government Bar Date").

4. The following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601-4140.

(c) Proofs of claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date;

(d) Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be written in the English language; and (iv) be denominated in United States currency; and

(e) Proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one

       Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.

5.  Proofs of Claim need not be filed as to the following types of claims:

 (a) Any claim as to which the holder, prior to entry of this Order, has already filed a proof of claim against the Debtors in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410, so long as the claimant does not wish to assert such claim against a Debtor who was not named in the original claim, in which case another Proof of Claim must be filed;

 (b) Any claim that is listed on the Schedules filed by the Debtors; <u>provided that</u> (i) the claim is **not** scheduled as "disputed" "contingent" or "unliquidated"; (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

 (c) Any claim that heretofore has been allowed by Order of this Court;

 (d) Any claim that has been paid in full by any of the Debtors;

 (e) Any claim for which different specific deadlines have previously been fixed by this Court;

 (f) Any claim by a Debtor against another Debtor; and

 (g) Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates.

6.  Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the applicable Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

7. Holders of equity interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interests; <u>provided</u>, <u>however</u>, that if any such holder asserts a claim against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the applicable Bar Date pursuant to the procedures set forth in this Order.

8. If the Debtors amend or supplement the Schedules subsequent to the date hereof, then the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline.

9. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

10. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

11. The Bar Date Notice substantially in the form annexed hereto is approved and the Debtors are directed to serve such notice by first-class mail at least thirty-five (35) days prior to the General Bar Date on the following persons or entities, which service shall be deemed adequate and sufficient notice hereunder:

    (a) the United States Trustee;

    (b) counsel to each official committee (if any);

    (c) all persons or entities that have requested notice of the proceedings in the Chapter 11 Cases;

    (d) all persons or entities that have filed claims as of the date hereof;

(e) all known creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f) all parties to executory contracts and unexpired leases of the Debtors;

(g) all parties to litigation with the Debtors as of the date of entry of this Order;

(h) the Internal Revenue Service, the United States Attorney for the Southern District of New York and any other required governmental units; and

(i) such additional persons and entities as deemed appropriate by the Debtors.

12. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

13. The Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

14. Entry of this Order is without prejudice to the right of the Debtors or any other party in interest to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: June 28, 2019
      White Plains, New York

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE