# STROOCK

Via E-File

October 25, 2019

Jennifer S. Recine
Direct Dial: 212.806.1301
Fax: 212.806.6006
jrecine@stroock.com

The Honorable Robert D. Drain
United States Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601-4140

Re:    In re 53 Stanhope LLC, et al., Case No. 19-23013 (RDD) (Bankr. S.D.N.Y.)

To the Honorable Robert D. Drain:

Brooklyn Lender LLC ("Brooklyn Lender") respectfully submits this letter brief requesting an Order compelling Nachman Strulovitch ("N. Strulovitch") and Joshua Wagshal ("Wagshal") to comply with subpoenas issued by Brooklyn Lender on August 30, 2019 (the "Subpoenas") in accordance with the Court's July 15, 2019 order ("Rule 2004 Order") on Brooklyn Lender's application for discovery under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004 Application").

## I.    FACTUAL BACKGROUND

In schedules filed in this action, Debtors identified N. Strulovitch and Wagshal as "equity security holders" in certain debtors.  On June 6, 2019, Brooklyn Lender filed its Rule 2004 Application seeking an order authorizing the examination of, among others, N. Strulovitch and Wagshal.  (ECF No. 10.)  Brooklyn Lender served the Rule 2004 Application on N. Strulovitch and Wagshal at addresses that the Debtors provided in the schedules.

The Court issued a notice of a hearing scheduled for June 19, 2019 to consider the Rule 2004 Application, directed that any objecting parties must attend the hearing, and warned that failure to appear may result in default relief.  (ECF No. 17.)  Neither N. Strulovitch nor Wagshal appeared.

On July 15, 2019, the Court issued its Rule 2004 Order authorizing Brooklyn Lender to serve discovery on N. Strulovitch and Wagshal, among others.  (ECF No. 28.)  The Rule 2004 Order approved and authorized Brooklyn Lender's form of subpoena for examination and production of documents.  (Id. at ¶ 2, Ex. 2.)  The Rule 2004 Order further authorized Brooklyn Lender to serve the Subpoenas via U.S. mail.  (Id. at ¶ 2.)  The Rule 2004 Order provided that any disputes concerning Rule 2004 subpoenas shall be raised by letter brief.  (Id. at ¶ 7.)

The Honorable Robert D. Drain
October 25, 2019
Page 2 of 3

On July 16, 2019, Brooklyn Lender sent the Subpoenas to N. Strulovitch and Waghal via certified U.S. mail (at the addresses that the Debtors provided in the schedules. After those service attempts were returned undelivered, Brooklyn Lender re-served the Subpoenas, along with a copy of the Rule 2004 Order, upon N. Strulovitch and Wagshal on August 30, 2019 by regular U.S. mail at the addresses Debtors provided in the schedules. The Subpoenas commanded N. Strulovitch to appear for an examination and produce documents on October 3, 2019, at 10:00 a.m., and Wagshal to appear for an examination and produce documents on the same date at 2:00 p.m. (Exs. A and B.)[1]

N. Strulovitch and Wagshal have been unresponsive to the Subpoenas. They failed to appear for their examinations or produce documents. (Exs. D and E.) They did not object to the Subpoenas, seek an adjournment of their examinations, or seek an extension of time to produce documents. In fact, N. Strulovitch and Wagshal did not attempt to contact Brooklyn Lender at all. Brooklyn Lender was unable to find any contact information for N. Strulovitch and Wagshal other than what Debtors provided in the schedules, and thus were unable to confirm whether they would be attending. As a result, Brooklyn Lender had no choice but to incur costs to prepare for their examinations, including costs to retain a court reporter.

Brooklyn Lender remains unable to reach N. Strulovitch and Wagshal. Debtors' litigation counsel, Susan Mauro, has represented that she does not represent N. Strulovitch or Wagshal and that she does not know who represents them. (Ex. F.) Brooklyn Lender has also asked the Debtors' bankruptcy and litigation counsel whether they or their clients have telephone numbers or email addresses at which N. Strulovitch and Wagshal can be reached. (Ex. G.) Debtors' counsel responded they "do not have any information at this time." (*Id.*)

## II.    **ARGUMENT**

This Court has authority "to hold a nonparty in civil contempt and . . . impos[e] sanctions for failure to comply with a subpoena [where] that nonparty 'having been served, fails without adequate excuse to obey the subpoena.'" *Freund v. Weinstein*, No. 08-CV-1469 (FB)(MDG), 2010 WL 11627327, at *1 (E.D.N.Y. Oct. 1, 2010) (quoting Fed. R. Civ. P. 45); Fed. R. Civ. P. 45(g). Before holding a nonparty in contempt or imposing sanctions, "there must be a court order compelling discovery." *Freund*, 2010 WL 11627327, at *1; *Bender v. Del Valle*, No. 05 Civ.6459 (GEL) (RLE), 2007 WL 1686322, at *2 (S.D.N.Y. June 6, 2007) ("violation of a court order is generally required in addition to the failure to comply with the subpoena"); *Continental Ins. Co. v. Atlantic Cas. Ins. Co.*, No. 07 Civ. 3635(DC), 2008 WL 3852046, at *2 (S.D.N.Y. Aug. 13, 2008) (nonparty failed to attend a deposition and violated order compelling compliance). Brooklyn

---

[1] Although not required, Brooklyn Lender also effected personal service on Wagshal. (Ex. C.) On September 3, 2019, Brooklyn Lender's process server delivered a copy of the subpoena to Wagshal's daughter, a person of suitable age or discretion, who informed the process server that she was authorized to accept service on Wagshal's behalf. (*Id.*)

The Honorable Robert D. Drain
October 25, 2019
Page 3 of 3

Lender accordingly seeks an order compelling N. Strulovitch and Wagshal to comply with the Subpoenas.

A motion to compel compliance with a subpoena should be granted where the nonparty has been properly served with the subpoena and the subpoena seeks testimony and documents that are relevant and material. *See, e.g., Jalayer v. Stigliano*, No. CV 10-2285 (LDH) (AKT), 2016 WL 5477600, at *3-4 (E.D.N.Y. Sept. 29, 2016) (granting motion to compel where nonparty was properly served with discovery and subpoena sought discovery that was relevant and material); *Gesualdi v. BKS-NY, LLC*, No. CV 18-1708 (SJF) (AKT), 2019 WL 4571113 (E.D.N.Y. Sept. 20, 2019). Here, Brooklyn Lender properly served N. Strulovitch and Wagshal via U.S. mail pursuant to the Rule 2004 Order. This Court has already determined that the testimony and documents requested in the Subpoenas are relevant and material to (a) the current ownership and management of the Debtors and (b) facts underpinning Brooklyn Lender's claims against the Debtors. (ECF No. 28.) The Court should, therefore, grant Brooklyn Lender's motion to compel.

## III.  CONCLUSION

For the foregoing reasons, Brooklyn Lender respectfully requests that the Court enter an order compelling N. Strulovitch and Wagshal to comply with the Subpoenas.

Respectfully Submitted,

/s/ Jennifer S. Recine

cc:    Nachman Strulovitch
       Joshua Wagshal
       Mark Frankel, Esq.
       Susan Mauro, Esq.

Attachments

# EXHIBIT A

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re 53 Stanhope LLC, et al.

  Debtor

Case No. 19-23013 (RDD)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Nachman Strulovitch, 123 Middleton Street, Brooklyn, New York 11206

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038 | October 3, 2019 at 10:00 a.m. |

The examination will be recorded by this method: **Audio-Visual and Stenographic**

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule 1 attached hereto

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 30, 2019

  CLERK OF COURT

OR

_____         /s/ Daniel A. Fliman
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Brooklyn Lender LLC              , who issues or requests this subpoena, are:

Daniel Fliman, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, dfliman@stroock.com, 212-806-5400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                            *Server's signature*

                                                    _____
                                                            *Printed name and title*

                                                    _____
                                                            *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

### (c) Place of compliance.

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE 1

## DEFINITIONS

1.      "Bankruptcy Case" means the chapter 11 proceeding jointly administered in *In re 53 Stanhope LLC, et al.*, Case No. 19-23013 (RDD), commenced on May 20 and 21, 2019 and pending in the United States Bankruptcy Court for the Southern District of New York.

2.      The term "communication" means any transmittal and/or receipt of information (in the form of facts, ideas, inquiries or otherwise), whether oral or written and whether chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, e-mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, press conferences, magazines and newspaper articles, testimony before a governmental body, and video and audio transmissions. For the avoidance of doubt, the term "communication" shall include any and all electronic messages and/or conversations using text messaging and mobile device chat services, including, without limitation, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, and SnapChat.

3.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

4.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, *i.e.*, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."   A draft or non-identical copy is a separate

document within the meaning of this term.  For the avoidance of doubt, the term "document" shall include any and all forms of recorded communications, including, without limitation, records of electronic messages and/or conversations using text messaging and mobile device chat services.

5.   "Debtor-Entities" means 53 Stanhope LLC, 55 Stanhope LLC, 92 South 4th St LLC, 106 Kingston LLC, 119 Rogers LLC, 127 Rogers LLC, 167 Hart LLC, 325 Franklin LLC, 618 Lafayette LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, 1213 Jefferson LLC, APC Holding 1 LLC, C & YSW, LLC, D & W Real Estate Spring LLC, Eighteen Homes LLC, Meserole and Lorimer LLC, and Natzliach LLC, which are debtors in the above-captioned Chapter 11 cases.

6.   "Properties" refer to the following properties:

    a)  53 Stanhope Street, Brooklyn, New York 11221

    b)  55 Stanhope Street, Brooklyn, New York 11221

    c)  92 South 4th Street, Brooklyn, New York 11249

    d)  106 Kingston Avenue, Brooklyn, New York 11213

    e)  119 Rogers Avenue, Brooklyn, New York 11216

    f)  127 Rogers Avenue, Brooklyn, New York 11216

    g)  167 Hart Street, Brooklyn, New York 11206

    h)  325 Franklin Avenue, Brooklyn, New York 11238

    i)  618 Lafayette Avenue, Brooklyn, New York 11216

    j)  834 Metropolitan Avenue, Brooklyn, New York 11211

    k)  1125 Greene Avenue, Brooklyn, New York 11221

    l)  1127 Greene Avenue, Brooklyn, New York 11221

m) 1129 Greene Avenue, Brooklyn, New York 11221

n) 1131 Greene Avenue, Brooklyn, New York 11221

o) 1133 Greene Avenue, Brooklyn, New York 11221

p) 1213 Jefferson Avenue, Brooklyn, New York 11221

q) 568 Willoughby Avenue, Brooklyn, New York 11206

r) 107 South 3rd Street, Brooklyn, New York 11249

s) 109 South 3rd Street, Brooklyn, New York 11249

t) 129 South 2nd Street, Brooklyn, New York 11249

u) 263 18th Street, Brooklyn, New York 11215

v) 129 South 2nd Street, Brooklyn, New York 11249

w) 318 Bedford Avenue, Brooklyn, New York 11249

x) 740 Driggs Avenue, Brooklyn, New York 11211

y) 144 Huntington Street, Brooklyn, New York 11231

z) 68 Carroll Street, Brooklyn, New York 11231

aa) 342 Rodney Street, Brooklyn, New York 11211

bb) 178 Meserole Street, Brooklyn, New York 11206

cc) 180 Meserole Street, Brooklyn, New York 11206

dd) 182 Meserole Street, Brooklyn, New York 11206

ee) 440 Lorimer Street, Brooklyn, New York 11206

7.      "Notes" refer to the mortgage notes on each of the Properties, executed by each of

the Debtor-Entities in favor of Signature Bank.

8.      "Mortgages" refers to the mortgages made between Signature Bank and each of

the Debtor-Entities on the Properties, and which were assigned to Brooklyn Lender.

9.    The term "person" means any natural person or any business, legal or governmental entity, agency, service, or association.

10.    The terms "reflecting," "relating to," and/or "relate to," mean describing, discussing, analyzing, comprising, constituting, containing, considering, embodying, evaluating, evidencing, mentioning, memorializing, supporting, collaborating, demonstrating, identifying, referencing, discussing, indicating, providing, referring to, showing, refuting, disputing, rebutting, controverting, contradicting, made in connection with or by reason of or arising therefrom, or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

11.    "Request" or "requests" refers generally to the document requests set forth herein.

12.    The terms "you" and "your" mean the person or entity to which these requests are directed as well as their agents, employees, directors, officers, representatives, attorneys, advisors, or any other person acting, speaking, or purporting to act or speak on their behalf.

## INSTRUCTIONS

1.    Unless otherwise indicated, the communications and documents hereby requested for production and inspection include all documents in your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a communication or document is in your possession, custody, or control if you have actual possession or custody or the right to obtain the document or a copy thereof upon demand from one or more of your employees, representatives, agents, independent contractors, consultants, attorneys, advisors, accountants, auditors, or any other person or public or private entity that has actual physical possession thereof.  This includes, but is not limited to, documents physically held by your agents, representatives, employees, attorneys, financial advisors, or other advisors.  It also includes any communications and documents contained in any computer,

4

mobile device, server, mainframe, or other storage device (including (i) documents on or in computer memory; (ii) documents on or in computer or network backup files; and (iii) documents which have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within your possession, custody, or control.  For the avoidance of doubt, this also includes any communications and documents contained on any personal computer, mobile device, server, mainframe, or other storage device within the possession of your agents, representatives, employees, attorneys, financial advisors, or other advisors, regardless of whether the device is issued or owned by you.

2.      As the term "possession" relates to e-mail, text messages, mobile device chats, and any other electronically stored information, the term includes, but is not limited to, documents and communications contained in your electronic e-mail, cloud-based, and mobile device directories, including, but not limited to:  (a) "deleted" documents and communications that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" documents and communications, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" documents and communications, including all subdirectories irrespective of the title of such subdirectories.

3.      As the requests relate to e-mail, text messages, mobile device chats, and any other electronically stored information, you are to review the text of each individual document and communication (*i.e.*, not simply review the subject heading or utilize an electronic search device).

4.      The documents produced pursuant to this request are to be segregated and identified by the number of the request below to which they are responsive, or are to be produced as they are maintained in the ordinary course of business.

5.    All documents that are produced in electronic format should be provided with: (i) Group IV "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each electronic document.  Brooklyn Lender also requests that all spreadsheets created in Microsoft Excel or similar spreadsheet programs be produced in their native format.  Brooklyn Lender reserves its right to request that other documents be produced in their native format.  The following metadata fields are also to be produced with all documents produced in electronic format:

| Field Name | Description |
|---|---|
| **BEGDOC** | Auto-generated number assigned to first page of document |
| **ENDDOC** | Auto-generated number assigned to last page of document |
| **BEGATTACH** | Auto-generated number assigned to first page of the parent document in a family |
| **ENDATTACH** | Auto-generated number assigned to last page of an attachment in a document family |
| **PARENT_ID** | The beginning DOCID for a parent document |
| **ATTACH_IDS** | The beginning DOCID for all attachments |
| **ATTCOUNT** | The number of attachments to an email |
| **DOC_TYPE** | The type of file from the header (e.g., Microsoft Outlook, Excel, Word, etc.) |
| **PARENT_CHILD** | Vendor populated field where "P" denotes a parent document and "A" denotes an attachment |
| **PAGECOUNT** | The number of pages of each individual document |
| **FROM** | Name of the sender of an email from the "From" field in Outlook |
| **TO** | Recipients of an email from the "To" field in Outlook |
| **CC** | Name of persons to whom a copy of an email was sent |

6

| | |
|---|---|
| **BCC** | The name of any person blind copied on an email |
| **SUBJECT** | The text in the "Subject" line or "Re" line of an email or application file |
| **CUSTODIAN** | The name of the person from which a collection of email or application files originate |
| **AUTHOR** | The name of the author or the creator of an application file from the "Author" field |
| **DATE_SENT** | The date on which an email was sent |
| **DATE_RCVD** | The date on which an email was received |
| **DATE_LASTMOD** | The date on which an email or application file was last modified |
| **DATE_CREATED** | The date an email or application file was created |
| **TIME_CREATED** | The time at which an email or application file was created |
| **TIME_SENT** | The time at which an email was sent |
| **TIME_RCVD** | The time at which an email was received |
| **TITLE** | The text in the "Title" field of an application file |
| **LAST_AUTHOR** | The name in the "last author" field for an application file |
| **LAST_SAVED** | The date in the "last saved" field for an application file |
| **LAST_PRINTED** | The date in the "last printed" field for an application file |
| **APPLICATION** | The name of the application that generated the native file |
| **FILEEXT** | The file name extension for each email, attachment or application file |
| **FILENAME** | The name of the application file, including extension |
| **FILESIZE** | The size of a document in bytes |
| **SOURCEFOLDER** | The full path information for email, attachments and application files beginning with the original source folder name |
| **HASHVALUE** | Output of algorithm-generated value for each individual file |
| **SEARCH_HIT** | The search term or terms that "hit" on a document |

| NATIVE_FILE | Hyperlink to the native file |
|-------------|------------------------------|

6.      Selection of documents from files and other sources, and the numbering of such documents, shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

7.      File folders with tabs, labels, or directories of files identifying documents must be produced intact with such tabs, labels, or directories and the documents contained therein.

8.      Documents attached to each other shall not be separated.

9.      A document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10.      Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other documents at any time affixed thereto.  If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.      In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

12.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

13.    The terms "all," "any," and "each" shall be construed as encompassing any and all.

14.    For the avoidance of doubt, the word "including" shall be deemed to be followed by the words "without limitation."  A list following any of these terms shall be interpreted to contain illustrative examples of the types of documents responsive to the request, but the list is without limitation and does not constitute an exclusive, all-encompassing, or exhaustive listing of every type of document responsive to the request and shall not be deemed in any way to qualify, limit, or restrict the scope of the request.

15.    Any ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope.

16.    If you withhold any document requested herein on the basis of any assertion of privilege or other immunity from discovery, that document is to be identified by stating:  (i) any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, subject matter, and attachment or appendages; and (iv) the nature of the privilege or immunity asserted.

17.    If you object to a request, you must clearly indicate whether any responsive materials are being withheld on the basis of that objection.  If you object to only a portion of a request, you must clearly indicate to which part of the request the objection is directed, whether any responsive materials are being withheld on the basis of that objection, and provide all documents to which objection is not made as if such part or portion of the request were propounded as a separate request.

18.    If your response to a particular request is that you lack the ability to comply with that request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or

has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information, item, or category of information must be identified.

19.    If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

20.    Terms not specifically defined herein shall be given their ordinary meanings as you understand them to be used in the trade or pursuant to ordinary usage.

21.    When a request calls for documents for a certain period of time, that request shall encompass all documents and information relating, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to that period.

22.    The relevant time period for each request is from the date of the origination of each Mortgage through the date of production ("Relevant Time Period"), unless otherwise specifically indicated.    Each request shall be interpreted to include all documents and electronically-stored information ("ESI") that relate to the Relevant Time Period or otherwise-specified period, even if such documents or ESI was prepared or published outside of the Relevant Time Period or otherwise specified-period.    If a document or ESI prepared before or after this period is necessary for a correct or complete understanding of any document or ESI covered by a request, you must produce the earlier or subsequent document as well.    If any document or ESI is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

Documents sufficient to identify the names and addresses of all current equity holders, owners,
shareholders, members or investors in each Debtor-Entity.

### REQUEST NO. 2:

Documents sufficient to identify the names and addresses of all equity holders, owners,
shareholders, members or investors in each Debtor-Entity, at all times during the Relevant Time
Period.

### REQUEST NO. 3:

Documents sufficient to identify the names and addresses of persons currently responsible for
managing or otherwise making decisions on behalf of or regarding any Debtor-Entity.

### REQUEST NO. 4:

All documents, resolutions, operating agreements, manager's certificates, shareholders
agreements, partnership agreements or articles of organization pertaining to each Debtor-Entity.

### REQUEST NO. 5:

All organizational documents of each Debtor-Entity, including, without limitation, certificates of
formation, bylaws, operating agreements and any shareholders or members agreements.

### REQUEST NO. 6:

All communications, documents, agreements and/or memoranda concerning the current
management and governance of each Debtor-Entity, including without limitation, any
organizational charts, resolutions, minute books, operating agreements, amendments of operating
agreements, sales or assignments of shares in each Debtor-Entity or any similar governing
documents.

**REQUEST NO. 7:**

Documents reflecting all payments received by, or on behalf of, any Debtor-Entity from Chaskiel Strulovitch ("Strulovitch") and/or from any equity holder, owner, shareholder, member or investor of any Debtor-Entity, including, without limitation, any equity holder located either in Israel and/or Canada, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 8:**

All communications, documents, agreements and/or memoranda that identify how any Debtor-Entity utilized funds it obtained from any equity holder, owner, shareholder, member or investor, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 9:**

All communications, documents, agreements and/or memoranda which identify any person or entity who conveyed any money or capital to Strulovitch, and which was used to fund any Debtor-Entity or acquire any Property, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 10:**

Documents sufficient to show funds raised at any time for the Debtor-Entities and/or Properties, along with the purpose of such funds and how the Debtor-Entities used such funds, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 11:**

Itemization of all specifically denominated dividends, distributions, or any other payments made by, or on behalf of, any Debtor-Entity and received by Strulovitch and/or any equity holder,

19-23013-rdd   Doc 49   Filed 10/25/19   Entered 10/25/19 16:32:34   Main Document
Pg 20 of 81

owner, shareholder, member or investor of any Debtor-Entity, specifically on account of ownership or equity interests and/or management services, along with the date, amount and nature of such payments.

**REQUEST NO. 12:**

All communications, documents, agreements and/or memoranda concerning each Debtor-Entity's present agency, employment, or management relationship with Mendel Brach.

**REQUEST NO. 13:**

All communications, documents, agreements and/or memoranda (a) specifically creating or transferring any ownership/equity interests or management rights in any Debtor-Entity to CSRE LLC, CS Construction LLC and/or Goodliving Management LLC at all times; and/or (b) reflecting specifically denominated dividends, distributions, or other payments made by any Debtor-Entity to the entities named in this request specifically on account of ownership or equity interests and/or management services at all times.

**REQUEST NO. 14:**

All communications, documents, agreements and/or memoranda (a) specifically creating or transferring any ownership or equity interests or management rights in any Debtor-Entity to Nachman Strulovitch, Joshua Wagshal, Meir Bamberger, Jacob Schonberg, Bertha Schonberg, Nathan Gross, Michael Muller, Zwiebel Chaja Chava, Binyomin Halpern, Benjamin Schonberg, Frieda Karmel, Morris Karmel, David Schonfeld, Pnina Schonfeld and/or any other investor; and/or (b) reflecting specifically denominated dividends, distributions, or other payments made by any Debtor-Entity to the individuals named in this request and/or any other investor specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 15:**

All communications, documents, agreements and/or memoranda concerning or reflecting any

statements made by any Debtor-Entity and/or by Strulovitch concerning the identity of the equity

holders, owners, shareholders, members or investors of the Debtor-Entities, to the extent such

documents (a) specifically create or transfer any ownership or equity interests or management

rights in any Debtor-Entity and/or (b) reflect specifically denominated dividends, distributions,

or other payments made by any Debtor-Entity specifically on account of ownership or equity

interests and/or management services.

**REQUEST NO. 16:**

All documents concerning any specifically denominated dividends, distributions, or any other

payments paid by any Debtor-Entity to Strulovitch and/or any equity holder, owner, shareholder,

member or investor of any Debtor-Entity, specifically on account of ownership or equity

interests and/or management services.

**REQUEST NO. 17:**

All communications, documents, agreements and/or memoranda concerning each

Debtor-Entity's relationship with David Goldwasser ("Goldwasser") or GC Realty Advisors

("GC Realty") at all times, including without limitation concerning any arrangements or

agreements regarding Goldwasser and/or GC Realty's appointment as authorized representative

or Vice President of each Debtor-Entity and/or the structure of each Debtor-Entity's relationship

with Goldwasser and/or GC Realty.

**REQUEST NO. 18:**

Documents sufficient to itemize payments of any kind whatsoever, made by any Debtor-Entity and received by Goldwasser and/or GC Realty, along with a description of the nature of such payments.

**REQUEST NO. 19:**

Documents specifically transferring real property and/or personal property of any kind by any Debtor-Entity during the Relevant Time Period.

**REQUEST NO. 20:**

Documents sufficient to identify the names and addresses of management companies or other service providers for each of the Properties, and copies of agreements with such management companies or similar service providers.

**REQUEST NO. 21:**

Documents sufficient to show payments of any kind whatsoever, made by any Debtor-Entity to management companies or other service providers, along with a description of the nature of such payments.

# EXHIBIT B

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re 53 Stanhope LLC, et al.
_____
Debtor

Case No. 19-23013 (RDD)
_____

Chapter 11
_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Joshua Wagshal, 94 Herrick Ave, Spring Valley, NY 10977
_____
*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038 | DATE AND TIME<br>October 3, 2019 at 2:00 p.m. |
|---|---|

The examination will be recorded by this method: **Audio-Visual and Stenographic**
_____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Schedule 1 attached hereto.**

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 30, 2019
_____

CLERK OF COURT

OR

_____      /s/ Daniel A. Fliman
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Brooklyn Lender LLC
_____ , who issues or requests this subpoena, are:

Daniel Fliman, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, dfliman@stroock.com, 212-806-5400

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE 1

## DEFINITIONS

1.      "Bankruptcy Case" means the chapter 11 proceeding jointly administered in *In re 53 Stanhope LLC, et al.*, Case No. 19-23013 (RDD), commenced on May 20 and 21, 2019 and pending in the United States Bankruptcy Court for the Southern District of New York.

2.      The term "communication" means any transmittal and/or receipt of information (in the form of facts, ideas, inquiries or otherwise), whether oral or written and whether chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, e-mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, press conferences, magazines and newspaper articles, testimony before a governmental body, and video and audio transmissions. For the avoidance of doubt, the term "communication" shall include any and all electronic messages and/or conversations using text messaging and mobile device chat services, including, without limitation, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, and SnapChat.

3.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

4.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, *i.e.*, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." A draft or non-identical copy is a separate

document within the meaning of this term. For the avoidance of doubt, the term "document" shall include any and all forms of recorded communications, including, without limitation, records of electronic messages and/or conversations using text messaging and mobile device chat services.

5.     "Debtor-Entities" means 53 Stanhope LLC, 55 Stanhope LLC, 92 South 4th St LLC, 106 Kingston LLC, 119 Rogers LLC, 127 Rogers LLC, 167 Hart LLC, 325 Franklin LLC, 618 Lafayette LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, 1213 Jefferson LLC, APC Holding 1 LLC, C & YSW, LLC, D & W Real Estate Spring LLC, Eighteen Homes LLC, Meserole and Lorimer LLC, and Natzliach LLC, which are debtors in the above-captioned Chapter 11 cases.

6.     "Properties" refer to the following properties:

    a)  53 Stanhope Street, Brooklyn, New York 11221

    b)  55 Stanhope Street, Brooklyn, New York 11221

    c)  92 South 4th Street, Brooklyn, New York 11249

    d)  106 Kingston Avenue, Brooklyn, New York 11213

    e)  119 Rogers Avenue, Brooklyn, New York 11216

    f)  127 Rogers Avenue, Brooklyn, New York 11216

    g)  167 Hart Street, Brooklyn, New York 11206

    h)  325 Franklin Avenue, Brooklyn, New York 11238

    i)  618 Lafayette Avenue, Brooklyn, New York 11216

    j)  834 Metropolitan Avenue, Brooklyn, New York 11211

    k)  1125 Greene Avenue, Brooklyn, New York 11221

    l)  1127 Greene Avenue, Brooklyn, New York 11221

2

m)  1129 Greene Avenue, Brooklyn, New York 11221

n)  1131 Greene Avenue, Brooklyn, New York 11221

o)  1133 Greene Avenue, Brooklyn, New York 11221

p)  1213 Jefferson Avenue, Brooklyn, New York 11221

q)  568 Willoughby Avenue, Brooklyn, New York 11206

r)  107 South 3rd Street, Brooklyn, New York 11249

s)  109 South 3rd Street, Brooklyn, New York 11249

t)  129 South 2nd Street, Brooklyn, New York 11249

u)  263 18th Street, Brooklyn, New York 11215

v)  129 South 2nd Street, Brooklyn, New York 11249

w)  318 Bedford Avenue, Brooklyn, New York 11249

x)  740 Driggs Avenue, Brooklyn, New York 11211

y)  144 Huntington Street, Brooklyn, New York 11231

z)  68 Carroll Street, Brooklyn, New York 11231

aa) 342 Rodney Street, Brooklyn, New York 11211

bb) 178 Meserole Street, Brooklyn, New York 11206

cc) 180 Meserole Street, Brooklyn, New York 11206

dd) 182 Meserole Street, Brooklyn, New York 11206

ee) 440 Lorimer Street, Brooklyn, New York 11206

7.  "Notes" refer to the mortgage notes on each of the Properties, executed by each of the Debtor-Entities in favor of Signature Bank.

8.  "Mortgages" refers to the mortgages made between Signature Bank and each of the Debtor-Entities on the Properties, and which were assigned to Brooklyn Lender.

9.    The term "person" means any natural person or any business, legal or governmental entity, agency, service, or association.

10.    The terms "reflecting," "relating to," and/or "relate to," mean describing, discussing, analyzing, comprising, constituting, containing, considering, embodying, evaluating, evidencing, mentioning, memorializing, supporting, collaborating, demonstrating, identifying, referencing, discussing, indicating, providing, referring to, showing, refuting, disputing, rebutting, controverting, contradicting, made in connection with or by reason of or arising therefrom, or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

11.    "Request" or "requests" refers generally to the document requests set forth herein.

12.    The terms "you" and "your" mean the person or entity to which these requests are directed as well as their agents, employees, directors, officers, representatives, attorneys, advisors, or any other person acting, speaking, or purporting to act or speak on their behalf.

## INSTRUCTIONS

1.    Unless otherwise indicated, the communications and documents hereby requested for production and inspection include all documents in your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a communication or document is in your possession, custody, or control if you have actual possession or custody or the right to obtain the document or a copy thereof upon demand from one or more of your employees, representatives, agents, independent contractors, consultants, attorneys, advisors, accountants, auditors, or any other person or public or private entity that has actual physical possession thereof.  This includes, but is not limited to, documents physically held by your agents, representatives, employees, attorneys, financial advisors, or other advisors.  It also includes any communications and documents contained in any computer,

4

mobile device, server, mainframe, or other storage device (including (i) documents on or in computer memory; (ii) documents on or in computer or network backup files; and (iii) documents which have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within your possession, custody, or control. For the avoidance of doubt, this also includes any communications and documents contained on any personal computer, mobile device, server, mainframe, or other storage device within the possession of your agents, representatives, employees, attorneys, financial advisors, or other advisors, regardless of whether the device is issued or owned by you.

2.     As the term "possession" relates to e-mail, text messages, mobile device chats, and any other electronically stored information, the term includes, but is not limited to, documents and communications contained in your electronic e-mail, cloud-based, and mobile device directories, including, but not limited to:  (a) "deleted" documents and communications that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" documents and communications, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" documents and communications, including all subdirectories irrespective of the title of such subdirectories.

3.     As the requests relate to e-mail, text messages, mobile device chats, and any other electronically stored information, you are to review the text of each individual document and communication (*i.e.*, not simply review the subject heading or utilize an electronic search device).

4.     The documents produced pursuant to this request are to be segregated and identified by the number of the request below to which they are responsive, or are to be produced as they are maintained in the ordinary course of business.

5.      All documents that are produced in electronic format should be provided with: (i) Group IV "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each electronic document. Brooklyn Lender also requests that all spreadsheets created in Microsoft Excel or similar spreadsheet programs be produced in their native format. Brooklyn Lender reserves its right to request that other documents be produced in their native format. The following metadata fields are also to be produced with all documents produced in electronic format:

| Field Name | Description |
| --- | --- |
| BEGDOC | Auto-generated number assigned to first page of document |
| ENDDOC | Auto-generated number assigned to last page of document |
| BEGATTACH | Auto-generated number assigned to first page of the parent document in a family |
| ENDATTACH | Auto-generated number assigned to last page of an attachment in a document family |
| PARENT_ID | The beginning DOCID for a parent document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (e.g., Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | Vendor populated field where "P" denotes a parent document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual document |
| FROM | Name of the sender of an email from the "From" field in Outlook |
| TO | Recipients of an email from the "To" field in Outlook |
| CC | Name of persons to whom a copy of an email was sent |

| | |
|---|---|
| BCC | The name of any person blind copied on an email |
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name of the person from which a collection of email or application files originate |
| AUTHOR | The name of the author or the creator of an application file from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_CREATED | The time at which an email or application file was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "last author" field for an application file |
| LAST_SAVED | The date in the "last saved" field for an application file |
| LAST_PRINTED | The date in the "last printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The file name extension for each email, attachment or application file |
| FILENAME | The name of the application file, including extension |
| FILESIZE | The size of a document in bytes |
| SOURCEFOLDER | The full path information for email, attachments and application files beginning with the original source folder name |
| HASHVALUE | Output of algorithm-generated value for each individual file |
| SEARCH_HIT | The search term or terms that "hit" on a document |

| NATIVE_FILE | Hyperlink to the native file |

6.     Selection of documents from files and other sources, and the numbering of such documents, shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

7.     File folders with tabs, labels, or directories of files identifying documents must be produced intact with such tabs, labels, or directories and the documents contained therein.

8.     Documents attached to each other shall not be separated.

9.     A document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10.    Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other documents at any time affixed thereto.  If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.    In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

12.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

13.     The terms "all," "any," and "each" shall be construed as encompassing any and all.

14.     For the avoidance of doubt, the word "including" shall be deemed to be followed by the words "without limitation." A list following any of these terms shall be interpreted to contain illustrative examples of the types of documents responsive to the request, but the list is without limitation and does not constitute an exclusive, all-encompassing, or exhaustive listing of every type of document responsive to the request and shall not be deemed in any way to qualify, limit, or restrict the scope of the request.

15.     Any ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope.

16.     If you withhold any document requested herein on the basis of any assertion of privilege or other immunity from discovery, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, subject matter, and attachment or appendages; and (iv) the nature of the privilege or immunity asserted.

17.     If you object to a request, you must clearly indicate whether any responsive materials are being withheld on the basis of that objection. If you object to only a portion of a request, you must clearly indicate to which part of the request the objection is directed, whether any responsive materials are being withheld on the basis of that objection, and provide all documents to which objection is not made as if such part or portion of the request were propounded as a separate request.

18.     If your response to a particular request is that you lack the ability to comply with that request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or

has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information, item, or category of information must be identified.

19.     If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

20.     Terms not specifically defined herein shall be given their ordinary meanings as you understand them to be used in the trade or pursuant to ordinary usage.

21.     When a request calls for documents for a certain period of time, that request shall encompass all documents and information relating, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to that period.

22.     The relevant time period for each request is from the date of the origination of each Mortgage through the date of production ("Relevant Time Period"), unless otherwise specifically indicated.   Each request shall be interpreted to include all documents and electronically-stored information ("ESI") that relate to the Relevant Time Period or otherwise-specified period, even if such documents or ESI was prepared or published outside of the Relevant Time Period or otherwise specified-period.  If a document or ESI prepared before or after this period is necessary for a correct or complete understanding of any document or ESI covered by a request, you must produce the earlier or subsequent document as well.  If any document or ESI is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

Documents sufficient to identify the names and addresses of all current equity holders, owners, shareholders, members or investors in each Debtor-Entity.

### REQUEST NO. 2:

Documents sufficient to identify the names and addresses of all equity holders, owners, shareholders, members or investors in each Debtor-Entity, at all times during the Relevant Time Period.

### REQUEST NO. 3:

Documents sufficient to identify the names and addresses of persons currently responsible for managing or otherwise making decisions on behalf of or regarding any Debtor-Entity.

### REQUEST NO. 4:

All documents, resolutions, operating agreements, manager's certificates, shareholders agreements, partnership agreements or articles of organization pertaining to each Debtor-Entity.

### REQUEST NO. 5:

All organizational documents of each Debtor-Entity, including, without limitation, certificates of formation, bylaws, operating agreements and any shareholders or members agreements.

### REQUEST NO. 6:

All communications, documents, agreements and/or memoranda concerning the current management and governance of each Debtor-Entity, including without limitation, any organizational charts, resolutions, minute books, operating agreements, amendments of operating agreements, sales or assignments of shares in each Debtor-Entity or any similar governing documents.

**REQUEST NO. 7:**

Documents reflecting all payments received by, or on behalf of, any Debtor-Entity from Chaskiel Strulovitch ("Strulovitch") and/or from any equity holder, owner, shareholder, member or investor of any Debtor-Entity, including, without limitation, any equity holder located either in Israel and/or Canada, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 8:**

All communications, documents, agreements and/or memoranda that identify how any Debtor-Entity utilized funds it obtained from any equity holder, owner, shareholder, member or investor, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 9:**

All communications, documents, agreements and/or memoranda which identify any person or entity who conveyed any money or capital to Strulovitch, and which was used to fund any Debtor-Entity or acquire any Property, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 10:**

Documents sufficient to show funds raised at any time for the Debtor-Entities and/or Properties, along with the purpose of such funds and how the Debtor-Entities used such funds, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 11:**

Itemization of all specifically denominated dividends, distributions, or any other payments made by, or on behalf of, any Debtor-Entity and received by Strulovitch and/or any equity holder,

owner, shareholder, member or investor of any Debtor-Entity, specifically on account of ownership or equity interests and/or management services, along with the date, amount and nature of such payments.

**REQUEST NO. 12:**

All communications, documents, agreements and/or memoranda concerning each Debtor-Entity's present agency, employment, or management relationship with Mendel Brach.

**REQUEST NO. 13:**

All communications, documents, agreements and/or memoranda (a) specifically creating or transferring any ownership/equity interests or management rights in any Debtor-Entity to CSRE LLC, CS Construction LLC and/or Goodliving Management LLC at all times; and/or (b) reflecting specifically denominated dividends, distributions, or other payments made by any Debtor-Entity to the entities named in this request specifically on account of ownership or equity interests and/or management services at all times.

**REQUEST NO. 14:**

All communications, documents, agreements and/or memoranda (a) specifically creating or transferring any ownership or equity interests or management rights in any Debtor-Entity to Nachman Strulovitch, Joshua Wagshal, Meir Bamberger, Jacob Schonberg, Bertha Schonberg, Nathan Gross, Michael Muller, Zwiebel Chaja Chava, Binyomin Halpern, Benjamin Schonberg, Frieda Karmel, Morris Karmel, David Schonfeld, Pnina Schonfeld and/or any other investor; and/or (b) reflecting specifically denominated dividends, distributions, or other payments made by any Debtor-Entity to the individuals named in this request and/or any other investor specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 15:**

All communications, documents, agreements and/or memoranda concerning or reflecting any

13

statements made by any Debtor-Entity and/or by Strulovitch concerning the identity of the equity holders, owners, shareholders, members or investors of the Debtor-Entities, to the extent such documents (a) specifically create or transfer any ownership or equity interests or management rights in any Debtor-Entity and/or (b) reflect specifically denominated dividends, distributions, or other payments made by any Debtor-Entity specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 16:**

All documents concerning any specifically denominated dividends, distributions, or any other payments paid by any Debtor-Entity to Strulovitch and/or any equity holder, owner, shareholder, member or investor of any Debtor-Entity, specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 17:**

All communications, documents, agreements and/or memoranda concerning each Debtor-Entity's relationship with David Goldwasser ("Goldwasser") or GC Realty Advisors ("GC Realty") at all times, including without limitation concerning any arrangements or agreements regarding Goldwasser and/or GC Realty's appointment as authorized representative or Vice President of each Debtor-Entity and/or the structure of each Debtor-Entity's relationship with Goldwasser and/or GC Realty.

**REQUEST NO. 18:**

Documents sufficient to itemize payments of any kind whatsoever, made by any Debtor-Entity and received by Goldwasser and/or GC Realty, along with a description of the nature of such payments.

**REQUEST NO. 19:**

Documents specifically transferring real property and/or personal property of any kind by any Debtor-Entity during the Relevant Time Period.

**REQUEST NO. 20:**

Documents sufficient to identify the names and addresses of management companies or other service providers for each of the Properties, and copies of agreements with such management companies or similar service providers.

**REQUEST NO. 21:**

Documents sufficient to show payments of any kind whatsoever, made by any Debtor-Entity to management companies or other service providers, along with a description of the nature of such payments.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re 53 Stanhope LLC, et al.
Debtor

Case No. 19-23013 (RDD)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Joshua Wagshal, 199 Lee Avenue #157, Brooklyn, NY 11211

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038 | October 3, 2019 at 2:00 p.m. |

The examination will be recorded by this method: __Audio-Visual and Stenographic__

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule 1 attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 30, 2019

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

__/s/ Daniel A. Fliman__
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Brooklyn Lender LLC _____ , who issues or requests this subpoena, are:

Daniel Fliman, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, dfliman@stroock.com, 212-806-5400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense: Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE 1

## DEFINITIONS

1.      "Bankruptcy Case" means the chapter 11 proceeding jointly administered in *In re 53 Stanhope LLC, et al.*, Case No. 19-23013 (RDD), commenced on May 20 and 21, 2019 and pending in the United States Bankruptcy Court for the Southern District of New York.

2.      The term "communication" means any transmittal and/or receipt of information (in the form of facts, ideas, inquiries or otherwise), whether oral or written and whether chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, e-mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, press conferences, magazines and newspaper articles, testimony before a governmental body, and video and audio transmissions. For the avoidance of doubt, the term "communication" shall include any and all electronic messages and/or conversations using text messaging and mobile device chat services, including, without limitation, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, and SnapChat.

3.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

4.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, *i.e.*, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." A draft or non-identical copy is a separate

document within the meaning of this term. For the avoidance of doubt, the term "document" shall include any and all forms of recorded communications, including, without limitation, records of electronic messages and/or conversations using text messaging and mobile device chat services.

5.    "Debtor-Entities" means 53 Stanhope LLC, 55 Stanhope LLC, 92 South 4th St LLC, 106 Kingston LLC, 119 Rogers LLC, 127 Rogers LLC, 167 Hart LLC, 325 Franklin LLC, 618 Lafayette LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, 1213 Jefferson LLC, APC Holding 1 LLC, C & YSW, LLC, D & W Real Estate Spring LLC, Eighteen Homes LLC, Meserole and Lorimer LLC, and Natzliach LLC, which are debtors in the above-captioned Chapter 11 cases.

6.    "Properties" refer to the following properties:

a)    53 Stanhope Street, Brooklyn, New York 11221

b)    55 Stanhope Street, Brooklyn, New York 11221

c)    92 South 4th Street, Brooklyn, New York 11249

d)    106 Kingston Avenue, Brooklyn, New York 11213

e)    119 Rogers Avenue, Brooklyn, New York 11216

f)    127 Rogers Avenue, Brooklyn, New York 11216

g)    167 Hart Street, Brooklyn, New York 11206

h)    325 Franklin Avenue, Brooklyn, New York 11238

i)    618 Lafayette Avenue, Brooklyn, New York 11216

j)    834 Metropolitan Avenue, Brooklyn, New York 11211

k)    1125 Greene Avenue, Brooklyn, New York 11221

l)    1127 Greene Avenue, Brooklyn, New York 11221

2

m) 1129 Greene Avenue, Brooklyn, New York 11221

n) 1131 Greene Avenue, Brooklyn, New York 11221

o) 1133 Greene Avenue, Brooklyn, New York 11221

p) 1213 Jefferson Avenue, Brooklyn, New York 11221

q) 568 Willoughby Avenue, Brooklyn, New York 11206

r) 107 South 3rd Street, Brooklyn, New York 11249

s) 109 South 3rd Street, Brooklyn, New York 11249

t) 129 South 2nd Street, Brooklyn, New York 11249

u) 263 18th Street, Brooklyn, New York 11215

v) 129 South 2nd Street, Brooklyn, New York 11249

w) 318 Bedford Avenue, Brooklyn, New York 11249

x) 740 Driggs Avenue, Brooklyn, New York 11211

y) 144 Huntington Street, Brooklyn, New York 11231

z) 68 Carroll Street, Brooklyn, New York 11231

aa) 342 Rodney Street, Brooklyn, New York 11211

bb) 178 Meserole Street, Brooklyn, New York 11206

cc) 180 Meserole Street, Brooklyn, New York 11206

dd) 182 Meserole Street, Brooklyn, New York 11206

ee) 440 Lorimer Street, Brooklyn, New York 11206

7.     "Notes" refer to the mortgage notes on each of the Properties, executed by each of the Debtor-Entities in favor of Signature Bank.

8.     "Mortgages" refers to the mortgages made between Signature Bank and each of the Debtor-Entities on the Properties, and which were assigned to Brooklyn Lender.

9.     The term "person" means any natural person or any business, legal or governmental entity, agency, service, or association.

10.     The terms "reflecting," "relating to," and/or "relate to," mean describing, discussing, analyzing, comprising, constituting, containing, considering, embodying, evaluating, evidencing, mentioning, memorializing, supporting, collaborating, demonstrating, identifying, referencing, discussing, indicating, providing, referring to, showing, refuting, disputing, rebutting, controverting, contradicting, made in connection with or by reason of or arising therefrom, or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

11.     "Request" or "requests" refers generally to the document requests set forth herein.

12.     The terms "you" and "your" mean the person or entity to which these requests are directed as well as their agents, employees, directors, officers, representatives, attorneys, advisors, or any other person acting, speaking, or purporting to act or speak on their behalf.

## INSTRUCTIONS

1.     Unless otherwise indicated, the communications and documents hereby requested for production and inspection include all documents in your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a communication or document is in your possession, custody, or control if you have actual possession or custody or the right to obtain the document or a copy thereof upon demand from one or more of your employees, representatives, agents, independent contractors, consultants, attorneys, advisors, accountants, auditors, or any other person or public or private entity that has actual physical possession thereof. This includes, but is not limited to, documents physically held by your agents, representatives, employees, attorneys, financial advisors, or other advisors. It also includes any communications and documents contained in any computer,

4

mobile device, server, mainframe, or other storage device (including (i) documents on or in computer memory; (ii) documents on or in computer or network backup files; and (iii) documents which have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within your possession, custody, or control.  For the avoidance of doubt, this also includes any communications and documents contained on any personal computer, mobile device, server, mainframe, or other storage device within the possession of your agents, representatives, employees, attorneys, financial advisors, or other advisors, regardless of whether the device is issued or owned by you.

2.      As the term "possession" relates to e-mail, text messages, mobile device chats, and any other electronically stored information, the term includes, but is not limited to, documents and communications contained in your electronic e-mail, cloud-based, and mobile device directories, including, but not limited to:  (a) "deleted" documents and communications that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" documents and communications, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" documents and communications, including all subdirectories irrespective of the title of such subdirectories.

3.      As the requests relate to e-mail, text messages, mobile device chats, and any other electronically stored information, you are to review the text of each individual document and communication (*i.e.*, not simply review the subject heading or utilize an electronic search device).

4.      The documents produced pursuant to this request are to be segregated and identified by the number of the request below to which they are responsive, or are to be produced as they are maintained in the ordinary course of business.

5

5.      All documents that are produced in electronic format should be provided with: (i) Group IV "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each electronic document.  Brooklyn Lender also requests that all spreadsheets created in Microsoft Excel or similar spreadsheet programs be produced in their native format.  Brooklyn Lender reserves its right to request that other documents be produced in their native format.  The following metadata fields are also to be produced with all documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | Auto-generated number assigned to first page of document |
| ENDDOC | Auto-generated number assigned to last page of document |
| BEGATTACH | Auto-generated number assigned to first page of the parent document in a family |
| ENDATTACH | Auto-generated number assigned to last page of an attachment in a document family |
| PARENT_ID | The beginning DOCID for a parent document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (e.g., Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | Vendor populated field where "P" denotes a parent document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual document |
| FROM | Name of the sender of an email from the "From" field in Outlook |
| TO | Recipients of an email from the "To" field in Outlook |
| CC | Name of persons to whom a copy of an email was sent |

| | |
|---|---|
| BCC | The name of any person blind copied on an email |
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name of the person from which a collection of email or application files originate |
| AUTHOR | The name of the author or the creator of an application file from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_CREATED | The time at which an email or application file was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "last author" field for an application file |
| LAST_SAVED | The date in the "last saved" field for an application file |
| LAST_PRINTED | The date in the "last printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The file name extension for each email, attachment or application file |
| FILENAME | The name of the application file, including extension |
| FILESIZE | The size of a document in bytes |
| SOURCEFOLDER | The full path information for email, attachments and application files beginning with the original source folder name |
| HASHVALUE | Output of algorithm-generated value for each individual file |
| SEARCH_HIT | The search term or terms that "hit" on a document |

| NATIVE_FILE | Hyperlink to the native file |
| --- | --- |

6.    Selection of documents from files and other sources, and the numbering of such documents, shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

7.    File folders with tabs, labels, or directories of files identifying documents must be produced intact with such tabs, labels, or directories and the documents contained therein.

8.    Documents attached to each other shall not be separated.

9.    A document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10.    Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other documents at any time affixed thereto.  If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.    In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

12.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

13.     The terms "all," "any," and "each" shall be construed as encompassing any and all.

14.     For the avoidance of doubt, the word "including" shall be deemed to be followed by the words "without limitation." A list following any of these terms shall be interpreted to contain illustrative examples of the types of documents responsive to the request, but the list is without limitation and does not constitute an exclusive, all-encompassing, or exhaustive listing of every type of document responsive to the request and shall not be deemed in any way to qualify, limit, or restrict the scope of the request.

15.     Any ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope.

16.     If you withhold any document requested herein on the basis of any assertion of privilege or other immunity from discovery, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, subject matter, and attachment or appendages; and (iv) the nature of the privilege or immunity asserted.

17.     If you object to a request, you must clearly indicate whether any responsive materials are being withheld on the basis of that objection. If you object to only a portion of a request, you must clearly indicate to which part of the request the objection is directed, whether any responsive materials are being withheld on the basis of that objection, and provide all documents to which objection is not made as if such part or portion of the request were propounded as a separate request.

18.     If your response to a particular request is that you lack the ability to comply with that request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or

has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information, item, or category of information must be identified.

19.     If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

20.     Terms not specifically defined herein shall be given their ordinary meanings as you understand them to be used in the trade or pursuant to ordinary usage.

21.     When a request calls for documents for a certain period of time, that request shall encompass all documents and information relating, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to that period.

22.     The relevant time period for each request is from the date of the origination of each Mortgage through the date of production ("Relevant Time Period"), unless otherwise specifically indicated.  Each request shall be interpreted to include all documents and electronically-stored information ("ESI") that relate to the Relevant Time Period or otherwise-specified period, even if such documents or ESI was prepared or published outside of the Relevant Time Period or otherwise specified-period.  If a document or ESI prepared before or after this period is necessary for a correct or complete understanding of any document or ESI covered by a request, you must produce the earlier or subsequent document as well.  If any document or ESI is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

Documents sufficient to identify the names and addresses of all current equity holders, owners, shareholders, members or investors in each Debtor-Entity.

### REQUEST NO. 2:

Documents sufficient to identify the names and addresses of all equity holders, owners, shareholders, members or investors in each Debtor-Entity, at all times during the Relevant Time Period.

### REQUEST NO. 3:

Documents sufficient to identify the names and addresses of persons currently responsible for managing or otherwise making decisions on behalf of or regarding any Debtor-Entity.

### REQUEST NO. 4:

All documents, resolutions, operating agreements, manager's certificates, shareholders agreements, partnership agreements or articles of organization pertaining to each Debtor-Entity.

### REQUEST NO. 5:

All organizational documents of each Debtor-Entity, including, without limitation, certificates of formation, bylaws, operating agreements and any shareholders or members agreements.

### REQUEST NO. 6:

All communications, documents, agreements and/or memoranda concerning the current management and governance of each Debtor-Entity, including without limitation, any organizational charts, resolutions, minute books, operating agreements, amendments of operating agreements, sales or assignments of shares in each Debtor-Entity or any similar governing documents.

**REQUEST NO. 7:**

Documents reflecting all payments received by, or on behalf of, any Debtor-Entity from Chaskiel
Strulovitch ("Strulovitch") and/or from any equity holder, owner, shareholder, member or
investor of any Debtor-Entity, including, without limitation, any equity holder located either in
Israel and/or Canada, to the extent such documents specifically create or transfer any
ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 8:**

All communications, documents, agreements and/or memoranda that identify how any Debtor-
Entity utilized funds it obtained from any equity holder, owner, shareholder, member or investor,
to the extent such documents specifically create or transfer any ownership/equity interests or
management rights in any Debtor-Entity.

**REQUEST NO. 9:**

All communications, documents, agreements and/or memoranda which identify any person or
entity who conveyed any money or capital to Strulovitch, and which was used to fund any
Debtor-Entity or acquire any Property, to the extent such documents specifically create or
transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 10:**

Documents sufficient to show funds raised at any time for the Debtor-Entities and/or Properties,
along with the purpose of such funds and how the Debtor-Entities used such funds, to the extent
such documents specifically create or transfer any ownership/equity interests or management
rights in any Debtor-Entity.

**REQUEST NO. 11:**

Itemization of all specifically denominated dividends, distributions, or any other payments made
by, or on behalf of, any Debtor-Entity and received by Strulovitch and/or any equity holder,

owner, shareholder, member or investor of any Debtor-Entity, specifically on account of ownership or equity interests and/or management services, along with the date, amount and nature of such payments.

**REQUEST NO. 12:**

All communications, documents, agreements and/or memoranda concerning each Debtor-Entity's present agency, employment, or management relationship with Mendel Brach.

**REQUEST NO. 13:**

All communications, documents, agreements and/or memoranda (a) specifically creating or transferring any ownership/equity interests or management rights in any Debtor-Entity to CSRE LLC, CS Construction LLC and/or Goodliving Management LLC at all times; and/or (b) reflecting specifically denominated dividends, distributions, or other payments made by any Debtor-Entity to the entities named in this request specifically on account of ownership or equity interests and/or management services at all times.

**REQUEST NO. 14:**

All communications, documents, agreements and/or memoranda (a) specifically creating or transferring any ownership or equity interests or management rights in any Debtor-Entity to Nachman Strulovitch, Joshua Wagshal, Meir Bamberger, Jacob Schonberg, Bertha Schonberg, Nathan Gross, Michael Muller, Zwiebel Chaja Chava, Binyomin Halpern, Benjamin Schonberg, Frieda Karmel, Morris Karmel, David Schonfeld, Pnina Schonfeld and/or any other investor; and/or (b) reflecting specifically denominated dividends, distributions, or other payments made by any Debtor-Entity to the individuals named in this request and/or any other investor specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 15:**

All communications, documents, agreements and/or memoranda concerning or reflecting any

13

statements made by any Debtor-Entity and/or by Strulovitch concerning the identity of the equity holders, owners, shareholders, members or investors of the Debtor-Entities, to the extent such documents (a) specifically create or transfer any ownership or equity interests or management rights in any Debtor-Entity and/or (b) reflect specifically denominated dividends, distributions, or other payments made by any Debtor-Entity specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 16:**

All documents concerning any specifically denominated dividends, distributions, or any other payments paid by any Debtor-Entity to Strulovitch and/or any equity holder, owner, shareholder, member or investor of any Debtor-Entity, specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 17:**

All communications, documents, agreements and/or memoranda concerning each Debtor-Entity's relationship with David Goldwasser ("Goldwasser") or GC Realty Advisors ("GC Realty") at all times, including without limitation concerning any arrangements or agreements regarding Goldwasser and/or GC Realty's appointment as authorized representative or Vice President of each Debtor-Entity and/or the structure of each Debtor-Entity's relationship with Goldwasser and/or GC Realty.

**REQUEST NO. 18:**

Documents sufficient to itemize payments of any kind whatsoever, made by any Debtor-Entity and received by Goldwasser and/or GC Realty, along with a description of the nature of such payments.

**REQUEST NO. 19:**

Documents specifically transferring real property and/or personal property of any kind by any Debtor-Entity during the Relevant Time Period.

**REQUEST NO. 20:**

Documents sufficient to identify the names and addresses of management companies or other service providers for each of the Properties, and copies of agreements with such management companies or similar service providers.

**REQUEST NO. 21:**

Documents sufficient to show payments of any kind whatsoever, made by any Debtor-Entity to management companies or other service providers, along with a description of the nature of such payments.

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

IN RE 53 STANHOPE LLC, ET. AL.,                    Case No. 19-23013 (RDD)
                              Plaintiff(s),

                                                   **AFFIDAVIT OF SERVICE**

--------------------------------------------------------------------X
STATE OF NEW YORK, COUNTY OF Putnam       : SS:

      Keith Hawthorne, being duly sworn, deposes and states that deponent is not a party herein, is over 18 years of age and resides in the State of New York. On September 3, 2019 at 2:29 pm at 94 Herrick Avenue, Spring Valley, New York 10977 deponent served the within:

| X Subpoena for Rule 2004 Examination | X Federal Rules of Civil Procedure 45 (c)(d)(e) & (g) | □ Order Pursuant to Rule Pursuant to 2004 & 9016 | X Brooklyn Lender LLCs Notice of Examination |
|---|---|---|---|
| X Witness Fee Check for $40 | □ | □ | □ |

on **JOSHUA WAGSHAL** witness.

□ Individual: By delivering a true copy of same to respondent/defendant/witness personally; and deponent knew the person so served to be the person described as said respondent/defendant/witness.

X Suitable Age Person: By delivering at the above address a true copy of same to "Fayga" a person who is of suitable age and discretion. Said premises is the witness': □ actual place of business abode  X dwelling house or X usual place of abode, within this state;  X and by:

X Mailing: Deponent also enclosed a true copy of same in a post-paid sealed envelope properly addressed to the above named at the above address by First Class Mail in a post office or official depository under the exclusive care of the United States Postal Service on September 13, 2019.

Description: The person I spoke with is described as follows:

| □ Male | X White Skin | □ Black Hair | □ 14-20 Yrs | □ Under 5'3" | □ Under 100 Lbs. |
|---|---|---|---|---|---|
| X Female | □ Black Skin | □ Brown Hair | X 21-35 Yrs | X 5'4"-5'8" | □ 100-130 Lbs. |
| | □ Brown Skin | □ Blonde Hair | □ 36 -50 Yrs. | □ 5'9"-6' | X 131-160 Lbs. |
| | □ Yellow Skin | □ Grey Hair | □ 51-65 Yrs. | □ Over 6' | X 161- 200 Lbs. |
| | □ Red Skin | □ Red Hair | □ Over 65 Yrs. | | □ Over 200 Lbs. |
| | □ Tan Skin | □ White Hair | | | |
| | | X Covered | | | |

X Other Identifying Features: Person described above buzzed me into home, stated Mr. Wagshal was upstairs in bed resting but that she was authorized to accept the papers on his behalf and took the above described papers saying she would make sure Mr. Wagshal received them.
X Index Number/Date of Filing Endorsement _____
X Military Service: Upon information and belief I aver that the recipient is not in military services of New York State or of the United States as that term is defined in either the State or Federal Statutes.

Sworn to before me this

13 day of Septen 2015                            _____
                                                Keith Hawthorne - Process Server
_____             **Putnam Process Servers - Mahopac, NY**
Notary Public

THOMAS M OLEARY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01OL6174337
Qualified in Putnam County
My Commission Expires 09-17-2023

# EXHIBIT D

Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 19-23013 (RDD)

-----------------------------------x

In Re:   53 STANHOPE LLC, et al.

                              Debtor.

Chapter 11

-----------------------------------x

                              180 Maiden Lane
                              New York, New York
                              October 3, 2019
                              2:35 p.m.


                    *    *    *
            STATEMENT OF NONAPPEARANCE
                      of
                 JOSHUA WAGSHAL
                    *    *    *




Reporter:   Sherri Flagg, RPR, CLR

Page 2

1

2    A P P E A R A N C E S:

3

     Attorneys on Behalf of Lenders:

4

     STROOCK & STROOCK & LAVAN LLP
5            180 Maiden Lane
             New York, New York 10038-4982
6    BY:     JENNIFER RECINE, ESQ.
             jrecine@stroock.com
7            TIFFANY L. HO, ESQ.
             tho@stroock.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
                                                    Page 3

1                      ***********

2               MS. RECINE:  Good afternoon.  On

3     August 30th, Brooklyn Lender issued a subpoena

4     in this bankruptcy proceeding to Joshua

5     Wagshal, who is identified as an equity

6     security holder in certain Debtor entities in

7     schedules filed by Bankruptcy Court.

8               Mr. Wagshal was served in

9     accordance with the 2004 Bankruptcy Order at

10    the addresses specified in the schedules filed

11    by the Debtors.  His subpoena required his

12    appearance today at 2 p.m.  It is past 2:30

13    p.m. and Mr. Wagshal has not appeared.

14              We have spoken with Debtor's

15    litigation counsel who has informed us that she

16    does not represent Mr. Wagshal and does not

17    know who represents Mr. Wagshal.  I would add,

18    in addition, that we have also hand-delivered

19    copies of this subpoena to Mr. Wagshal's

20    address and they were received by a member of

21    his family, although Mr. Wagshal did refuse to

22    come to the door to receive them himself.

23              And with that, we go off the

24    record.

25                    (Time noted:  2:38 p.m.)
```

Page 4

1

2                    C E R T I F I C A T I O N

3

4

5              I, Sherri Flagg, a Professional

6    Reporter, Certified LiveNote Reporter, and a

7    Notary Public, do hereby certify that the

8    foregoing is a true and accurate transcription

9    of my stenographic notes.

10             I further certify that I am not

11   employed by nor related to any party to this

12   action.

13

14

_____

15    Sherri Flagg, CLR

16

17

18

19

20

21

22

23

24

25

[& - statement]                                                                    Page 1

| & | c | h | o |
|---|---|---|---|
| **&**  2:4,4 | **c**  2:2 4:2,2 | **hand**  3:18 | **o**  4:2 |
| **1** | **case**  1:3 | **ho**  2:7 | **october**  1:12 |
| **10038-4982**  2:5 | **certain**  3:6 | **holder**  3:6 | **order**  3:9 |
| **11**  1:7 | **certified**  4:6 | **i** | **p** |
| **180**  1:10 2:5 | **certify**  4:7,10 | **identified**  3:5 | **p**  2:2,2 |
| **19-23013**  1:3 | **chapter**  1:7 | **informed**  3:15 | **p.m.**  1:12 3:12,13 |
| **2** | **clr**  1:24 4:15 | **issued**  3:3 | 3:25 |
| **2**  3:12 | **come**  3:22 | **j** | **party**  4:11 |
| **2004**  3:9 | **copies**  3:19 | **jennifer**  2:6 | **proceeding**  3:4 |
| **2019**  1:12 | **counsel**  3:15 | **joshua**  1:18 3:4 | **professional**  4:5 |
| **2:35**  1:12 | **court**  1:2 3:7 | **jrecine**  2:6 | **public**  4:7 |
| **2:38**  3:25 | **d** | **k** | **r** |
| **3** | **debtor**  1:6 3:6 | **know**  3:17 | **r**  2:2 4:2 |
| **3**  1:12 | **debtor's**  3:14 | **l** | **rdd**  1:3 |
| **30th**  3:3 | **debtors**  3:11 | **l**  2:7 | **receive**  3:22 |
| **3883**  4:14 | **delivered**  3:18 | **lane**  1:10 2:5 | **received**  3:20 |
| **5** | **district**  1:2 | **lavan**  2:4 | **recine**  2:6 3:2 |
| **53**  1:5 | **door**  3:22 | **lender**  3:3 | **record**  3:24 |
| **a** | **e** | **lenders**  2:3 | **refuse**  3:21 |
| **accurate**  4:8 | **e**  2:2,2 4:2 | **litigation**  3:15 | **related**  4:11 |
| **action**  4:12 | **employed**  4:11 | **livenote**  4:6 | **reporter**  1:24 4:6 |
| **add**  3:17 | **entities**  3:6 | **llc**  1:5 | 4:6 |
| **addition**  3:18 | **equity**  3:5 | **llp**  2:4 | **represent**  3:16 |
| **address**  3:20 | **esq**  2:6,7 | **m** | **represents**  3:17 |
| **addresses**  3:10 | **et**  1:5 | **maiden**  1:10 2:5 | **required**  3:11 |
| **afternoon**  3:2 | **f** | **member**  3:20 | **rpr**  1:24 |
| **al**  1:5 | **f**  4:2 | **n** | **s** |
| **appearance**  3:12 | **family**  3:21 | **n**  2:2 4:2 | **s**  2:2 |
| **appeared**  3:13 | **filed**  3:7,10 | **new**  1:2,11,11 2:5 | **schedules**  3:7,10 |
| **attorneys**  2:3 | **flagg**  1:24 4:5,15 | 2:5 | **security**  3:6 |
| **august**  3:3 | **foregoing**  4:8 | **nonappearance** | **served**  3:8 |
| **b** | **further**  4:10 | 1:16 | **sherri**  1:24 4:5,15 |
| **bankruptcy**  1:2 | **g** | **notary**  4:7 | **signature**  4:14 |
| 3:4,7,9 | **go**  3:23 | **noted**  3:25 | **southern**  1:2 |
| **behalf**  2:3 | **good**  3:2 | **notes**  4:9 | **specified**  3:10 |
| **brooklyn**  3:3 | | | **spoken**  3:14 |
| | | | **stanhope**  1:5 |
| | | | **statement**  1:16 |

**[states - york]**                                                                 Page 2

| |
|---|
| **states**  1:2 |
| **stenographic**  4:9 |
| **stroock**  2:4,4 |
| **stroock.com**  2:6,7 |
| **subpoena**  3:3,11 |
|    3:19 |

| **t** |
|---|
| **t**  4:2,2 |
| **tho**  2:7 |
| **tiffany**  2:7 |
| **time**  3:25 |
| **today**  3:12 |
| **transcription**  4:8 |
| **true**  4:8 |

| **u** |
|---|
| **united**  1:2 |

| **w** |
|---|
| **wagshal**  1:18 3:5,8 |
|    3:13,16,17,21 |
| **wagshal's**  3:19 |

| **x** |
|---|
| **x**  1:4,9 |

| **y** |
|---|
| **york**  1:2,11,11 2:5 |
|    2:5 |

# EXHIBIT E

Page 1

1

2   UNITED STATES BANKRUPTCY COURT
    SOUTHERN DISTRICT OF NEW YORK
3
    Case No. 19-23013 (RDD)
4
    ------------------------------------x
5
    In Re:  53 STANHOPE LLC, et al.
6
                            Debtor.
7
    Chapter 11
8
9   ------------------------------------x
10
11                          180 Maiden Lane
                            New York, New York
12
                            October 3, 2019
13                          11:05 a.m.
14
15
16                  *    *    *
17          STATEMENT OF NONAPPEARANCE
18                     of
19          NACHMANN STRULOVITCH
20                  *    *    *
21
22
23
24   Reporter:  Sherri Flagg, RPR, CLR
25

Page 2

```
1
2   A P P E A R A N C E S:
3
    Attorneys on Behalf of Lenders:
4
    STROOCK & STROOCK & LAVAN LLP
5           180 Maiden Lane
            New York, New York 10038-4982
6   BY:     JENNIFER RECINE, ESQ.
            jrecine@stroock.com
7           TIFFANY L. HO, ESQ.
            tho@stroock.com
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

1

2                    ***********

3              MS. RECINE:  Good morning.  This

4     is supposed to be the deposition of Nachman

5     Strulovitch on August 30th, 2019, that Brooklyn

6     Lender served Nachman Strulovitch identified in

7     the schedule submitted to the Bankruptcy Court

8     as an equity security holder in 167 Hart LLC, a

9     Debtor in this action.

10              The subpoena was served in

11     accordance with the Court's order on Rule 2004

12     discovery at the mailing address identified in

13     the schedule submitted by the Debtor.

14              Debtor's litigation counsel, Susan

15     Morrow, has stated that she does not represent

16     Mr. Nachman Strulovitch and that she does not

17     know who represents him.

18              We are recording that

19     Mr. Strulovitch has not arrived for his

20     deposition which was set for today at 10 a.m.

21     It is now past 11 a.m., and we are recording

22     his nonappearance.

23              (Time noted:  11:06 a.m.)

24

25

Page 4

1

2           C E R T I F I C A T I O N

3

4

5           I, Sherri Flagg, a Professional

6     Reporter, Certified LiveNote Reporter, and a

7     Notary Public, do hereby certify that the

8     foregoing is a true and accurate transcription

9     of my stenographic notes.

10          I further certify that I am not

11    employed by nor related to any party to this

12    action.

13

14

_____

15    Sherri Flagg, CLR

16

17

18

19

20

21

22

23

24

25

[& - susan]                                                                      Page 1

| & | c | j | |
|---|---|---|---|
| **&**  2:4,4 | **c**  2:2 4:2,2 | **jennifer**  2:6 | **party**  4:11 |
| **1** | **case**  1:3 | **jrecine**  2:6 | **professional**  4:5 |
| **10**  3:20 | **certified**  4:6 | **k** | **public**  4:7 |
| **10038-4982**  2:5 | **certify**  4:7,10 | **know**  3:17 | **r** |
| **11**  1:7 3:21 | **chapter**  1:7 | **l** | **r**  2:2 4:2 |
| **11:05**  1:13 | **clr**  1:24 4:15 | **l**  2:7 | **rdd**  1:3 |
| **11:06**  3:23 | **counsel**  3:14 | **lane**  1:11 2:5 | **recine**  2:6 3:3 |
| **167**  3:8 | **court**  1:2 3:7 | **lavan**  2:4 | **recording**  3:18,21 |
| **180**  1:11 2:5 | **court's**  3:11 | **lender**  3:6 | **related**  4:11 |
| **19-23013**  1:3 | **d** | **lenders**  2:3 | **reporter**  1:24 4:6 |
| **2** | **debtor**  1:6 3:9,13 | **litigation**  3:14 | 4:6 |
| **2004**  3:11 | **debtor's**  3:14 | **livenote**  4:6 | **represent**  3:15 |
| **2019**  1:12 3:5 | **deposition**  3:4,20 | **llc**  1:5 3:8 | **represents**  3:17 |
| **3** | **discovery**  3:12 | **llp**  2:4 | **rpr**  1:24 |
| **3**  1:12 | **district**  1:2 | **m** | **rule**  3:11 |
| **30th**  3:5 | **e** | **maiden**  1:11 2:5 | **s** |
| **3883**  4:14 | **e**  2:2,2 4:2 | **mailing**  3:12 | **s**  2:2 |
| **5** | **employed**  4:11 | **morning**  3:3 | **schedule**  3:7,13 |
| **53**  1:5 | **equity**  3:8 | **morrow**  3:15 | **security**  3:8 |
| **a** | **esq**  2:6,7 | **n** | **served**  3:6,10 |
| **a.m.**  1:13 3:20,21 | **et**  1:5 | **n**  2:2 4:2 | **set**  3:20 |
| 3:23 | **f** | **nachman**  3:4,6,16 | **sherri**  1:24 4:5,15 |
| **accurate**  4:8 | **f**  4:2 | **nachmann**  1:19 | **signature**  4:14 |
| **action**  3:9 4:12 | **flagg**  1:24 4:5,15 | **new**  1:2,11,11 2:5 | **southern**  1:2 |
| **address**  3:12 | **foregoing**  4:8 | 2:5 | **stanhope**  1:5 |
| **al**  1:5 | **further**  4:10 | **nonappearance** | **stated**  3:15 |
| **arrived**  3:19 | **g** | 1:17 3:22 | **statement**  1:17 |
| **attorneys**  2:3 | **good**  3:3 | **notary**  4:7 | **states**  1:2 |
| **august**  3:5 | **h** | **noted**  3:23 | **stenographic**  4:9 |
| **b** | **hart**  3:8 | **notes**  4:9 | **stroock**  2:4,4 |
| **bankruptcy**  1:2 | **ho**  2:7 | **o** | **stroock.com**  2:6,7 |
| 3:7 | **holder**  3:8 | **o**  4:2 | **strulovitch**  1:19 |
| **behalf**  2:3 | **i** | **october**  1:12 | 3:5,6,16,19 |
| **brooklyn**  3:5 | **identified**  3:6,12 | **order**  3:11 | **submitted**  3:7,13 |
| | | **p** | **subpoena**  3:10 |
| | | **p**  2:2,2 | **supposed**  3:4 |
| | | | **susan**  3:14 |

**[t - york]** Page 2

| t |
|---|
| **t**  4:2,2 |
| **tho**  2:7 |
| **tiffany**  2:7 |
| **time**  3:23 |
| **today**  3:20 |
| **transcription**  4:8 |
| **true**  4:8 |

| u |
|---|
| **united**  1:2 |

| x |
|---|
| **x**  1:4,9 |

| y |
|---|
| **york**   1:2,11,11 2:5 |
| 2:5 |

# EXHIBIT F

**Ho, Tiffany L.**

---

**From:** Susan Mauro <SMauro@Abramslaw.com>
**Sent:** Wednesday, August 21, 2019 10:26 AM
**To:** Ho, Tiffany L. <tho@stroock.com>
**Subject:** <EXTERNAL> Re: In re 53 Stanhope

No.

Susan
Sent from my iPhone

*Susan Mauro, Esq.*

| ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP |
|---|

*Partner*                                                          Brooklyn Office
**Tel:** 718-215-5300 x534                                    1 Metrotech Center
**Fax:** 718-215-5304                      **A F**                      Suite 1701
Email: SMauro@Abramslaw.com                        Brooklyn, New York 11201

| Long Island | Manhattan | Brooklyn | Rochester |
|---|---|---|---|
| (516) 328-2300 | (212) 279-9200 | (718) 215-5300 | (585) 218-9999 |

| WWW.ABRAMSLAW.COM |
|---|

CONFIDENTIALITY NOTICE: This e-mail may be an attorney-client communication and may contain information that is privileged and confidential and is therefore subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient you are prohibited from copying, forwarding, distributing, disseminating, or otherwise viewing this e-mail and any attachments hereto. Please notify the sender and delete this e-mail if you are not the intended recipient.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

On Aug 21, 2019, at 10:26 AM, Ho, Tiffany L. <tho@stroock.com> wrote:

> **Do you know who represents them?  Thank you.**
>
>
> **Tiffany Ho**
> Associate
>
> **STROOCK**
> 180 Maiden Lane, New York, NY 10038
> D: 212.806.1281
>
> tho@stroock.com | vCard | www.stroock.com
>
> ---
>
> **From:** Susan Mauro <SMauro@Abramslaw.com>
> **Sent:** Wednesday, August 21, 2019 10:14 AM

**To:** Ho, Tiffany L. <tho@stroock.com>
**Subject:** <EXTERNAL> Re: In re 53 Stanhope

Hi Tiffany,

No. I do not represent them. Thank you.

Susan
Sent from my iPhone


### Susan Mauro, Esq.

*Partner*                                                          **Brooklyn Office**
**Tel:** 718-215-5300 x534                  <image002.jpg>        **1 Metrotech Center**
**Fax:** 718-215-5304                                            **Suite 1701**
Email: SMauro@Abramslaw.com                          **Brooklyn, New York 11201**
<image003.jpg>

CONFIDENTIALITY NOTICE: This e-mail may be an attorney-client communication and may contain information that is privileged and confidential and is therefore subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient you are prohibited from copying, forwarding, distributing, disseminating, or otherwise viewing this e-mail and any attachments hereto. Please notify the sender and delete this e-mail if you are not the intended recipient.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


On Aug 21, 2019, at 9:34 AM, Ho, Tiffany L. <tho@stroock.com> wrote:

Hi Susan,

In our last conversation you mentioned that you were also counsel for Chaskiel Strulovitch.  Are you also representing Nachman Strulovitch and Joshua Wagshal in this matter?

Thanks,
Tiffany

**Tiffany Ho**
Associate

**STROOCK**
180 Maiden Lane, New York, NY 10038
D: 212.806.1281

tho@stroock.com | vCard | www.stroock.com

# EXHIBIT G

**Ho, Tiffany L.**

---

| | |
|---|---|
| **From:** | Susan Mauro <SMauro@Abramslaw.com> |
| **Sent:** | Tuesday, October 8, 2019 3:51 PM |
| **To:** | Recine, Jennifer S.; Mark Frankel |
| **Cc:** | Fliman, Daniel A.; Ho, Tiffany L.; Sasson, Isaac S. |
| **Subject:** | <EXTERNAL> RE: Rule 2004 Discovery |

Hi Jennifer,

I do not have any information at this time, but if we learn of anything, I will let you know.  Thanks.


*Susan Mauro, Esq.*

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP

*Partner*                                                         Brooklyn Office
**Tel:** 718-215-5300 x534                          1 Metrotech Center
**Fax:** 718-215-5304                                            Suite 1701
**Email:** SMauro@Abramslaw.com         Brooklyn, New York 11201

| Long Island | Manhattan | Brooklyn | Rochester |
|---|---|---|---|
| (516) 328-2300 | (212) 279-9200 | (718) 215-5300 | (585) 218-9999 |

WWW.ABRAMSLAW.COM

CONFIDENTIALITY NOTICE: This e-mail may be an attorney-client communication and may contain information that is privileged and confidential and is therefore subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient you are prohibited from copying, forwarding, distributing, disseminating, or otherwise viewing this e-mail and any attachments hereto. Please notify the sender and delete this e-mail if you are not the intended recipient.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Recine, Jennifer S. <jrecine@stroock.com>
**Sent:** Monday, October 07, 2019 3:34 PM
**To:** Susan Mauro <SMauro@Abramslaw.com>; Mark Frankel <mfrankel@bfklaw.com>
**Cc:** Fliman, Daniel A. <dfliman@stroock.com>; Ho, Tiffany L. <tho@stroock.com>; Sasson, Isaac S. <isasson@stroock.com>
**Subject:** Rule 2004 Discovery

Hi Susan and Mark,

As you may recall, we issued subpoenas for documents and testimony to Nachman Strulovitch and Joshua Wagshal pursuant to the Rule 2004 order issued by the Bankruptcy Court.

Although they were served in accordance with the Rule 2004 order at the addresses provided by the Debtors in the schedules submitted to the Court, neither Mr. Strulovitch nor Mr. Wagshal produced documents, appeared for their scheduled depositions or otherwise contacted us to negotiate an extension of time to produce documents or an adjournment of their deposition date.

At this time, we are left with no alternative but to seek Court intervention.  In the interim, while we understand that you do not represent Mr. Nachman Strulovitch or Mr. Wagshal and do not know who represents them, do you or your clients have telephone numbers or email addresses where they can be reached?

**Jennifer Recine**
Partner

**STROOCK**
180 Maiden Lane, New York, NY 10038
D: 212.806.1301

jrecine@stroock.com | vCard | www.stroock.com