# STROOCK

Via ECF

October 28, 2019

Daniel A. Fliman<br>
Direct Dial: 212.806.5601<br>
Fax: 212.806.6006<br>
dfliman@stroock.com

The Honorable Robert D. Drain
United States Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601-4140

Re:    In re 53 Stanhope LLC, et al., Case No. 19-23013 (RDD) (Bankr. S.D.N.Y.)

To the Honorable Robert D. Drain:

    Brooklyn Lender LLC ("Brooklyn Lender") respectfully submits this letter to provide notice to the Court of the Debtors' failure to comply with this Court's October 16, 2019 *Scheduling Order with Respect to Discovery and Briefing Schedule in Connection with Brooklyn Lender's Rule 2004 Application and Confirmation of the Debtors' Proposed Plan of Reorganization* [Docket No. 47] (the "Scheduling Order").

    On September 9, 2019 (the "September 9 Hearing"), the Court held (1) a hearing with respect to approval of the Debtors' proposed Disclosure Statement[1] and (2) a conference with respect to discovery sought by Brooklyn Lender pursuant to the 2004 Application Order.

    At the September 9 Hearing, the Court directed Brooklyn Lender and the Debtors to agree upon a schedule with respect to (a) discovery sought by Brooklyn Lender pursuant to the 2004 Application Order, (b) discovery sought by any parties in connection with confirmation of the Proposed Plan and (c) briefing in connection with confirmation of the Proposed Plan.  In connection therewith, the Debtors, based on the Court's further direction, committed to file right away an objection to Brooklyn Lender's claims.  Over the subsequent month and a half, the parties worked diligently on a comprehensive scheduling order, which resulted in the Scheduling Order.

    The Scheduling Order sets October 25, 2019 as the "[d]eadline for the Debtors to file any objections to Brooklyn Lender's claims."  The Scheduling Order provides that "the Court will not amend [the Scheduling Order] unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause."  The Scheduling Order further cautions that "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS."

---

[1]    Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Scheduling Order.

The Honorable Robert D. Drain
October 28, 2019
Page 2 of 2

  The October 25, 2019 deadline was intended to kickstart discovery related to the Confirmation Hearing.  To that end, Brooklyn Lender agreed to serve its confirmation related discovery on November 4, 2019, or a little over a week after the Debtors were set to file their claim objection, giving Brooklyn Lender sufficient time to review it and to draft their requests accordingly.

  The Debtors failed to file any claim objection on or before October 25, 2019.  Instead, on the evening of Sunday, October 27, 2019, and without any explanation for such delay, the Debtors tardily filed their *Objection to Brooklyn Lender LLC [sic] Claims* [Docket No. 50] (the "Claim Objection").[2]  At no time prior to filing the Claim Objection did the Debtors preview, or explain the reasons for, such delay with Brooklyn Lender.  Moreover, Brooklyn Lender has not been made privy to any request by the Debtors to the Court to amend the Scheduling Order.  Indeed, as of the date hereof, Brooklyn Lender has seen no "proof of cause beyond the [Debtors'] control" warranting any extension.  Rather, it appears that the Debtors simply ignored the deadline for filing the Claim Objection -- a deadline to which the Debtors agreed when the parties negotiated the Scheduling Order, and which has been ordered by the Court.

  Given the unequivocal wording of the Scheduling Order, and in view of the Debtors' pattern of dilatory litigation tactics, Brooklyn Lender respectfully requests that the Court require the Debtors to explain what "proof of cause beyond [their] control" exists to warrant an extension of their time to file the Claim Objection -- barring which, the Claim Objection should be stricken.

Respectfully Submitted,

/s/ Daniel A. Fliman

Daniel A. Fliman

cc: Mark Frankel, Esq.
   Susan Mauro, Esq.
   Serene Nakano, Esq.

---

[2] It is noteworthy that the Debtors only filed the Claim Objection *after* counsel for Brooklyn Lender, on October 27, 2019, notified Debtors' counsel that the Debtors had waived the right to object to Brooklyn Lender's claims by missing (and seemingly ignoring) this deadline.