# STROOCK

November 4, 2019

Jennifer S. Recine
Direct Dial:  212.806.1301
Fax:  212.806.6006
jrecine@stroock.com

The Honorable Robert D. Drain
United States Bankruptcy Court
300 Quarropas Street
White Plains, New York 10601

Re:    In re 53 Stanhope LLC, et al., Case No. 19-23013 (RDD) (Bankr. S.D.N.Y.)

To the Honorable Robert D. Drain:

Brooklyn Lender LLC ("Brooklyn Lender") respectfully submits this letter brief requesting that the Court (1) extend Brooklyn Lender's time to serve subpoenas on certain Debtor-affiliated nonparties ("Debtor-Affiliated Nonparties") in connection with the Confirmation Hearing, and (2) authorize Brooklyn Lender to serve subpoenas on the Debtor-Affiliated Nonparties by alternative service via U.S. mail at the addresses identified by the Debtors on their schedules and tax returns.  Brooklyn Lender respectfully requests that this request be added to the telephonic conference Brooklyn Lender and the Debtors are currently scheduling with the Court's Courtroom Deputy for later this week.

## I.    FACTUAL BACKGROUND

The October 16, 2019 *Scheduling Order with Respect to Discovery and Briefing Schedule in Connection with Brooklyn Lender's Rule 2004 Application and Confirmation of the Debtors' Proposed Plan of Reorganization* (the "Scheduling Order") [Docket No. 47] sets November 4, 2019 as the "[d]eadline for parties to . . . issue any subpoenas in connection with the Confirmation Hearing."  Following entry of the Scheduling Order, Brooklyn Lender promptly prepared subpoenas, including subpoenas addressed to certain Debtor-Affiliated Nonparties listed in the Debtors' schedules and tax returns:  Herman Greenfeld, Allen Stein, Imre Oberlander, Chava Rosenberg a/k/a Chava Oberlander, I & C O Associates, Moses Guttman, Moses Strulovitch, and Eleizer Schwimer.

Brooklyn Lender's process servers began attempts to personally serve the Debtor-Affiliated Nonparties on October 29, 2019 at addresses provided by the Debtors in the schedules and tax returns.  Given the extremely short period of time available to serve the subpoenas, counsel for Brooklyn Lender instructed its process servers to make as many attempts as possible and necessary to serve the subpoenas on or before the November 4 deadline.  Despite diligent and repeated attempts over the next few days, the process servers were unable to personally serve the

The Honorable Robert D. Drain
November 4, 2019
Page **2** of **4**

Debtor-Affiliated Nonparties.   Attempts to serve the Debtor-Affiliated Nonparties between October 29 and November 3, 2019 are summarized as follows:

| Debtor-Affiliated Nonparty | Summary of Attempts to Serve[1] |
|---|---|
| Imre Oberlander<br>Chava Rosenberg a/k/a Chava Oberlander<br>I & C O Associates | • Attempted service on at least four separate occasions.<br>• On the first attempt, a resident opened the door.  When the server stated that he was serving a legal document, the resident advised the server to leave the papers in the hallway and then proceeded to shut the door on the process server thereby preventing service of the subpoenas.<br>• Subsequent attempts were unsuccessful. |
| Herman Greenfeld | • Attempted service on at least four separate occasions.<br>• A female resident confirmed that Mr. Greenfeld lived at the address, but attempts to personally serve Mr. Greenfeld were unsuccessful. |
| Allen Stein | • Attempted service on at least three separate occasions.<br>• A resident confirmed that Mr. Stein lived at the address, but attempts to personally serve Mr. Stein were unsuccessful. |
| Moses Strulovitch | • Attempted service on at least four separate occasions.<br>• The process server was unable to gain access to the building, and attempts to serve Mr. Strulovitch were unsuccessful. |
| Moses Guttman | • Attempted service on at least four separate occasions.<br>• A female resident confirmed that Mr. Guttman lived at the address, but attempts to serve Mr. Guttman personally were unsuccessful. |
| Eleizer Schwimmer | • Attempted service on at least four separate occasions.<br>• Mr. Schwimmer's wife confirmed that he lived at the address, but attempts to serve Mr. Schwimmer personally were unsuccessful. |

In addition to the foregoing, Brooklyn Lender instructed its process servers to make an additional attempt to serve each of the Debtor-Affiliated Nonparties today, but, as of the time of this filing, Brooklyn Lender has not heard back on whether such attempts were successful.

---

[1]     Brooklyn Lender is waiting on more detailed summaries of attempts to serve Debtor-Affiliated Nonparties between November 1 and November 3, 2019, but has been informed that such attempts were unsuccessful.

**STROOCK & STROOCK & LAVAN LLP**  New York · Los Angeles · Miami · Washington, DC
180 Maiden Lane, New York, NY 10038-4982 · T. 212.806.5400 · F. 212.806.6006 · www.stroock.com

The Honorable Robert D. Drain
November 4, 2019
Page **3** of **4**

## II.   **ARGUMENT**

### A.   **The Court Should Extend the Time to Serve the Debtor-Affiliated Nonparties.**

The Court may amend the Scheduling Order if "presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause."  First, Brooklyn Lender respectfully submits that proof of cause beyond its control exists because its attempts to personally serve Debtor-Affiliated Nonparties, at addresses provided by the Debtors (and which residents at these addresses, with one exception, confirmed are correct[2]), have not been successful, despite diligent and repeated attempts to do so.  Further, in at least some instances, the Debtor-Affiliated Nonparties appear to be evading service—for example, by refusing to take documents from the process server and subsequently refusing to answer the door.  Brooklyn Lender has therefore demonstrated proof of cause beyond its control to extend time to serve subpoenas on the Debtor-Affiliated Nonparties.  *Jade Apparel, Inc. v. Steven Schor, Inc.*, No. 11 CIV. 2955 KNF, 2012 WL 3578593, at *2 (S.D.N.Y. Aug. 15, 2012) (finding good cause to extend time to serve subpoena under scheduling order where plaintiff "acted with due diligence in attempting to serve" the nonparty by making nine attempts over the course of two weeks).

Second, Brooklyn Lender's application is timely as it is made before the time to serve subpoenas expired, and as soon as possible after learning it had cause to seek an extension.  *Id*. (finding application to extend time to serve subpoenas timely where made eight days after the final attempt to serve on the discovery deadline).

### B.   **The Court Should Authorize Brooklyn Lender to Serve the Debtor-Affiliated Nonparties via U.S. Mail.**

Rule 45 of the Federal Rules of Civil Procedure provides that "[s]erving a subpoena requires delivering a copy to the named person."  While Rule 45 subpoenas ordinarily should be served personally, courts routinely "authoriz[e] alternative service that is reasonably designed to ensure that a witness actually receives a subpoena."  *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (collecting cases).  Courts require a party seeking leave to serve by alternative means "to demonstrate a prior diligent attempt[ ]  to personally serve before permitting substituted service under Rule 45."  *Id*. (internal quotation marks omitted); *see also Ultradent Products, Inc. v. Hayman*, No. M8-85 RPP, 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002) (permitting substituted service after two failed attempts at personal service); *Medical*

---

[2]   The exception is the address attempted for Moses Strulovitch.  The secured building located at this address requires a code to gain entry into the building and access the directory.  Despite repeated attempts, the process server has not been able to gain access.  Nevertheless, Brooklyn Lender believes the address is correct because it was listed as Mr. Strulovitch's address in Debtors 119 Rogers LLC and 127 Rogers LLC's 2016 and 2017 tax returns, and on the Schedule K-1s issued by these Debtors to Mr. Strulovitch, that the Debtors provided to the U.S. Trustee.

**STROOCK & STROOCK & LAVAN LLP** New York · Los Angeles · Miami · Washington, DC
180 Maiden Lane, New York, NY 10038-4982 · T. 212.806.5400 · F. 212.806.6006 · www.stroock.com

The Honorable Robert D. Drain
November 4, 2019
Page **4** of **4**

*Diagnostic Imaging, PLLC v. Carecore National, LLC*, Nos. 06 Civ. 7764(CS)(THK), 2008 WL
3833238, at \*2–\*3 (S.D.N.Y. Aug. 15, 2008) (permitting substituted service after three attempts).

Here, alternative service via U.S. mail is warranted.  Brooklyn Lender has made at least
four attempts to personally serve the Debtor-Affiliated Nonparties at the addresses listed by the
Debtors on their schedules and tax returns.  Service by U.S. mail at these addresses is reasonably
designed to ensure that the witnesses will actually receive the subpoenas because, with the one
exception noted above, residents at these addresses have confirmed that the Debtor-Affiliated
Nonparties reside at the respective addresses, and, with respect to Moses Strulovitch, Brooklyn
Lender has good cause to believe that he resides at the address listed on tax returns dated as
recently as March 15, 2018.   Because Brooklyn Lender has been unable to personally serve
Debtor-Affiliated Nonparties despite diligent attempts, and Debtor-Affiliated Nonparties will
actually receive the subpoenas if served by U.S. mail at these addresses, alternative service via
U.S. mail is warranted.

### III.    CONCLUSION

For the foregoing reasons, Brooklyn Lender respectfully requests that the Court enter an
order (1) extending Brooklyn Lender's time to serve subpoenas on the Debtor-Affiliated
Nonparties and (2) authorizing Brooklyn Lender to serve the subpoenas on Debtor-Affiliated
Nonparties via U.S. mail at the addresses provided by Debtors in their schedules and tax returns.


Respectfully submitted,

/s/ Jennifer S. Recine

Jennifer S. Recine


cc:     Mark Frankel, Esq.
        Susan Mauro, Esq.

STROOCK & STROOCK & LAVAN LLP  New York · Los Angeles · Miami · Washington, DC
180 Maiden Lane, New York, NY 10038-4982 · T. 212.806.5400 · F. 212.806.6006 · www.stroock.com