**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re:                                                                    Chapter 11

**53 STANHOPE LLC, et al,[1]**                            Case No: 19-23013-rdd
                                                                                Jointly Administered
                                    Debtor.
-----------------------------------------------------------X

# ORDER AUTHORIZING RETENTION OF
# ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.
# AS SPECIAL CORPORATE AND TAX COUNSEL TO THE DEBTORS

UPON the unopposed application (the "Application") of the debtors and debtors in possession herein (the "Debtors") seeking authority under 11 U.S.C. § 327(a) to employ and retain Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog") as their special corporate and tax counsel to the Debtors herein; and upon the accompanhing Declaration of A. Mitchell Greene; and it appearing that Robinson Brog neither represents nor holds an interest adverse to the Debtors or to their estates in the matters upon which it is to be engaged, that it is disinterested under section 101(14) of the Bankruptcy Code, and that its employment is necessary and would be in the best interests of the estate; and no additional notice or hearing being required, it is hereby

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

{01035360.DOC;1 }

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that the Debtors are authorized under 11 U.S.C. § 327(a) to employ and retain Robinson Brog, effective as of the August 1, 2019, as their special corporate and tax counsel to represent the Debtors with respect to amending their operating agreements and tax returns as necessary; and it is further

**ORDERED**, that before implementing any increases in Robinson Brog's rates for any individual employed or retained by Robinson Brog and providing services in this case, Robinson Brog shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increases. All parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that Robinson Brog shall not withdraw as Debtors' counsel prior to the effective date of any chapter 11 plan confirmed in this Chapter 11 case without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e); and it is further

**ORDERED**, that Robinson Brog shall be compensated for services rendered and reimbursed for reasonable and necessary expenses and will file interim and/or a final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court; and it is further

**ORDERED**, that Robinson Brog shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**DATED:** White Plains, New York
December 30, 2019

/s/ Robert D. Drain
**HON. ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE**

No Objection:

Office of the United States Trustee

By: Serene Nakano

{01035360.DOC;1 }2