UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                             Chapter 11

    53 STANHOPE LLC, *et al*,[1]                          Case no. 19-23013 (RDD)
                                                                       Jointly Administered

                                Debtors.
------------------------------------------------------------x

## NOTICE OF HEARING ON MOTION FOR SECOND EXCLUSIVITY EXTENSION

       PLEASE TAKE NOTICE, that a hearing will be held before the Honorable Robert D. Drain at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601−5008, on February 26, 2020 at 10:00 a.m., or as soon thereafter as counsel can be heard, to consider the application of 53 STANHOPE LLC and the above-captioned related debtors to further extend their 120 day exclusive period to file a plan of reorganization and their 180 day period to solicit acceptances to a plan of reorganization pursuant to section 1121(d) of the Bankruptcy Code..

       PLEASE TAKE FURTHER NOTICE, that objections shall be filed with the Clerk of the Bankruptcy Court, and served upon the undersigned to be received at least seven days prior to the hearing date.

Dated:  New York, New York
           January 14, 2020

                                                            BACKENROTH FRANKEL & KRINSKY, LLP
                                                            Attorneys for the Debtors

                                                            By: s/Mark A. Frankel
                                                                  800 Third Avenue
                                                                  New York, New York  10022
                                                                  (212) 593-1100

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC  Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer  LLC (8197); 106 Kingston  LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                                            Chapter 11

    53 STANHOPE LLC, *et al*,[1]                                    Case no. 19-23013 (RDD)
                                                                  Jointly Administered

                     Debtors.
-----------------------------------------------------------x

## APPLICATION FOR A SECOND EXTENSION OF EXCLUSIVE PERIODS

        53 STANHOPE LLC and the above-captioned related debtors, the debtors and debtors-in-possession herein (the "Debtors"), as and for their application for a second order extending their 120 day exclusive period (the "120 Day Period") to file a plan of reorganization and their 180 day period (the "180 Day Period") to solicit acceptances to a plan of reorganization (collectively, the "Exclusive Periods"), respectfully represent as follows:

## BACKGROUND

        1.      On May 20, 2019, each of the Debtors filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code"), except 167 Hart LLC which filed its petition on May 21, 2019.

        2.      On August 2, the Debtors filed their Chapter 11 plan (the "Plan") and disclosure statement, which are included herein by reference.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

3.      The Debtors have obtained exit financing, proof of which is annexed to the Plan, to pay all creditors the allowed amounts their claims under the Plan, including the first mortgagee at the non-default contract rate.

4.      In the meantime, the Properties rental income is being used to pay debt service to Brooklyn Lender and to preserve and protect the Properties.

5.      The Plan confirmation hearing was originally scheduled for January 15, 2020.  Plan confirmation is complicated by pending interrelated claims objections scheduled to be heard at the confirmation hearing.  The hearing date was adjourned by agreement of the parties to February 26, 2020.

6.      The Debtor's first motion to extend the Exclusive Periods was granted. The 120 Day Period was extended to January 15, 2020, the initial confirmation hearing date, and the 180 Day Period was extended to 60 days thereafter.

## **RELIEF REQUESTED HEREIN**

7.      By this application, the Debtors seek to extend the Exclusive Periods further, so that the 120 day period would be extended to March 26, 2020 and the 180 day period extended to May 25, 2020.  If the Plan confirmation hearing must be adjourned, or if Plan confirmation requires Plan amendments after the hearing, the Debtors should be permitted to proceed without litigating against a competing plan in the meantime.

8.      The Exclusive Periods established by section 1121 of the Bankruptcy Code afford a debtor with an opportunity to formulate and propose a plan of reorganization and to solicit acceptances of such plan without the deterioration and disruption to restructuring its

2

businesses that might be caused by competing plans by non-debtor parties. If, as here, a debtor is proceeding in good faith, but the Exclusive Periods are likely to run before the debtor can propose a plan, 1121(d) of the Bankruptcy Code allows the Court to extend the periods for "cause."

9. Specifically, section 1121(d) of the Bankruptcy Code provides:

> Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section. (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.  (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter. 11 U.S.C. § 1121(d).

10. It is well established that a finding of "cause" to extend the Exclusive Periods is left to the sound discretion of the bankruptcy court and should be based upon the facts and circumstances of a particular case. *See In re Borders Group, Inc.*, 460 B.R. 818, 821 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity.") (citation omitted); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) ("A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact-specific."). Although the Bankruptcy Code does not define "cause" for an extension of the Exclusive Periods, courts have looked to the legislative history of section 1121(d) of the Bankruptcy Code for guidance. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Courts have found that Congress did not intend that the 120- and 180- day periods be a hard and fast

3

rule. *See Amko Plastics*, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity). Rather, Congress intended that the Exclusive Periods be of an adequate length, given the circumstances, for a debtor to formulate, negotiate, draft and confirm a viable plan of reorganization, which by definition means one supported by some or all of a debtor's key constituents, without the disruption to its business that would occur with competing plans. *See Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A.* (In re Geriatrics Nursing Home, Inc.), 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business.").

11.    When determining whether cause exists for an extension of the Exclusive Periods, courts have relied on a variety of factors, each of which may provide sufficient grounds for granting such extension. Factors considered by the courts in making such a determination have included: (a) the size and complexity of the case; (b) the necessity of sufficient time to negotiate and prepare adequate information; (c) the existence of good-faith progress toward reorganization; (d) whether the debtor is paying its debts as they come due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiating with creditors; (g) the time the case has been pending;(h)whether the debtor is seeking the extension to pressure creditors; and (i)whether unresolved contingencies exist. *See, e.g., Adelphia*, 352 B.R. at 587; *In re Borders Group, Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011); *In re 221-06 Merrick Blvd. Assocs. LLC*, 2010 WL 5018265, at *4 (Bankr. E.D.N.Y. Dec. 3, 2010); *Continental Casualty Co. v. Burns & Roe Enters., Inc.* (*In re Burns & Roe Enters., Inc.*), 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005); *In re Gibson &*

4

*Cushman Dredging Corp.*, 101 B.R. at 409-10. Applying these factors to the facts and circumstances demonstrates that the requested extensions are appropriate.

12. Not all of the *Adelphia* factors "are relevant in every case.... It is within the discretion of the bankruptcy court to decide which factors are relevant and give appropriate weight to each." *In re Hoffinger Industries, Inc.*, 292 B.R. 639, 644 (8th Cir BAP 2003.

13. Here, the Debtors submit that while this is not a "mega" case, the Debtors' likely Plan litigation over default interest adds a level of work sufficient to support an extension of time.

14. On the second element, until the Plan litigation is underway, the it is unlikely that either the Debtors or the Mortgagee will have sufficient information to make meaningful progress on settlement.

15. The Debtors respectfully suggest that under the circumstances the Debtors are making "good faith progress toward reorganization" since the Debtors have filed a plan with evidence of feasibility and scheduled a confirmation hearing. The third element supports an extension.

16. The Debtors are generally paying its bills as they come due, including payment of debt service. Therefore, the Debtors submit that the fourth element supports an extension of exclusivity.

17. On the Debtors' reasonable prospects for reorganization, again the Debtors have filed a plan with evidence of feasibility and scheduled a confirmation hearing.

18. On the sixth factor, i.e. progress in negotiations with its creditors, the Debtors have not been in a position to make progress with the Mortgagee.

19. The seventh factor, i.e., consideration of how long the chapter 11 case has been pending and how many extensions of the exclusivity period the Debtors have had, supports an extension. The Debtors have been in bankruptcy for less than nine months and this is the Debtors' second request for an extension.

20. The eighth *Adelphia* factor examines whether the Debtors are seeking an extension to pressure creditors to submit to the Debtor's reorganization demands. Here, the Debtor has made no demands on any of their creditors. Instead, the Debtors propose to pay all creditors in full with interest. The eighth factor supports an extension.

21. The last factor, i.e. the existence of an unresolved contingency, circles back to the Debtors' primary basis for an extension: the need to determine whether the Debtors must pay the Mortgagee default interest and whether their Plan is confirmable. The ninth factor supports an extension of exclusivity.

22. In summary, most, if not all, of the *Adelphia* factors support the Debtors' request for an extension of exclusivity.

23. The Debtors respectfully submits that cause exists to extend the Exclusive Periods for an additional 120 days.

24. No prior request for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court an order extending the Exclusive Periods, and granting such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
       January 14, 2020

                                              BACKENROTH FRANKEL & KRINSKY, LLP
                                              Attorneys for the Debtors

                            By:    s/Mark Frankel
                                      800 Third Avenue
                                      New York, New York  10022
                                      (212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In re                                                                                    Chapter 11

    53 STANHOPE LLC, *et al*,[1]                      Case no.  19-23013 (RDD)
                                                            Jointly Administered

                    Debtors.

----------------------------------------------------------x

## **ORDER**

Upon the application of 53 STANHOPE LLC and the related debtors herein (the "Debtors") for an order extending the Debtors' 120 day exclusive period (the "120 Day Period") to file a plan of reorganization and the Debtors' 180 day period (the "180 Day Period") to solicit acceptances to a plan of reorganization, and upon the hearing held before this Court on February 26, 2020; it is

ORDERED, that the 120 Day Exclusive Period is extended through and including March 26, 2020; and it is further

ORDERED, that the 180 Day Exclusive Period is extended through and inclduing May 25, 2020 and it is further

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC  Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer  LLC (8197); 106 Kingston  LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

ORDERED, that this Order is without prejudice to the rights of the Debtor and/or other parties.

Dated: White Plains, New York
      February __, 2020

_____
UNITED STATES BANKRUPTCY COURT