Hearing Date: **Friday, February 7, 2020 at 10:00 a.m.** (prevailing Eastern Time)

Objection Deadline: **Friday, January 31, 2020**

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006
Daniel A. Fliman
Jennifer S. Recine
Patrick N. Petrocelli
Tiffany L. Ho
Isaac S. Sasson

*Counsel for Brooklyn Lender LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| 53 STANHOPE LLC, *et al.* [1] | Case No. 19-23013 (RDD) |
| Debtors. | Jointly Administered |

## NOTICE OF MOTION TO COMPEL

PLEASE TAKE NOTICE that Brooklyn Lender LLC ("Brooklyn Lender"), by and through its undersigned counsel, has filed its motion pursuant to Rule 45 of the Federal Rules of Civil Procedure to compel non-parties Nachman Strulovitch, Joshua Wagshal, Imre Oberlander, Chava Rosenberg a/k/a Chava Oberlander, I & C O Associates, Herman Greenfeld, Allen Stein, Moses Strulovitch, Moses Guttman, and Eleizer Schwimer to comply with subpoenas issued by Brooklyn Lender (the "Motion").

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155) (collectively, the "Debtors").

PLEASE TAKE FURTHER NOTICE that a hearing to consider the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "Bankruptcy Court") on **February 7, 2020 at 10:00 A.M. (Eastern Time)** (the "Hearing"), or at such other time as the Bankruptcy Court may determine.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion shall be asserted in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, so as to be filed and received no later than **January 31, 2020** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, Brooklyn Lender may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that any objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

-3-

| | |
|---|---|
| Dated: January 20, 2020 | Respectfully submitted, |
| | STROOCK & STROOCK & LAVAN LLP |
| | By: /s/ *Daniel A. Fliman* |
| | Daniel A Fliman |
| | Jennifer S. Recine |
| | Patrick N. Petrocelli |
| | Tiffany L. Ho |
| | Isaac S. Sasson |
| | 180 Maiden Lane |
| | New York, New York 10038 |
| | Telephone: (212) 806-5400 |
| | Facsimile: (212) 806-6006 |
| | *Counsel for Brooklyn Lender LLC* |

Hearing Date: Friday, February 7, 2020 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: Friday, January 31, 2020

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006
Daniel A. Fliman
Jennifer S. Recine
Patrick N. Petrocelli
Tiffany L. Ho
Isaac S. Sasson

*Counsel for Brooklyn Lender LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*<br><br>53 STANHOPE LLC, *et al.* [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23013 (RDD)<br><br>Jointly Administered |

**BROOKLYN LENDER LLC'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45 TO COMPEL NACHMAN STRULOVITCH, JOSHUA WAGSHAL, IMRE OBERLANDER, CHAVA ROSENBERG A/K/A CHAVA OBERLANDER, I & C O ASSOCIATES, HERMAN GREENFELD, ALLEN STEIN, MOSES STRULOVITCH, MOSES GUTTMAN, AND ELEIZER SCHWIMER TO COMPLY WITH SUBPOENAS**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155) (collectively, the "Debtors").

Brooklyn Lender LLC ("Brooklyn Lender"), creditor in interest in the above-captioned jointly-administered bankruptcy cases (the "Bankruptcy Cases"), by and through the undersigned counsel, hereby submits this motion (the "Motion") pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), which is incorporated by reference by Rule 9016 of the Federal Rules of Bankruptcy Procedure, for entry of an order compelling Nachman Strulovitch ("N. Strulovitch") and Joshua Wagshal ("Wagshal") to comply with subpoenas issued by Brooklyn Lender on August 30, 2019 (the "Rule 2004 Subpoenas") in accordance with the Court's July 15, 2019 order (the "Rule 2004 Order") on Brooklyn Lender's application for discovery under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rule 2004 Application"), and compelling Imre Oberlander ("I. Oberlander"), Chava Rosenberg a/k/a Chava Oberlander ("C. Oberlander"), I & C O Associates ("I & C O"), Herman Greenfeld ("Greenfeld"), Allen Stein ("Stein"), Moses Strulovitch ("M. Strulovitch"), Moses Guttman ("Guttman"), and Eleizer Schwimer ("Schwimer") to comply with subpoenas issued by Brooklyn Lender on November 21, 2019 (the "Confirmation Subpoenas," and together with the Rule 2004 Subpoenas, the "Subpoenas") in accordance with the Court's October 16, 2019 order (as amended, the "Scheduling Order") with respect to discovery in connection with confirmation of the Debtors' proposed plan of reorganization, and for sanctions.

## BACKGROUND

### A.    Rule 2004 Discovery

1.    In their schedules filed in this action, the Debtors identified N. Strulovitch and Wagshal as "equity security holders" in certain debtors. On June 6, 2019, Brooklyn Lender filed its Rule 2004 Application seeking an order authorizing the examination of, among others, N. Strulovitch and Wagshal. ([Docket No. 10].) Brooklyn Lender served the Rule 2004 Application on N. Strulovitch and Wagshal at addresses that the Debtors provided in the schedules.

2

2.  On July 15, 2019, the Court issued its Rule 2004 Order authorizing Brooklyn Lender to serve discovery on N. Strulovitch and Wagshal, among others. ([Docket No. 28].) The Rule 2004 Order approved and authorized Brooklyn Lender's form of subpoena for examination and production of documents. (*Id.* at ¶ 2, Ex. 2.) The Rule 2004 Order further authorized Brooklyn Lender to serve the subpoenas via U.S. mail. (*Id.* at ¶ 2.) The Rule 2004 Order provided that any disputes concerning the subpoenas should be raised by letter brief. (*Id.* at ¶ 7.)

3.  On July 16, 2019, Brooklyn Lender sent the Rule 2004 Subpoenas to N. Strulovitch and Wagshal via certified U.S. mail (at the addresses that the Debtors provided in the schedules). After those service attempts were returned undelivered, Brooklyn Lender re-served the Rule 2004 Subpoenas, along with a copy of the Rule 2004 Order, upon N. Strulovitch and Wagshal on August 30, 2019 by regular U.S. mail at the addresses Debtors provided in the schedules. The Rule 2004 Subpoenas commanded N. Strulovitch to appear for an examination and to produce documents on October 3, 2019, at 10:00 a.m., and Wagshal to appear for an examination and produce documents on the same date at 2:00 p.m. ([Docket No. 49] at Exs. A and B.)[2] An affidavit of service of the foregoing is attached hereto as **Exhibit A.**

4.  N. Strulovitch and Wagshal have been unresponsive to the Rule 2004 Subpoenas. They failed to appear for their examinations or to produce documents. ([Docket No. 49] at Exs. D and E.) They did not object to the Rule 2004 Subpoenas, seek an adjournment of their examinations, or seek an extension of time to produce documents. In fact, N. Strulovitch and Wagshal did not attempt to contact Brooklyn Lender at all. Brooklyn Lender was unable to find

---

[2] Although not required, Brooklyn Lender also effected personal service on Wagshal. ([Docket No. 49] at Ex. C.) On September 3, 2019, Brooklyn Lender's process server delivered a copy of the Rule 2004 Subpoena to Wagshal's daughter, a person of suitable age or discretion, who informed the process server that she was authorized to accept service on Wagshal's behalf. (*Id.*)

3

any contact information for N. Strulovitch and Wagshal other than what Debtors provided in the schedules, and thus were unable to confirm whether they would be attending. As a result, Brooklyn Lender had no choice but to incur costs to prepare for their examinations, including costs to retain a court reporter.

5.  On October 25, 2019, Brooklyn Lender filed a letter brief requesting an order compelling N. Strulovitch and Wagshal to comply with the Rule 2004 Subpoenas (the "October 25 Letter Brief"). ([Docket No. 49].) As noted in the October 25 Letter Brief, as of that time, Debtors' litigation counsel, Susan Mauro of Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP ("Abrams Fensterman"), stated that she did not represent N. Strulovitch or Wagshal and that she did not know who represents them, and Debtors' bankruptcy and litigation counsel represented that they "do not have information at this time" regarding telephone numbers or email addresses at which N. Strulovitch or Wagshal could be reached. (*Id.* at ¶ 7.)

6.  On November 7, 2019, the Court held a conference on, among other things, Brooklyn Lender's October 25 Letter Brief. At the hearing, Abrams Fensterman disclosed for the first time that it had been in contact with N. Strulovitch and Wagshal. Abrams Fensterman reported that (1) N. Strulovitch is represented by counsel and it would provide such counsel's contact information[3] and (2) Wagshal had been out of the country and it did not know whether Wagshal was represented by counsel. The Court instructed Brooklyn Lender to file this motion to compel.

---

[3] Abrams Fensterman provided undersigned counsel with contact information for N. Strulovitch's purported counsel, Thomas Landrigan. On November 15, 2019 and November 18, 2019, undersigned counsel contacted, and spoke to, Mr. Landrigan, who stated that his firm had been in discussions to represent N. Strulovitch in responding to the Rule 2004 Subpoenas, but that his firm declined the potential representation.

4

**B.    Confirmation Discovery**

7.    I. Oberlander, C. Oberlander, I & C O, Greenfeld, Stein, M. Strulovitch, Guttman and Schwimer (together, the "Debtor-Affiliated Nonparties") hold equity, membership, partnership, claims, or other interests in the Debtors.  Other than Schwimer, the Debtors identified the Debtor-Affiliated Nonparties in their tax returns or the schedules filed in this action.  Schwimer holds a recorded encumbrance on the Debtors' properties.

8.    On October 16, 2019, the Court entered its Scheduling Order setting November 4, 2019 as the deadline for Brooklyn Lender to serve Confirmation Subpoenas on the Debtor-Affiliated Nonparties, among others, in connection with the Debtors' confirmation hearing that was originally scheduled for January 15, 2020. ([Docket No. 47].)

9.    Between October 29 and November 3, 2019, Brooklyn Lender made numerous unsuccessful attempts to personally serve the Confirmation Subpoenas on each of the Debtor-Affiliated Nonparties.  ([Docket No. 56] at ¶ 3.)  On November 4, 2019, Brooklyn Lender submitted a letter brief (the "November 3 Letter Brief") requesting the Court to extend Brooklyn Lender's time to serve Confirmation Subpoenas on the Debtor-Affiliated Nonparties and to authorize Brooklyn Lender to serve the Confirmation Subpoenas via U.S. mail at the addresses provided by the Debtors in their schedules and/or tax returns.  (*Id.*)

10.    On November 7, 2019, the Court held a telephonic conference on, among other things, Brooklyn Lender's November 3 Letter Brief.  During that conference, the Court authorized Brooklyn Lender to serve the Confirmation Subpoenas via U.S. mail and directed the Debtors and Brooklyn Lender to amend the Scheduling Order in light of, among other things, adjournment of the January 15, 2020 confirmation hearing to February 26, 2020.  The deadline for serving the Confirmation Subpoenas on the Debtor-Affiliated Nonparties was subsequently extended to

5

November 25, 2019, which deadline was memorialized in the Court's amended scheduling order that was entered on December 17, 2019. ([Docket No. 70].)

11. On November 21, 2019, Brooklyn Lender served the Confirmation Subpoenas on each of the Debtor-Affiliated Nonparties via regular U.S. mail at the addresses the Debtors provided in their tax returns and/or schedules.[4] The Confirmation Subpoenas commanded each of the Debtor-Affiliated Nonparties to produce certain documents by January 10, 2020, and additionally required (1) I. Oberlander to appear for an examination on January 16, 2020, at 10:00 a.m., (2) I & C O to appear for an examination on January 16, 2020, at 10:00 a.m., (3) Greenfeld to appear for an examination on January 16, 2020, at 2:00 p.m., (4) Stein to appear for an examination on January 20, 2020, at 10:00 a.m., (5) M. Strulovitch to appear for an examination on January 21, 2020, at 10:00 a.m., and (6) Guttman to appear for an examination on January 20, 2020, at 2:00 p.m.[5] An affidavit of service of the foregoing is attached hereto as **Exhibit B.**

12. On January 8, 2020, Brooklyn Lender sent letters to I. Oberlander, I & C O, Greenfeld, Stein, M. Strulovitch, and Guttman to remind them of the document production deadline and the dates of their respective depositions as set forth in the Confirmation Subpoenas and to request that they contact Brooklyn Lender if they wanted to discuss alternative dates for their depositions. An affidavit of service of the foregoing is attached hereto as **Exhibit C.** Brooklyn Lender never received a response from any of the recipients of the January 8 letter.

13. To date, each of the Debtor-Affiliated Nonparties has been unresponsive to the Confirmation Subpoenas. They failed to produce the requested documents and failed to appear

---

[4] Brooklyn Lender served Schwimer at the address that appears on Brooklyn Lender's state court foreclosure action complaint against Debtor 618 Lafayette LLC.

[5] The Confirmation Subpoenas did not command C. Oberlander or Schwimer to appear for depositions.

for their examinations. They did not object to the Confirmation Subpoenas, seek an adjournment of their examinations, or seek an extension of time to produce the requested documents. At no point in time did any of the Debtor-Affiliated Nonparties contact Brooklyn Lender at all.[6]

## JURISDICTION AND VENUE

14. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## ARGUMENT

### A. The Court Should Compel N. Strulovitch, Wagshal, and the Debtor-Affiliated Nonparties to Comply with the Subpoenas

16. This Court has authority "to hold a nonparty in civil contempt and . . . impos[e] sanctions for failure to comply with a subpoena [where] that nonparty 'having been served, fails without adequate excuse to obey the subpoena.'" *Freund v. Weinstein*, No. 08-CV-1469 (FB)(MDG), 2010 WL 11627327, at *1 (E.D.N.Y. Oct. 1, 2010) (quoting Fed. R. Civ. P. 45); Fed. R. Civ. P. 45(g). Before holding a nonparty in contempt or imposing sanctions, "there must be a court order compelling discovery." *Freund*, 2010 WL 11627327, at *1; *Bender v. Del Valle*, No. 05 Civ.6459 (GEL) (RLE), 2007 WL 1686322, at *2 (S.D.N.Y. June 6, 2007) ("violation of a court order is generally required in addition to the failure to comply with the subpoena"); *Continental Ins. Co. v. Atlantic Cas. Ins. Co.*, No. 07 Civ. 3635(DC), 2008 WL 3852046, at *2 (S.D.N.Y. Aug.

---

[6] Brooklyn Lender also personally served subpoenas on the Debtors' agents and representatives in connection with the loan, including CSRE LLC ("CSRE"), United Commercial Group ("UCG"), and UCG's principal Leopold Schwimmer ("L. Schwimmer"). CSRE, UCG, and L. Schwimmer have not yet served responses or produced documents. Brooklyn Lender, however, has been in contact with UCG and L. Schwimmer and is attempting to resolve the issues without Court intervention. Moreover, Debtors' counsel has indicated CSRE would produce documents, but has not yet. Brooklyn Lender reserves the right to move to compel CSRE, UCG, and/or L. Schwimmer in the event they do not comply with the subpoenas.

13, 2008) (nonparty failed to attend a deposition and violated order compelling compliance). Brooklyn Lender accordingly seeks an order compelling N. Strulovitch, Wagshal, and the Debtor-Affiliated Nonparties to comply with the Subpoenas.

17. A motion to compel compliance with a subpoena should be granted where the nonparty has been properly served with the subpoena and the subpoena seeks testimony and documents that are relevant and material. *See, e.g.*, *Jalayer v. Stigliano*, No. CV 10-2285 (LDH) (AKT), 2016 WL 5477600, at *3-4 (E.D.N.Y. Sept. 29, 2016) (granting motion to compel where nonparty was properly served with discovery and subpoena sought discovery that was relevant and material); *Gesualdi v. BKS-NY, LLC*, No. CV 18-1708 (SJF) (AKT), 2019 WL 4571113 (E.D.N.Y. Sept. 20, 2019). Here, Brooklyn Lender served the parties at their only known addresses utilizing U.S. mail as authorized by the Court. This Court has already determined that the testimony and documents requested in the Rule 2004 Subpoenas are relevant and material to (a) the ownership and management of the Debtors and (b) facts underpinning Brooklyn Lender's claims against the Debtors. ([Docket No. 28].) The Confirmation Discovery served on the Debtor-Affiliated Nonparties is substantially similar and likewise goes to ownership of the Debtors and facts underpinning Brooklyn Lender's claims. The Court should, therefore, grant Brooklyn Lender's motion to compel.

        **B.    The Court Should Sanction N. Strulovitch, Wagshal, and the Debtor-Affiliated Nonparties if They Continue to Disobey the Subpoenas**

18. The Court has broad discretion to impose civil contempt sanctions for noncompliance with a court order. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004). Such sanctions may be both coercive (to ensure compliance with a court order) and compensatory (to compensate the party who has been

8

wronged) in nature. *Id.*; *see also Lesser v. U.S. Bank Nat. Ass'n*, No. 09-CV-2362 KAM ALC, 2011 WL 1004708, at *1, 10-12 (E.D.N.Y. Mar. 18, 2011) (ordering a nonparty to pay a $500-a-day fine for each day the nonparty disobeyed a court order to produce documents and appear at a deposition); *Freund*, 2010 WL 11627327, at *1-2 (warning nonparty that he would be fined $10,000 for failing to appear at a deposition and, when party failed to appear, fining him $10,000); *Continental Ins. Co.*, 2008 WL 3852046, at *2 (imposing costs for efforts to secure witness deposition); *NXIVM Corp v. Bouchey*, No. 1:11-MC-0058 GLS/DEP, 2011 WL 5080322, at *6 (N.D.N.Y. Oct. 24, 2011) (awarding costs, including attorneys' fees, associated with the preparation, filing, and argument of the motion for contempt).

19. Brooklyn Lender respectfully requests that the Court's order compelling N. Strulovitch, Wagshal, and the Debtor-Affiliated Nonparties to comply with the Subpoenas include civil contempt sanctions of (i) a $500-a-day fine for each day the subject of the Subpoenas fails to comply and (ii) payment of Brooklyn Lender's attorneys' fees and costs of securing compliance with the Subpoenas, including attorneys' fees and costs for preparing, filing, and arguing this motion to compel, costs associated with service, and attorneys' fees and time expended for the failed deposition attempts. Such sanctions are within the Court's discretion and are designed to ensure that N. Strulovitch, Wagshal, and the Debtor-Affiliated Nonparties comply with the Subpoenas in timely fashion.

## **PRIOR REQUEST**

20. Aside from the relief requested in the October 25 Letter Brief, no prior request for the relief sought in this Motion has been made by Brooklyn Lender or any other party in these proceedings.

9

**NOTICE**

21.    Notice of this Motion will be provided to (a) counsel to the Debtors; (b) the Office of the United States Trustee for the Southern District of New York; (c) N. Strulovitch, Wagshal, and the Debtor-Affiliated Nonparties; and (d) those parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002.

**RESERVATION OF RIGHTS**

22.    Brooklyn Lender reserves all rights with respect to this Motion and these Bankruptcy Cases, including the right to amend and/or supplement this Motion, the right to participate in additional briefing, and the right to be heard at any hearing or trial related to the Motion. Nothing contained herein shall constitute a waiver of any of the rights or remedies of Brooklyn Lender, each of which is expressly reserved.

**CONCLUSION**

WHEREFORE, for the reasons stated herein, Brooklyn Lender respectfully requests that this Court enter an Order, in the form attached hereto as **Annex A**: (i) compelling N. Strulovitch, Wagshal, and the Debtor-Affiliated Nonparties to comply with the Subpoenas; (ii) awarding a civil contempt sanction of a $500-a-day fine for each day the subject of the Subpoenas fails to comply, and payment of Brooklyn Lender's attorneys' fees and costs of securing compliance with the Subpoenas; and (iii) granting to Brooklyn Lender such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: January 20, 2020<br>New York, New York | STROOCK & STROOCK & LAVAN LLP<br><br>/s/ *Daniel A. Fliman*<br>Daniel A. Fliman<br>Jennifer S. Recine<br>Patrick N. Petrocelli<br>Tiffany L. Ho<br>Isaac S. Sasson<br>180 Maiden Lane<br>New York, New York 10038<br>Telephone: (212) 806-5400<br>Facsimile: (212) 806-6006<br><br>*Counsel for Brooklyn Lender LLC* |

11

**Annex A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| 53 STANHOPE LLC, *et al.*[1] | Case No. 19-23013 (RDD) |
| Debtors. | Jointly Administered |

**ORDER PURSUANT TO RULE 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE COMPELLING NACHMAN STRULOVITCH, JOSHUA WAGSHAL, IMRE OBERLANDER, CHAVA ROSENBERG A/K/A CHAVA OBERLANDER, I & C O ASSOCIATES, HERMAN GREENFELD, ALLEN STEIN, MOSES STRULOVITCH, MOSES GUTTMAN, AND ELEIZER SCHWIMER TO COMPLY WITH SUBPOENAS ISSUED BY BROOKLYN LENDER AND AWARDING SANCTIONS FOR FAILURE TO COMPLY**

Upon the motion (the "Motion"), dated January 20, 2020, of Brooklyn Lender LLC ("Brooklyn Lender") for an order pursuant to Rule 45 of the Federal Rules of Civil Procedure directing Nachman Strulovitch ("N. Strulovitch"), Joshua Wagshal ("Wagshal"), Imre Oberlander ("I. Oberlander"), Chava Rosenberg a/k/a Chava Oberlander ("C. Oberlander"), I & C O Associates ("I & C O"), Herman Greenfeld ("Greenfeld"), Allen Stein ("Stein"), Moses Strulovitch ("M. Strulovitch"), Moses Guttman ("Guttman"), and Eleizer Schwimer ("Schwimer") to comply with subpoenas issued by Brooklyn Lender (the "Subpoenas") and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D & W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155) (collectively, the "Debtors").

U.S.C. § 157(b); and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and, after due deliberation, this Court having concluded that upon the legal and factual bases set forth in the Motion Brooklyn Lender has established sufficient cause for the relief granted herein, now therefore, it is hereby ORDERED that:

1. The Motion is hereby GRANTED.

2. N. Strulovitch is hereby ORDERED to comply with the Subpoenas by producing documents on or before February 14, 2020, and appearing for examination on February 18, 2020, at 10:00 a.m. If N. Strulovitch fails to comply with the Subpoenas, N. Strulovitch shall pay a $500-a-day fine for each day that he fails to comply, as well as Brooklyn Lender's attorneys' fees and costs of securing his compliance with the Subpoenas, including attorneys' fees and costs of preparing, filing, and arguing the Motion, costs associated with service, and attorneys' fees and time expended for the failed deposition attempts.

3. Wagshal is hereby ORDERED to comply with the Subpoenas by producing documents on or before February 14, 2020, and appearing for examination on February 18, 2020, at 1:00 p.m. If Wagshal fails to comply with the Subpoenas, Wagshal shall pay a $500-a-day fine for each day that he fails to comply, as well as Brooklyn Lender's attorneys' fees and costs of securing his compliance with the Subpoenas, including attorneys' fees and costs of preparing, filing, and arguing the Motion, costs associated with service, and attorneys' fees and time expended for the failed deposition attempts.

4. I. Oberlander is hereby ORDERED to comply with the Subpoenas by producing documents on or before February 14, 2020, and appearing for examination on February 18, 2020, at 3:00 p.m. If I. Oberlander fails to comply with the Subpoenas, I. Oberlander shall pay a $500-

a-day fine for each day that he fails to comply, as well as Brooklyn Lender's attorneys' fees and costs of securing his compliance with the Subpoenas, including attorneys' fees and costs of preparing, filing, and arguing the Motion, costs associated with service, and attorneys' fees and time expended for the failed deposition attempts.

5. C. Oberlander is hereby ORDERED to comply with the Subpoenas by producing documents on or before February 14, 2020. If C. Oberlander fails to comply with the Subpoenas, C. Oberlander shall pay a $500-a-day fine for each day that she fails to comply, as well as Brooklyn Lender's attorneys' fees and costs of securing her compliance with the Subpoenas, including attorneys' fees and costs of preparing, filing, and arguing the Motion and costs associated with service.

6. I & C O is hereby ORDERED to comply with the Subpoenas by producing documents on or before February 14, 2020, and appearing for examination on February 18, 2020, at 3:00 p.m. If I & C O fails to comply with the Subpoenas, I & C O shall pay a $500-a-day fine for each day that it fails to comply, as well as Brooklyn Lender's attorneys' fees and costs of securing its compliance with the Subpoenas, including attorneys' fees and costs of preparing, filing, and arguing the Motion, costs associated with service, and attorneys' fees and time expended for the failed deposition attempts.

7. Greenfeld is hereby ORDERED to comply with the Subpoenas by producing documents on or before February 14, 2020, and appearing for examination on February 19, 2020, at 10:00 a.m. If Greenfeld fails to comply with the Subpoenas, Greenfeld shall pay a $500-a-day fine for each day that he fails to comply, as well as Brooklyn Lender's attorneys' fees and costs of securing his compliance with the Subpoenas, including attorneys' fees and costs of preparing, filing, and arguing the Motion, costs associated with service, and attorneys' fees and time

3

expended for the failed deposition attempts.

8. Stein is hereby ORDERED to comply with the Subpoenas by producing documents on or before February 14, 2020, and appearing for examination on February 19, 2020, at 1:00 p.m. If Stein fails to comply with the Subpoenas, Stein shall pay a $500-a-day fine for each day that he fails to comply, as well as Brooklyn Lender's attorneys' fees and costs of securing his compliance with the Subpoenas, including attorneys' fees and costs of preparing, filing, and arguing the Motion, costs associated with service, and attorneys' fees and time expended for the failed deposition attempts.

9. M. Strulovitch is hereby ORDERED to comply with the Subpoenas by producing documents on or before February 14, 2020, and appearing for examination on February 19, 2020, at 3:00 p.m. If M. Strulovitch fails to comply with the Subpoenas, M. Strulovitch shall pay a $500-a-day fine for each day that he fails to comply, as well as Brooklyn Lender's attorneys' fees and costs of securing his compliance with the Subpoenas, including attorneys' fees and costs of preparing, filing, and arguing the Motion, costs associated with service, and attorneys' fees and time expended for the failed deposition attempts.

10. Guttman is hereby ORDERED to comply with the Subpoenas by producing documents on or before February 14, 2020, and appearing for examination on February 19, 2020, at 3:00 p.m. If Guttman fails to comply with the Subpoenas, Guttman shall pay a $500-a-day fine for each day that he fails to comply, as well as Brooklyn Lender's attorneys' fees and costs of securing his compliance with the Subpoenas, including attorneys' fees and costs of preparing, filing, and arguing the Motion, costs associated with service, and attorneys' fees and time expended for the failed deposition attempts.

11. Schwimer is hereby ORDERED to comply with the Subpoenas by producing

documents on or before February 14, 2020. If Schwimer fails to comply with the Subpoenas, Schwimer shall pay a $500-a-day fine for each day that he fails to comply, as well as Brooklyn Lender's attorneys' fees and costs of securing his compliance with the Subpoenas, including attorneys' fees and costs of preparing, filing, and arguing the Motion and costs associated with service.

12. Brooklyn Lender is directed to serve this order within one (1) business day upon each of the parties subject to the Subpoenas via U.S. mail at the addresses to which the Subpoenas were initially sent. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
February [●], 2020

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE