# **EXHIBIT A**

Daniel A. Fliman
Jennifer S. Recine
Patrick N. Petrocelli
Tiffany L. Ho
Isaac S. Sasson
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Counsel for Brooklyn Lender LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | Chapter 11 |
| 53 STANHOPE LLC, *et al.*[1] | Case No. 19-23013 (RDD) |
| Debtor. | Jointly Administered |

**<u>AFFIDAVIT OF SERVICE</u>**

STATE OF NEW YORK      )
                                            : ss.:
COUNTY OF NEW YORK   )

David Mohamed, being duly sworn, affirms and says:

1.   I am over 18 years of age and am not a party to the above-captioned proceedings.  I am

employed by Stroock & Stroock & Lavan LLP, having offices at 180 Maiden Lane, New York,

New York 10038.

---

[1]    The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number
are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC
(3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92
South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC
Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston
LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155) (collectively, the
"<u>Debtors</u>").

2.   On August 30, 2019, affiant served true and correct copies of the applicable *Subpoena for*

*Rule 2004 Examination*, attached hereto as Exhibit A, by first class mail upon, as applicable:

Nachman Strulovitch                         Joshua Wagshal
123 Middleton Street,                        94 Herrick Avenue,
Brooklyn, NY 11206                          Spring Valley, NY 10977


                                                              /s/ David Mohamed
                                                              David Mohamed

Sworn to before me this
20th day of January, 2020

/s/ Michael Magzamen
    NOTARY PUBLIC


Michael Magzamen
Notary Public, State of New York
No. 01MA6055692
Qualified in Nassau County
Commission Expires March 5, 2023

# EXHIBIT A

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

### Southern District of New York

In re 53 Stanhope LLC, et al.

            Debtor

Case No. 19-23013 (RDD)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Nachman Strulovitch, 123 Middleton Street, Brooklyn, New York 11206

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038 | October 3, 2019 at 10:00 a.m. |

The examination will be recorded by this method: Audio-Visual and Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule 1 attached hereto

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 30, 2019

       CLERK OF COURT

                              OR

_____      /s/ Daniel A. Fliman

  *Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Brooklyn Lender LLC _____ , who issues or requests this subpoena, are:

Daniel Fliman, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, dfliman@stroock.com, 212-806-5400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE 1**

**DEFINITIONS**

1.      "Bankruptcy Case" means the chapter 11 proceeding jointly administered in *In re 53 Stanhope LLC, et al.*, Case No. 19-23013 (RDD), commenced on May 20 and 21, 2019 and pending in the United States Bankruptcy Court for the Southern District of New York.

2.      The term "communication" means any transmittal and/or receipt of information (in the form of facts, ideas, inquiries or otherwise), whether oral or written and whether chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, e-mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, press conferences, magazines and newspaper articles, testimony before a governmental body, and video and audio transmissions. For the avoidance of doubt, the term "communication" shall include any and all electronic messages and/or conversations using text messaging and mobile device chat services, including, without limitation, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, and SnapChat.

3.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

4.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, *i.e.*, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." A draft or non-identical copy is a separate

document within the meaning of this term. For the avoidance of doubt, the term "document" shall include any and all forms of recorded communications, including, without limitation, records of electronic messages and/or conversations using text messaging and mobile device chat services.

5.    "Debtor-Entities" means 53 Stanhope LLC, 55 Stanhope LLC, 92 South 4th St LLC, 106 Kingston LLC, 119 Rogers LLC, 127 Rogers LLC, 167 Hart LLC, 325 Franklin LLC, 618 Lafayette LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, 1213 Jefferson LLC, APC Holding 1 LLC, C & YSW, LLC, D & W Real Estate Spring LLC, Eighteen Homes LLC, Meserole and Lorimer LLC, and Natzliach LLC, which are debtors in the above-captioned Chapter 11 cases.

6.    "Properties" refer to the following properties:

    a)  53 Stanhope Street, Brooklyn, New York 11221

    b)  55 Stanhope Street, Brooklyn, New York 11221

    c)  92 South 4th Street, Brooklyn, New York 11249

    d)  106 Kingston Avenue, Brooklyn, New York 11213

    e)  119 Rogers Avenue, Brooklyn, New York 11216

    f)  127 Rogers Avenue, Brooklyn, New York 11216

    g)  167 Hart Street, Brooklyn, New York 11206

    h)  325 Franklin Avenue, Brooklyn, New York 11238

    i)  618 Lafayette Avenue, Brooklyn, New York 11216

    j)  834 Metropolitan Avenue, Brooklyn, New York 11211

    k)  1125 Greene Avenue, Brooklyn, New York 11221

    l)  1127 Greene Avenue, Brooklyn, New York 11221

m)  1129 Greene Avenue, Brooklyn, New York 11221

n)  1131 Greene Avenue, Brooklyn, New York 11221

o)  1133 Greene Avenue, Brooklyn, New York 11221

p)  1213 Jefferson Avenue, Brooklyn, New York 11221

q)  568 Willoughby Avenue, Brooklyn, New York 11206

r)  107 South 3rd Street, Brooklyn, New York 11249

s)  109 South 3rd Street, Brooklyn, New York 11249

t)  129 South 2nd Street, Brooklyn, New York 11249

u)  263 18th Street, Brooklyn, New York 11215

v)  129 South 2nd Street, Brooklyn, New York 11249

w)  318 Bedford Avenue, Brooklyn, New York 11249

x)  740 Driggs Avenue, Brooklyn, New York 11211

y)  144 Huntington Street, Brooklyn, New York 11231

z)  68 Carroll Street, Brooklyn, New York 11231

aa)  342 Rodney Street, Brooklyn, New York 11211

bb)  178 Meserole Street, Brooklyn, New York 11206

cc)  180 Meserole Street, Brooklyn, New York 11206

dd)  182 Meserole Street, Brooklyn, New York 11206

ee)  440 Lorimer Street, Brooklyn, New York 11206

7.    "Notes" refer to the mortgage notes on each of the Properties, executed by each of the Debtor-Entities in favor of Signature Bank.

8.    "Mortgages" refers to the mortgages made between Signature Bank and each of the Debtor-Entities on the Properties, and which were assigned to Brooklyn Lender.

9.    The term "person" means any natural person or any business, legal or governmental entity, agency, service, or association.

10.    The terms "reflecting," "relating to," and/or "relate to," mean describing, discussing, analyzing, comprising, constituting, containing, considering, embodying, evaluating, evidencing, mentioning, memorializing, supporting, collaborating, demonstrating, identifying, referencing, discussing, indicating, providing, referring to, showing, refuting, disputing, rebutting, controverting, contradicting, made in connection with or by reason of or arising therefrom, or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

11.    "Request" or "requests" refers generally to the document requests set forth herein.

12.    The terms "you" and "your" mean the person or entity to which these requests are directed as well as their agents, employees, directors, officers, representatives, attorneys, advisors, or any other person acting, speaking, or purporting to act or speak on their behalf.

## INSTRUCTIONS

1.    Unless otherwise indicated, the communications and documents hereby requested for production and inspection include all documents in your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a communication or document is in your possession, custody, or control if you have actual possession or custody or the right to obtain the document or a copy thereof upon demand from one or more of your employees, representatives, agents, independent contractors, consultants, attorneys, advisors, accountants, auditors, or any other person or public or private entity that has actual physical possession thereof.  This includes, but is not limited to, documents physically held by your agents, representatives, employees, attorneys, financial advisors, or other advisors.  It also includes any communications and documents contained in any computer,

mobile device, server, mainframe, or other storage device (including (i) documents on or in computer memory; (ii) documents on or in computer or network backup files; and (iii) documents which have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within your possession, custody, or control. For the avoidance of doubt, this also includes any communications and documents contained on any personal computer, mobile device, server, mainframe, or other storage device within the possession of your agents, representatives, employees, attorneys, financial advisors, or other advisors, regardless of whether the device is issued or owned by you.

2.      As the term "possession" relates to e-mail, text messages, mobile device chats, and any other electronically stored information, the term includes, but is not limited to, documents and communications contained in your electronic e-mail, cloud-based, and mobile device directories, including, but not limited to: (a) "deleted" documents and communications that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" documents and communications, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" documents and communications, including all subdirectories irrespective of the title of such subdirectories.

3.      As the requests relate to e-mail, text messages, mobile device chats, and any other electronically stored information, you are to review the text of each individual document and communication (*i.e.*, not simply review the subject heading or utilize an electronic search device).

4.      The documents produced pursuant to this request are to be segregated and identified by the number of the request below to which they are responsive, or are to be produced as they are maintained in the ordinary course of business.

5.    All documents that are produced in electronic format should be provided with: (i) Group IV "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each electronic document.  Brooklyn Lender also requests that all spreadsheets created in Microsoft Excel or similar spreadsheet programs be produced in their native format.  Brooklyn Lender reserves its right to request that other documents be produced in their native format.  The following metadata fields are also to be produced with all documents produced in electronic format:

| Field Name | Description |
| --- | --- |
| BEGDOC | Auto-generated number assigned to first page of document |
| ENDDOC | Auto-generated number assigned to last page of document |
| BEGATTACH | Auto-generated number assigned to first page of the parent document in a family |
| ENDATTACH | Auto-generated number assigned to last page of an attachment in a document family |
| PARENT_ID | The beginning DOCID for a parent document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (e.g., Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | Vendor populated field where "P" denotes a parent document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual document |
| FROM | Name of the sender of an email from the "From" field in Outlook |
| TO | Recipients of an email from the "To" field in Outlook |
| CC | Name of persons to whom a copy of an email was sent |

| BCC | The name of any person blind copied on an email |
|---|---|
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name of the person from which a collection of email or application files originate |
| AUTHOR | The name of the author or the creator of an application file from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_CREATED | The time at which an email or application file was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "last author" field for an application file |
| LAST_SAVED | The date in the "last saved" field for an application file |
| LAST_PRINTED | The date in the "last printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The file name extension for each email, attachment or application file |
| FILENAME | The name of the application file, including extension |
| FILESIZE | The size of a document in bytes |
| SOURCEFOLDER | The full path information for email, attachments and application files beginning with the original source folder name |
| HASHVALUE | Output of algorithm-generated value for each individual file |
| SEARCH_HIT | The search term or terms that "hit" on a document |

| NATIVE_FILE | Hyperlink to the native file |
|---|---|

6.      Selection of documents from files and other sources, and the numbering of such documents, shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

7.      File folders with tabs, labels, or directories of files identifying documents must be produced intact with such tabs, labels, or directories and the documents contained therein.

8.      Documents attached to each other shall not be separated.

9.      A document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10.      Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other documents at any time affixed thereto.  If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.      In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

12.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

13.    The terms "all," "any," and "each" shall be construed as encompassing any and all.

14.    For the avoidance of doubt, the word "including" shall be deemed to be followed by the words "without limitation."  A list following any of these terms shall be interpreted to contain illustrative examples of the types of documents responsive to the request, but the list is without limitation and does not constitute an exclusive, all-encompassing, or exhaustive listing of every type of document responsive to the request and shall not be deemed in any way to qualify, limit, or restrict the scope of the request.

15.    Any ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope.

16.    If you withhold any document requested herein on the basis of any assertion of privilege or other immunity from discovery, that document is to be identified by stating:  (i) any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, subject matter, and attachment or appendages; and (iv) the nature of the privilege or immunity asserted.

17.    If you object to a request, you must clearly indicate whether any responsive materials are being withheld on the basis of that objection.  If you object to only a portion of a request, you must clearly indicate to which part of the request the objection is directed, whether any responsive materials are being withheld on the basis of that objection, and provide all documents to which objection is not made as if such part or portion of the request were propounded as a separate request.

18.    If your response to a particular request is that you lack the ability to comply with that request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or

has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information, item, or category of information must be identified.

19.     If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

20.     Terms not specifically defined herein shall be given their ordinary meanings as you understand them to be used in the trade or pursuant to ordinary usage.

21.     When a request calls for documents for a certain period of time, that request shall encompass all documents and information relating, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to that period.

22.     The relevant time period for each request is from the date of the origination of each Mortgage through the date of production ("Relevant Time Period"), unless otherwise specifically indicated.    Each request shall be interpreted to include all documents and electronically-stored information ("ESI") that relate to the Relevant Time Period or otherwise-specified period, even if such documents or ESI was prepared or published outside of the Relevant Time Period or otherwise specified-period.    If a document or ESI prepared before or after this period is necessary for a correct or complete understanding of any document or ESI covered by a request, you must produce the earlier or subsequent document as well.    If any document or ESI is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

Documents sufficient to identify the names and addresses of all current equity holders, owners, shareholders, members or investors in each Debtor-Entity.

### REQUEST NO. 2:

Documents sufficient to identify the names and addresses of all equity holders, owners, shareholders, members or investors in each Debtor-Entity, at all times during the Relevant Time Period.

### REQUEST NO. 3:

Documents sufficient to identify the names and addresses of persons currently responsible for managing or otherwise making decisions on behalf of or regarding any Debtor-Entity.

### REQUEST NO. 4:

All documents, resolutions, operating agreements, manager's certificates, shareholders agreements, partnership agreements or articles of organization pertaining to each Debtor-Entity.

### REQUEST NO. 5:

All organizational documents of each Debtor-Entity, including, without limitation, certificates of formation, bylaws, operating agreements and any shareholders or members agreements.

### REQUEST NO. 6:

All communications, documents, agreements and/or memoranda concerning the current management and governance of each Debtor-Entity, including without limitation, any organizational charts, resolutions, minute books, operating agreements, amendments of operating agreements, sales or assignments of shares in each Debtor-Entity or any similar governing documents.

**REQUEST NO. 7:**

Documents reflecting all payments received by, or on behalf of, any Debtor-Entity from Chaskiel Strulovitch ("Strulovitch") and/or from any equity holder, owner, shareholder, member or investor of any Debtor-Entity, including, without limitation, any equity holder located either in Israel and/or Canada, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 8:**

All communications, documents, agreements and/or memoranda that identify how any Debtor-Entity utilized funds it obtained from any equity holder, owner, shareholder, member or investor, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 9:**

All communications, documents, agreements and/or memoranda which identify any person or entity who conveyed any money or capital to Strulovitch, and which was used to fund any Debtor-Entity or acquire any Property, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 10:**

Documents sufficient to show funds raised at any time for the Debtor-Entities and/or Properties, along with the purpose of such funds and how the Debtor-Entities used such funds, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 11:**

Itemization of all specifically denominated dividends, distributions, or any other payments made by, or on behalf of, any Debtor-Entity and received by Strulovitch and/or any equity holder,

owner, shareholder, member or investor of any Debtor-Entity, specifically on account of ownership or equity interests and/or management services, along with the date, amount and nature of such payments.

**REQUEST NO. 12:**

All communications, documents, agreements and/or memoranda concerning each Debtor-Entity's present agency, employment, or management relationship with Mendel Brach.

**REQUEST NO. 13:**

All communications, documents, agreements and/or memoranda (a) specifically creating or transferring any ownership/equity interests or management rights in any Debtor-Entity to CSRE LLC, CS Construction LLC and/or Goodliving Management LLC at all times; and/or (b) reflecting specifically denominated dividends, distributions, or other payments made by any Debtor-Entity to the entities named in this request specifically on account of ownership or equity interests and/or management services at all times.

**REQUEST NO. 14:**

All communications, documents, agreements and/or memoranda (a) specifically creating or transferring any ownership or equity interests or management rights in any Debtor-Entity to Nachman Strulovitch, Joshua Wagshal, Meir Bamberger, Jacob Schonberg, Bertha Schonberg, Nathan Gross, Michael Muller, Zwiebel Chaja Chava, Binyomin Halpern, Benjamin Schonberg, Frieda Karmel, Morris Karmel, David Schonfeld, Pnina Schonfeld and/or any other investor; and/or (b) reflecting specifically denominated dividends, distributions, or other payments made by any Debtor-Entity to the individuals named in this request and/or any other investor specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 15:**

All communications, documents, agreements and/or memoranda concerning or reflecting any

statements made by any Debtor-Entity and/or by Strulovitch concerning the identity of the equity holders, owners, shareholders, members or investors of the Debtor-Entities, to the extent such documents (a) specifically create or transfer any ownership or equity interests or management rights in any Debtor-Entity and/or (b) reflect specifically denominated dividends, distributions, or other payments made by any Debtor-Entity specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 16:**

All documents concerning any specifically denominated dividends, distributions, or any other payments paid by any Debtor-Entity to Strulovitch and/or any equity holder, owner, shareholder, member or investor of any Debtor-Entity, specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 17:**

All communications, documents, agreements and/or memoranda concerning each Debtor-Entity's relationship with David Goldwasser ("Goldwasser") or GC Realty Advisors ("GC Realty") at all times, including without limitation concerning any arrangements or agreements regarding Goldwasser and/or GC Realty's appointment as authorized representative or Vice President of each Debtor-Entity and/or the structure of each Debtor-Entity's relationship with Goldwasser and/or GC Realty.

**REQUEST NO. 18:**

Documents sufficient to itemize payments of any kind whatsoever, made by any Debtor-Entity and received by Goldwasser and/or GC Realty, along with a description of the nature of such payments.

**REQUEST NO. 19:**

Documents specifically transferring real property and/or personal property of any kind by any Debtor-Entity during the Relevant Time Period.

**REQUEST NO. 20:**

Documents sufficient to identify the names and addresses of management companies or other service providers for each of the Properties, and copies of agreements with such management companies or similar service providers.

**REQUEST NO. 21:**

Documents sufficient to show payments of any kind whatsoever, made by any Debtor-Entity to management companies or other service providers, along with a description of the nature of such payments.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## **Southern** District of **New York**

In re **53 Stanhope LLC, et al.**      Case No. **19-23013 (RDD)**

          Debtor

                       Chapter **11**

### SUBPOENA FOR RULE 2004 EXAMINATION

To: **Joshua Wagshal, 94 Herrick Ave, Spring Valley, NY 10977**

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038 | October 3, 2019 at 2:00 p.m. |

The examination will be recorded by this method: **Audio-Visual and Stenographic**

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule 1 attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **August 30, 2019**

             CLERK OF COURT

                             OR

          _____           **/s/ Daniel A. Fliman**

           *Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Brooklyn Lender LLC _____ , who issues or requests this subpoena, are:

Daniel Fliman, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, dfliman@stroock.com, 212-806-5400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE 1

### DEFINITIONS

1.    "Bankruptcy Case" means the chapter 11 proceeding jointly administered in *In re 53 Stanhope LLC, et al.*, Case No. 19-23013 (RDD), commenced on May 20 and 21, 2019 and pending in the United States Bankruptcy Court for the Southern District of New York.

2.    The term "communication" means any transmittal and/or receipt of information (in the form of facts, ideas, inquiries or otherwise), whether oral or written and whether chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, e-mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, press conferences, magazines and newspaper articles, testimony before a governmental body, and video and audio transmissions. For the avoidance of doubt, the term "communication" shall include any and all electronic messages and/or conversations using text messaging and mobile device chat services, including, without limitation, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, and SnapChat.

3.    The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

4.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, *i.e.*, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." A draft or non-identical copy is a separate

document within the meaning of this term. For the avoidance of doubt, the term "document" shall include any and all forms of recorded communications, including, without limitation, records of electronic messages and/or conversations using text messaging and mobile device chat services.

5.    "Debtor-Entities" means 53 Stanhope LLC, 55 Stanhope LLC, 92 South 4th St LLC, 106 Kingston LLC, 119 Rogers LLC, 127 Rogers LLC, 167 Hart LLC, 325 Franklin LLC, 618 Lafayette LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, 1213 Jefferson LLC, APC Holding 1 LLC, C & YSW, LLC, D & W Real Estate Spring LLC, Eighteen Homes LLC, Meserole and Lorimer LLC, and Natzliach LLC, which are debtors in the above-captioned Chapter 11 cases.

6.    "Properties" refer to the following properties:

    a)  53 Stanhope Street, Brooklyn, New York 11221

    b)  55 Stanhope Street, Brooklyn, New York 11221

    c)  92 South 4th Street, Brooklyn, New York 11249

    d)  106 Kingston Avenue, Brooklyn, New York 11213

    e)  119 Rogers Avenue, Brooklyn, New York 11216

    f)  127 Rogers Avenue, Brooklyn, New York 11216

    g)  167 Hart Street, Brooklyn, New York 11206

    h)  325 Franklin Avenue, Brooklyn, New York 11238

    i)  618 Lafayette Avenue, Brooklyn, New York 11216

    j)  834 Metropolitan Avenue, Brooklyn, New York 11211

    k)  1125 Greene Avenue, Brooklyn, New York 11221

    l)  1127 Greene Avenue, Brooklyn, New York 11221

m) 1129 Greene Avenue, Brooklyn, New York 11221

n) 1131 Greene Avenue, Brooklyn, New York 11221

o) 1133 Greene Avenue, Brooklyn, New York 11221

p) 1213 Jefferson Avenue, Brooklyn, New York 11221

q) 568 Willoughby Avenue, Brooklyn, New York 11206

r) 107 South 3rd Street, Brooklyn, New York 11249

s) 109 South 3rd Street, Brooklyn, New York 11249

t) 129 South 2nd Street, Brooklyn, New York 11249

u) 263 18th Street, Brooklyn, New York 11215

v) 129 South 2nd Street, Brooklyn, New York 11249

w) 318 Bedford Avenue, Brooklyn, New York 11249

x) 740 Driggs Avenue, Brooklyn, New York 11211

y) 144 Huntington Street, Brooklyn, New York 11231

z) 68 Carroll Street, Brooklyn, New York 11231

aa) 342 Rodney Street, Brooklyn, New York 11211

bb) 178 Meserole Street, Brooklyn, New York 11206

cc) 180 Meserole Street, Brooklyn, New York 11206

dd) 182 Meserole Street, Brooklyn, New York 11206

ee) 440 Lorimer Street, Brooklyn, New York 11206

7.    "Notes" refer to the mortgage notes on each of the Properties, executed by each of the Debtor-Entities in favor of Signature Bank.

8.    "Mortgages" refers to the mortgages made between Signature Bank and each of the Debtor-Entities on the Properties, and which were assigned to Brooklyn Lender.

9.    The term "person" means any natural person or any business, legal or governmental entity, agency, service, or association.

10.    The terms "reflecting," "relating to," and/or "relate to," mean describing, discussing, analyzing, comprising, constituting, containing, considering, embodying, evaluating, evidencing, mentioning, memorializing, supporting, collaborating, demonstrating, identifying, referencing, discussing, indicating, providing, referring to, showing, refuting, disputing, rebutting, controverting, contradicting, made in connection with or by reason of or arising therefrom, or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

11.    "Request" or "requests" refers generally to the document requests set forth herein.

12.    The terms "you" and "your" mean the person or entity to which these requests are directed as well as their agents, employees, directors, officers, representatives, attorneys, advisors, or any other person acting, speaking, or purporting to act or speak on their behalf.

## INSTRUCTIONS

1.    Unless otherwise indicated, the communications and documents hereby requested for production and inspection include all documents in your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a communication or document is in your possession, custody, or control if you have actual possession or custody or the right to obtain the document or a copy thereof upon demand from one or more of your employees, representatives, agents, independent contractors, consultants, attorneys, advisors, accountants, auditors, or any other person or public or private entity that has actual physical possession thereof. This includes, but is not limited to, documents physically held by your agents, representatives, employees, attorneys, financial advisors, or other advisors. It also includes any communications and documents contained in any computer,

4

mobile device, server, mainframe, or other storage device (including (i) documents on or in computer memory; (ii) documents on or in computer or network backup files; and (iii) documents which have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within your possession, custody, or control. For the avoidance of doubt, this also includes any communications and documents contained on any personal computer, mobile device, server, mainframe, or other storage device within the possession of your agents, representatives, employees, attorneys, financial advisors, or other advisors, regardless of whether the device is issued or owned by you.

2.    As the term "possession" relates to e-mail, text messages, mobile device chats, and any other electronically stored information, the term includes, but is not limited to, documents and communications contained in your electronic e-mail, cloud-based, and mobile device directories, including, but not limited to:  (a) "deleted" documents and communications that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" documents and communications, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" documents and communications, including all subdirectories irrespective of the title of such subdirectories.

3.    As the requests relate to e-mail, text messages, mobile device chats, and any other electronically stored information, you are to review the text of each individual document and communication (*i.e.*, not simply review the subject heading or utilize an electronic search device).

4.    The documents produced pursuant to this request are to be segregated and identified by the number of the request below to which they are responsive, or are to be produced as they are maintained in the ordinary course of business.

5.    All documents that are produced in electronic format should be provided with: (i) Group IV "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each electronic document.  Brooklyn Lender also requests that all spreadsheets created in Microsoft Excel or similar spreadsheet programs be produced in their native format.   Brooklyn Lender reserves its right to request that other documents be produced in their native format.  The following metadata fields are also to be produced with all documents produced in electronic format:

| Field Name | Description |
| --- | --- |
| BEGDOC | Auto-generated number assigned to first page of document |
| ENDDOC | Auto-generated number assigned to last page of document |
| BEGATTACH | Auto-generated number assigned to first page of the parent document in a family |
| ENDATTACH | Auto-generated number assigned to last page of an attachment in a document family |
| PARENT_ID | The beginning DOCID for a parent document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (e.g., Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | Vendor populated field where "P" denotes a parent document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual document |
| FROM | Name of the sender of an email from the "From" field in Outlook |
| TO | Recipients of an email from the "To" field in Outlook |
| CC | Name of persons to whom a copy of an email was sent |

| | |
|---|---|
| BCC | The name of any person blind copied on an email |
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name of the person from which a collection of email or application files originate |
| AUTHOR | The name of the author or the creator of an application file from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_CREATED | The time at which an email or application file was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "last author" field for an application file |
| LAST_SAVED | The date in the "last saved" field for an application file |
| LAST_PRINTED | The date in the "last printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The file name extension for each email, attachment or application file |
| FILENAME | The name of the application file, including extension |
| FILESIZE | The size of a document in bytes |
| SOURCEFOLDER | The full path information for email, attachments and application files beginning with the original source folder name |
| HASHVALUE | Output of algorithm-generated value for each individual file |
| SEARCH_HIT | The search term or terms that "hit" on a document |

| NATIVE_FILE | Hyperlink to the native file |
|---|---|

6.    Selection of documents from files and other sources, and the numbering of such documents, shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

7.    File folders with tabs, labels, or directories of files identifying documents must be produced intact with such tabs, labels, or directories and the documents contained therein.

8.    Documents attached to each other shall not be separated.

9.    A document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10.    Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other documents at any time affixed thereto. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.    In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

12.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

13.    The terms "all," "any," and "each" shall be construed as encompassing any and all.

14.    For the avoidance of doubt, the word "including" shall be deemed to be followed by the words "without limitation." A list following any of these terms shall be interpreted to contain illustrative examples of the types of documents responsive to the request, but the list is without limitation and does not constitute an exclusive, all-encompassing, or exhaustive listing of every type of document responsive to the request and shall not be deemed in any way to qualify, limit, or restrict the scope of the request.

15.    Any ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope.

16.    If you withhold any document requested herein on the basis of any assertion of privilege or other immunity from discovery, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, subject matter, and attachment or appendages; and (iv) the nature of the privilege or immunity asserted.

17.    If you object to a request, you must clearly indicate whether any responsive materials are being withheld on the basis of that objection. If you object to only a portion of a request, you must clearly indicate to which part of the request the objection is directed, whether any responsive materials are being withheld on the basis of that objection, and provide all documents to which objection is not made as if such part or portion of the request were propounded as a separate request.

18.    If your response to a particular request is that you lack the ability to comply with that request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or

has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information, item, or category of information must be identified.

19.    If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

20.    Terms not specifically defined herein shall be given their ordinary meanings as you understand them to be used in the trade or pursuant to ordinary usage.

21.    When a request calls for documents for a certain period of time, that request shall encompass all documents and information relating, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to that period.

22.    The relevant time period for each request is from the date of the origination of each Mortgage through the date of production ("Relevant Time Period"), unless otherwise specifically indicated.    Each request shall be interpreted to include all documents and electronically-stored information ("ESI") that relate to the Relevant Time Period or otherwise-specified period, even if such documents or ESI was prepared or published outside of the Relevant Time Period or otherwise specified-period.    If a document or ESI prepared before or after this period is necessary for a correct or complete understanding of any document or ESI covered by a request, you must produce the earlier or subsequent document as well.    If any document or ESI is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

Documents sufficient to identify the names and addresses of all current equity holders, owners, shareholders, members or investors in each Debtor-Entity.

### REQUEST NO. 2:

Documents sufficient to identify the names and addresses of all equity holders, owners, shareholders, members or investors in each Debtor-Entity, at all times during the Relevant Time Period.

### REQUEST NO. 3:

Documents sufficient to identify the names and addresses of persons currently responsible for managing or otherwise making decisions on behalf of or regarding any Debtor-Entity.

### REQUEST NO. 4:

All documents, resolutions, operating agreements, manager's certificates, shareholders agreements, partnership agreements or articles of organization pertaining to each Debtor-Entity.

### REQUEST NO. 5:

All organizational documents of each Debtor-Entity, including, without limitation, certificates of formation, bylaws, operating agreements and any shareholders or members agreements.

### REQUEST NO. 6:

All communications, documents, agreements and/or memoranda concerning the current management and governance of each Debtor-Entity, including without limitation, any organizational charts, resolutions, minute books, operating agreements, amendments of operating agreements, sales or assignments of shares in each Debtor-Entity or any similar governing documents.

**REQUEST NO. 7:**

Documents reflecting all payments received by, or on behalf of, any Debtor-Entity from Chaskiel Strulovitch ("Strulovitch") and/or from any equity holder, owner, shareholder, member or investor of any Debtor-Entity, including, without limitation, any equity holder located either in Israel and/or Canada, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 8:**

All communications, documents, agreements and/or memoranda that identify how any Debtor-Entity utilized funds it obtained from any equity holder, owner, shareholder, member or investor, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 9:**

All communications, documents, agreements and/or memoranda which identify any person or entity who conveyed any money or capital to Strulovitch, and which was used to fund any Debtor-Entity or acquire any Property, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 10:**

Documents sufficient to show funds raised at any time for the Debtor-Entities and/or Properties, along with the purpose of such funds and how the Debtor-Entities used such funds, to the extent such documents specifically create or transfer any ownership/equity interests or management rights in any Debtor-Entity.

**REQUEST NO. 11:**

Itemization of all specifically denominated dividends, distributions, or any other payments made by, or on behalf of, any Debtor-Entity and received by Strulovitch and/or any equity holder,

owner, shareholder, member or investor of any Debtor-Entity, specifically on account of ownership or equity interests and/or management services, along with the date, amount and nature of such payments.

**REQUEST NO. 12:**

All communications, documents, agreements and/or memoranda concerning each Debtor-Entity's present agency, employment, or management relationship with Mendel Brach.

**REQUEST NO. 13:**

All communications, documents, agreements and/or memoranda (a) specifically creating or transferring any ownership/equity interests or management rights in any Debtor-Entity to CSRE LLC, CS Construction LLC and/or Goodliving Management LLC at all times; and/or (b) reflecting specifically denominated dividends, distributions, or other payments made by any Debtor-Entity to the entities named in this request specifically on account of ownership or equity interests and/or management services at all times.

**REQUEST NO. 14:**

All communications, documents, agreements and/or memoranda (a) specifically creating or transferring any ownership or equity interests or management rights in any Debtor-Entity to Nachman Strulovitch, Joshua Wagshal, Meir Bamberger, Jacob Schonberg, Bertha Schonberg, Nathan Gross, Michael Muller, Zwiebel Chaja Chava, Binyomin Halpern, Benjamin Schonberg, Frieda Karmel, Morris Karmel, David Schonfeld, Pnina Schonfeld and/or any other investor; and/or (b) reflecting specifically denominated dividends, distributions, or other payments made by any Debtor-Entity to the individuals named in this request and/or any other investor specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 15:**

All communications, documents, agreements and/or memoranda concerning or reflecting any

statements made by any Debtor-Entity and/or by Strulovitch concerning the identity of the equity holders, owners, shareholders, members or investors of the Debtor-Entities, to the extent such documents (a) specifically create or transfer any ownership or equity interests or management rights in any Debtor-Entity and/or (b) reflect specifically denominated dividends, distributions, or other payments made by any Debtor-Entity specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 16:**

All documents concerning any specifically denominated dividends, distributions, or any other payments paid by any Debtor-Entity to Strulovitch and/or any equity holder, owner, shareholder, member or investor of any Debtor-Entity, specifically on account of ownership or equity interests and/or management services.

**REQUEST NO. 17:**

All communications, documents, agreements and/or memoranda concerning each Debtor-Entity's relationship with David Goldwasser ("Goldwasser") or GC Realty Advisors ("GC Realty") at all times, including without limitation concerning any arrangements or agreements regarding Goldwasser and/or GC Realty's appointment as authorized representative or Vice President of each Debtor-Entity and/or the structure of each Debtor-Entity's relationship with Goldwasser and/or GC Realty.

**REQUEST NO. 18:**

Documents sufficient to itemize payments of any kind whatsoever, made by any Debtor-Entity and received by Goldwasser and/or GC Realty, along with a description of the nature of such payments.

**REQUEST NO. 19:**

Documents specifically transferring real property and/or personal property of any kind by any Debtor-Entity during the Relevant Time Period.

**REQUEST NO. 20:**

Documents sufficient to identify the names and addresses of management companies or other service providers for each of the Properties, and copies of agreements with such management companies or similar service providers.

**REQUEST NO. 21:**

Documents sufficient to show payments of any kind whatsoever, made by any Debtor-Entity to management companies or other service providers, along with a description of the nature of such payments.