# BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600, New York, New York 10165
(212) 697–6484, Fax (212) 697–7296

January 22, 2020

**Via ECF**
The Honorable Robert D. Drain
United States Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601-4140

Re: In re 53 Stanhope LLC, et al., Case No. 19-23013 (RDD) (Bankr. S.D.N.Y.)

Dear Judge Drain:

This firm represents the claimants identified in Docket No. 79-1 (the "Claimants"). The Claimants submit this letter in accordance with the Court's instruction at the January 8, 2020 hearing (the "January 8 Hearing") that the Debtors and the Claimants notify the Court by this date about whether they have agreed on the proper forum for determining Claimants' claims (the "Claims").

The Debtors and the Claimants do not agree on the proper forum. The Debtors propose that this Court should abstain and the Claims should be determined in the federal district court action that is styled *Schonberg, et al. v. Strulovitch, et al.*, Case No. 17 Civ. 2161 (CBA) (RML) (the "Federal Action"). In the Second Amended Complaint in the Federal Action, the plaintiffs – which included the twenty-two "LLC Claimants"[1] some of the individual claimants – asserted claims for securities fraud, breach of fiduciary duty, common law fraud, unjust enrichment, constructive trust, and accounting. The district court either dismissed or referred to arbitration the plaintiffs' federal securities claim – their sole federal cause of action – and the district court then declined to retain supplemental jurisdiction over the plaintiffs' remaining state law claims. Thus, the district court declined to exercise jurisdiction over certain claims by the Claimants.

In December 2018, the plaintiffs submitted a pre-motion letter, in accordance with the court's individual rules, seeking leave to amend their complaint in order to proceed with the litigation of their proposed viable, non-arbitrable claims. In November 2019, after significant pre-motion briefing and oral argument, the district court directed the plaintiffs to file a formal motion for leave to amend, including a proposed amended complaint. On December 30, 2019, the plaintiffs filed their motion for leave to amend and submitted a proposed amended complaint that was filed only against the non-debtor parties.

The Federal Action is not the appropriate forum for several reasons. There is, as of now, no operative complaint in Federal Action. The district court is considering a pending motion for leave to amend, which is opposed by Mr. Yechezkel Strulovitch (the Debtors' apparent principal) and the other defendants in the Federal Action. In addition, most of the individual

---

[1] The LLC Claimants are identified in Docket No. 79-1.

claimants asserting claims here are not plaintiffs the Federal Action. Also, none of the Debtors are included as defendants on the proposed Third Amended Complaint in the Federal Action.

The Claimants believe that the bankruptcy court should retain its jurisdiction and not abstain. This is supported by the precedent in this district that the bankruptcy court is the proper forum. The Claimants believe that the Debtors' argument falls short of their high burden of establishing that permissive abstention is warranted.

First, there is no related proceeding that will assuredly exercise its jurisdiction over the Claimants' claims. A number of the Claimants are not included in the Federal Action. This is the only court with unchallenged jurisdiction over all of the Claimants' claims against the Debtors. Second, it would be impractical to sever the Claims from core bankruptcy matters to allow judgments to be entered in the district court, with enforcement left to this Court. The Debtors' reorganization plan (the "Plan") is scheduled for a confirmation hearing in February 2020 and should be effective soon after. The Federal Action – or a state court action – could take years to reach a judgment on the Claims. Even if the Claims were subordinated pursuant to Section 510(b) – as the Debtors propose – the Claimants have no guarantee that, at the time such judgment is entered, the equity interest allotted to them under the Plan would retain any value. This Court's adjudication of the Claims would not impede the efficient administration of the Debtors' estates, but would, rather, facilitate it.

Additional factors support the retention of jurisdiction. The Debtors – when they were defendants in the Federal Action – opposed the federal court forum from the beginning. The Debtors argued that any of the plaintiffs' viable causes of action should be heard in state court or in arbitration. And this is the position currently adopted, in the Federal Action, by the Debtors' principal and the Debtors' related entities in opposition to the plaintiffs' request for leave to amend the complaint. In all likelihood, the Debtors would again oppose the district court's exercise of its jurisdiction. By contrast, the Debtors willingly and indisputably subjected themselves to this Court's jurisdiction when it filed for bankruptcy. They knew that they were allowing this Court to determine the validity of the Claims.

In addition, the Claimants have been prejudiced by the Debtors' recourse to bankruptcy court and, at a minimum, the Claimants should be able to avail themselves of this Court's jurisdiction over the Claims. The automatic bankruptcy stay – along with the attempt of the Debtors' principal and other defendants to extend the bankruptcy stay to non-debtor defendants – delayed the Federal Action. The Claimants were also required to appear in another forum to protect their claims. And the Debtors' use of this forum has also allowed them to seek the subordination of the Claimants' claims. The Claimants should likewise have recourse to this forum for their claims.

Finally, given the discovery in this proceeding – in connection with the discovery obtained by Brooklyn Lender LLC and with the forthcoming discovery related to the classification of the Claims as subordinated or unsubordinated – this Court will be well-positioned to proceed to a determination of the merits of the Claims.

2

If the Court is considering abstaining as to the Claims here, Claimants respectfully request the opportunity to fully brief the question of abstention.

                                        Respectfully yours,
                                        /s
                                        Yitzchak Eliezer Soloveichik