# ABRAMS AF FENSTERMAN

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP

www.abramslaw.com

1 Metrotech Center - Suite 1701
Brooklyn, New York 11201
Tel: 718-215-5300
Fax: 718-215-5304

ANDREA J. CARUSO
Partner
acaruso@abramslaw.com

**FIRM OFFICES**
Brooklyn
New York
Lake Success
Rochester

January 29, 2020

**_VIA ECF and Email_**
Honorable Robert D. Drain
United States Bankruptcy Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re: *In re 53 Stanhope LLC, et al.*, Case no. 19-23013 (RDD)

Dear Judge Drain:

As Your Honor is aware, this firm serves as special counsel to the debtors.

I am writing, pursuant to Local Rule 7001-1(b) and the Court's Chambers Rules, to request that the Court schedule a pre-motion conference concerning the debtors' proposed motion *in limine* seeking to strike the expert report of Maureen G. Stewart and to exclude her testimony at the confirmation hearing on the grounds of relevance, because Ms. Stewart's opinions as expressed in the report concerning the "materiality" of the alleged defaults are legal questions for the Court and because Brooklyn Lender, LLC ("Lender") failed to provide the required expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

The Court's December 17, 2019 amended scheduling order with respect to discovery required that the Lender produce the expert report of Maureen G. Stewart "relating to mortgage origination and underwriting practices and standards" (the "Stewart expert report") by January 3, 2020. A copy of the Stewart report is attached to this letter as exhibit A.

The Stewart expert report opines on the following issues, as described in the report:

(A) Whether a reasonable lender would have found the identity of the Borrower LLCs' owners to be a material consideration in its underwriting and approval of the Loans;
(B) Whether a reasonable lender would have made the Loans to the Borrower LLCs on the same terms, without additional information, if it knew that Mr.

Ltr to Judge Drain
Page 2 of 5
January 29, 2020

> Strulovitch was syndicating ownership of the Borrower LLCs out to other owners, including foreign owners;
>
> (C) Whether a reasonable lender would consider a default arising from a mortgagor's misrepresentation of the identities of the owners to be material; and
>
> (D) Whether a reasonable lender would consider hundreds of technical defaults (including routine failures to pay on time, failures to cure regulatory violations, failure to maintain insurance failures to pay real estate taxes, and failures to pay water and sewer bills) in aggregate to be material.

Stewart expert report, ¶ 20; *see also* Stewart report, ¶¶ 70-75.

The Lender declared defaults and accelerated each of the debtors' loans. The debtors dispute the validity of the defaults and the acceleration of the loans. The disputed issues are whether the alleged defaults were legitimate and material, whether Mr. Strulovitch qualifies as a guarantor and whether the Lender had a sufficient basis for declaring a default on the basis of an alleged materially false or misleading representation or warranty contained in the mortgages. In essence, therefore, the issue to be adjudicated by the Court at confirmation is whether the defaults and accelerations declared by the Lender were material and permissible under the terms of the applicable mortgages.

### *Issues (A) and (B) are irrelevant*

Issues (A) and (B) above concern what "considerations" a "reasonable lender" underwriting and originating the loans would have viewed as "material." But the issue here has nothing whatever to do with what a "reasonable lender" would have done at the time of loan application and origination. The issue here is, again, whether this Lender acted in compliance with terms of the mortgages in declaring defaults under the loans and accelerating them long after the loans had been originated by another lender, Signature Bank. Because issues (A) and (B) are completely irrelevant to the issue to be adjudicated at the confirmation hearing, Ms. Stewart's testimony on these issues should be precluded. *Davis v. Carroll*, 937 F. Supp.2d 390, 420 (S.D.N.Y. 2013) ("It is black letter law that under *Daubert*, trial judges are charged with ensuring that expert testimony is relevant to the task at hand.") (internal quotations and citations omitted).

### *Issues (C) and (D) are legal issues for the Court*

Similarly, issues (C) and (D) relating to the materiality (in the eyes of a "reasonable lender") of the alleged defaults are not appropriate for expert testimony as they are legal issues for the Court. Ms. Stewart proposes to testify about whether the alleged defaults at issue are "material." That is the ultimate legal issue to be decided by the Court as, absent materiality, the defaults declared by the Lender were improper and ineffective. *United States v. Scop*, 846 F.2d 135, 139 (2d Cir.), *rev'd in part on other grounds*, 856 F.2d 5 (2d Cir. 1988) (Rule 704 of the Federal Rules of Evidence "was not intended to allow experts to offer opinions embodying legal conclusions"); *S.E.C. v. U.S. Envtl, Inc.*, No, 94-cv-6608 (PKL) (AJP), 2002 WL 31323832, at *4 (S.D.N.Y. Oct. 16, 2002) ("While the expert can make factual conclusions that embrace an ultimate issue to be decided by the fact-finder, the expert cannot give testimony stating the ultimate legal conclusions based on

Ltr to Judge Drain
Page 3 of 5
January 29, 2020

those facts, nor can that testimony track the language of the statute or law that the defendants are accused of violating."); *Southard v. Barrett (In re HHE Choices Health Plan, LLC)*, Adv. Pro. No. 17-01240 (MEW), 2019 WL 6112679, at * 6 (Bank. S.D.N.Y. Nov. 15, 2019) (expert testimony on "ultimate legal questions" not proper); *see also Lopez v. Delta International Machinery Corp.*, No. CIV 15-0193 JB/GBW, 2017 WL 3142028, *48 n. 17 (D. N.M. July 24, 2017), *aff'd*, 746 Fed. Appx. 703 (10th Cir. 2019) ("Materiality is a legal question and not a factual one."). Ms. Stewart's testimony on issues (C) and (D) should therefore also be precluded.

### *Failure to provide required disclosures*

Finally, the Stewart expert report should be stricken for failure to provide certain mandatory disclosures under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Rule 26(a)(2)(B) requires that a party that may use an expert witness at trial under Federal Rule of Evidence 702 provide a report of the expert witness. In addition, the Rule provides that the report must contain certain mandated disclosures. The disclosures contained in the Stewart expert report are deficient and violate the requirements of Rule 26(a)(2)(B) because the report does not contain: (i) all of the facts and data relied on in forming the opinions expressed in the report; (ii) a list of Ms. Stewart's publications authored in the previous ten years; and (iii) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition.

Instead of providing all of the facts and data relied on by Ms. Stewart in support of each of her opinions, in a number of cases, the Stewart report states only that she relied on information "provided by counsel." *See, e.g.*, Stewart report, ¶ 29, n. 3 ("Information on the actual ownership held by Mr. Strulovitch at the time of the application and origination of each loan was provided by Counsel. I have not independently verified the data on actual ownership provided by Counsel."); ¶ 29, n. 4 ("Counsel has informed me that CSRE LLC sold its ownership shares in Borrowers 106 Kingston LLC, 618 Lafayette LLC, 1213 Jefferson LLC and 325 Franklin LLC to foreign owners, and that CSRE LLC's interest in each of these Borrower LLCs may be less than 55%, though its precise ownership percentage is currently unknown."); ¶ 31 ("Counsel has also informed me that there are hundreds of defaults on the loans in question, including failures to cure regulatory violations, routine failures to pay on time, failures to maintain insurance, failures to pay real estate taxes, and failure to pay water and sewer bills."); ¶ 53 ("Information provided by Counsel indicates that each of these borrowers had numerous foreign owners, both directly in the borrower and indirectly through the Operations LLC").

Vague statements concerning information provided by counsel do not satisfy the Rule 26(a)(2) standard. *Capricorn Management Systems, Inc. v. Government Employees Insurance Company*, 15-cv-2926 (DRH)(SRL), 2019 WL 5694256, *6 (E.D.N.Y. July 22, 2019) ("Such vague references to general items considered do not satisfy Rule 26(a)(2)(B).") *(quoting Jinghong Song v. Yao Bros. Grp. LP*, No. 10-cv-04157 (RKE), 2012 WL 1557372, at *1 (S.D.N.Y. May 2, 2012)). As the Advisory Committee Notes to Rule 26(a)(2) state, "[t]he intention is that 'facts or data' be construed broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients." For example, any documents containing facts or data provided by counsel to Ms. Stewart that she considered or relied upon and any communications between counsel and Ms. Stewart concerning such facts and data or concerning her assumptions are required disclosure. *Fialkowski v. Perry*, No. 11-5139, 2012 WL 2527020, *5 (E.D. Penn. June 29, 2012). No such

documents or information were provided with the Stewart expert report.

Similarly, the Stewart report does not contain a list of Ms. Stewart's publications during the last 10 years. Debtors have been able to find one such publication on the internet, an interview published sometime after 2012 when Ms. Stewart joined NewOak Credit Services LLC as its Chief Credit Officer. (https://newoak.com/insights-news/newsletter/newsletter-for-testing/). Black's Law Dictionary defines publication as "[g]enerally, the act of declaring or announcing to the public." That clearly encompasses a published interview.

As for the requirement that an expert report contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," the Stewart report states that "since 2012, I have served as an expert in a number of cases as an underwriting expert." Stewart expert report, ¶ 15. However, the report lists only one such case, which the report cites as "*FHLB of Seattle v. RBS Securities* (Case No. 09-26347-6 SEA)." Stewart expert report, ¶ 15. We have attempted to access this case using the PACER system. According to PACER, Case No. 09-26347-6 is not a valid case number and we have been unable through party name searches to find any lawsuit filed by the Federal Home Loan Bank of Seattle against RBS Securities in 2009. "While Rule 26 does not specify what should be included in the 'list of all other cases,' it is well-settled that the key is whether sufficient information has been provided so that the opposing party's counsel can procure copies of the deposition or trial testimony." *Martinez v. Carlee Corp.*, No. 12 Civ. 3112 (JLC), 2013 WL 2412578, *1 (S.D.N.Y. June 4, 2013) (quotations and citation omitted). By this standard, the Lender's expert disclosure clearly fails the test, as the list of cases provided is incomplete and even the information provided as to the *FHLB of Seattle v. RBS Securities* case is insufficient to allow us to procure copies of Ms. Stewart's testimony in that case.

Given the Lender's insufficient disclosures, the debtors seek relief in accordance with Rule 37(a) of the Federal Rules of Civil Procedure, which provides for a "self-executing sanction" for insufficient expert disclosure. Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Advisory Committee Notes state that Rule 37(c) provides a "self-executing sanction" and that "[t]his automatic sanction is provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56."

The Lender's failure to disclose this material was neither substantially justified or harmless. This is so particularly in light of the aggressive discovery schedule set forth in the Court's December 17, 2019 scheduling order and the imminent confirmation hearing. Lender had to have known that, particularly given the brevity of the discovery schedule, failing to provide the required disclosures would significantly hurt debtors' ability to obtain the missing information in a timely manner and use it meaningfully during the short discovery process allowed under the scheduling order. The debtors therefore propose to move *in limine* to strike Ms. Stewart's expert report and preclude her testimony under Rule 37(a).

For these reasons, the debtors request that the Court schedule a pre-motion

Ltr to Judge Drain
Page 5 of 5
January 29, 2020

conference to discuss the *in limine* motion described in this letter.

Thank you for your consideration of this request.

Respectfully yours,

*Andrea J. Caruso*

Andrea J. Caruso, Esq.

cc:    Daniel A. Fliman, Esq.
       Jennifer S. Recine, Esq.
       Stroock & Stroock & Lavan LLP
       180 Maiden Lane
       New York, NY 10038

       Joshua M. Herman, Esq.
       Farrell Fritz, P.C.
       622 Third Avenue
       Suite 37200
       New York, NY 10017

(BY ECF)