

NORRIS
McLAUGHLIN | P.A.
ATTORNEYS AT LAW

875 Third Avenue
8th Floor
New York, New York 10022

Direct Dial: 917-369-8847
Email: mapena@norris-law.com

February 4, 2020

**VIA ECF and Email**
The Honorable Robert D. Drain
US Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601
rdd.Chambers@nysb.uscourts.gov

> **Re:**   *In re: 53 Stanhope LLC, et al.*
> **Chapter 11 Case No. 19-23013 (RDD)**

Dear Judge Drain:

This firm has recently been retained as co-counsel for the individuals and limited liability companies identified on the Notice of Appearance filed at Docket No. 101 (collectively the "Claimants") in the above-referenced matter.  We write to respectfully request a telephone conference with the Court to address a discovery dispute between the Claimants and the debtors, 53 Stanhope LLC, *et al.* (collectively the "Debtors") concerning the Claimants' demand for documents and testimony relevant to this Court's determination of the Debtors' objection to the Claimants' claims against the Debtors  (collectively the "Claims") [1] on the purported grounds that the Claims should be subordinated pursuant to Section 510(b) of the Bankruptcy Code.

On January 8, 2020, Your Honor stated that the Debtors' objection to the Claims based upon Section 510(b) would be determined in an evidentiary hearing as part of the confirmation hearing of the Debtors' proposed Plan of Reorganization, which is scheduled for February 26, 2020.  The Court further directed the parties to proceed with discovery concerning the objection.

In accordance with the Court's directive, on January 16, 2020, the Claimants served on the Debtors: (i) Claimant's First Request for Production of Documents from the Debtors; and (ii) Notice of Rule 30(b)(6) Deposition (together, the "Discovery Demands").  Copies of the Discovery Demands are enclosed herein.[2]

---

[1] On November 26, 2019, the Debtors filed a motion objecting to the Claimants' claims contending that the claims are subject to subordination under 11 U.S.C. § 510(b) (the "Objection Motion").  As used herein, the term Claims refers to all claims filed by the Claimants against the Debtors referenced on the Objection Motion as Exhibit A.  See Docket No. 67.  The Claimants filed a response to the Objection on January 2, 2020.

[2] Claimants also served a Subpoena on Yechezkel Strulovich seeking information relevant to the Debtors' Objection Motion.

**Norris McLaughlin, P.A.**
February 4, 2020
Page 2

Among other issues,[3] the Debtors' objection to the Claims raises the crucial issue as to whether Section 510(b) applies based on whether the entities for which the Claimants sought to invest were affiliates of the Debtors.  A finding of affiliate status is crucial to the Court's determination of whether the Claims should be subordinated under Section 510(b). Section 510(b) of the Bankruptcy Code provides:

> For the purpose of distribution under this title, *a claim arising from rescission of a purchase or sale of a security of the debtor <u>or of an affiliate of the debtor</u>, for damages arising from the purchase or sale of such a security*, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

11 U.S.C. § 510(b) (emphasis added).

The term "affiliate" is defined under the Bankruptcy Code as follows:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . [or] (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities . . .

11 U.S.C. § 101(2).

The Debtors' objection addresses the Claims in a conclusory fashion, asserting that they arise from the sale of securities of the Debtors and/or their related companies and, thus, should be subordinated.  But careful attention must be brought to each of the Claimants' positions and the specific entities for which the Claimants sought to invest.  The Individual Claimants acquired membership interests in the LLC Claimants.  The LLC Claimants acquired membership interests in the Holding Companies that held title to real properties.  Thus, the Claims can be divided into the following three categories:

---

[3] There also remains an issue of whether Claimants' claims for unjust enrichment and conversion should be deemed claims for damages arising from the sale of securities.

- Category 1 – The Claims of the Individual Claimants Who Sought to Invest in the LLC Claimants - As the LLC Claimants are not affiliates of the Debtors, these claims are not subject to subordination. Thus, discovery is necessary as to why the Debtors believe such claims are subject to Section 510(b) of the Bankruptcy Code.[4]

- Category 2 – The Claims of the LLC Claimants Who Sought to Invest in the Non-Debtor Holding Companies – Claimants require discovery as to the equity interest in the Non-Debtor Holding Companies. If these entities are not affiliates of the Debtors, Section 510(b) does not apply.

- Category 3 – The Claims of the LLC Claimants Who Sought to Invest in the Holding Company Debtors.

In addition, in their objection, the Debtors appear to argue that the LLC Claimants never sought to purchase membership interests in the Holding Companies. Instead, according to the Debtors, the LLC Claimants entered into some sort of profit-sharing arrangement. The exact nature of the relationship between the LLC Claimants and the Holding Companies bear on whether any damages arose from the purchase or sale of "securities" under Section 510(B).

In light of the above, Claimants seek specific discovery (documents as well as testimony) concerning the following: (a) the equity interest holders in the Debtors; (b) the equity interest holders in the Non-Debtor Holding Companies; (c) any profit sharing arrangement involving the Claimants and any of the Holding Company Debtors and Non-Debtor Holding Companies; (d) documents relied upon by the Debtors in setting forth the equity interests on the Debtors' Schedules; and (e) documents concerning the Debtors' basis to subordinate the Claim under Section 510(b), including the documents the Debtors intend to rely upon at the hearing.

The Debtors have refused to provide any of the requested discovery. Initially, the Debtors took the position that the discovery demands relate to the merits, as opposed to the characterization, of the Claim and, thus, such discovery is not needed before the confirmation hearing. After co-counsel for the Claimants (Yitzchak E. Soloveichik, Esq.) explained to the Debtors' counsel that the discovery is narrowly tailored to address the issues concerning Section 510(b), including whether various entities are affiliates of the Debtors, the Debtors thereafter maintained that "the Debtors d[o] not dispute the insider relationship between the entities as alleged in the [C]laim," and, as such, the discovery is not needed.

---

[4] Indeed, in the federal district court action that is styled *Schonberg, et al. v. Strulovich, et al.*, Case No. 17 Civ. 2161 (CBA) (RML), the defendants – including the four Holding Company Debtors – argued that the individual plaintiffs (consisting of some of the Individual Claimants here) could not assert a securities fraud claim based upon the Holding Companies' membership interests because only the LLC Claimants purchased membership interests in the Holding Companies. The district court agreed, finding that "the only purchaser of those [Holding Company Defendants] securities are the LLC Plaintiffs." (Slip Op. at 38.)

The Debtors' position is untenable, for several reasons.  First, the Debtors' response does not address much of the requested discovery.  Second, it is unclear what specific concession the Debtors are making, that is, what the Debtors mean by an "insider relationship" among the various entities.  Third, the Claimants have a right to obtain discovery on the basic information – the affiliate status – that undergirds the Debtors' Section 510(b) objection.  Fourth, as noted above, the Claimants maintain that the claims of the Individual Claimants are not subject to subordination because these individuals sought to invest in the LLC Claimants, who are non-debtors and non-affiliates of the Debtors.  Unless the Debtors wish to concede this point, the Claimants must obtain discovery as to the relationship among the various Claimants and the Holding Companies.

Given the short timeline for discovery on this matter, the Claimants respectfully request a telephone conference with the Court at its earliest possible convenience to address this discovery disputes.

We thank the Court for its attention to this matter.

Respectfully submitted,
Norris McLaughlin, P.A.
*/s/ Melissa A. Pena*
Melissa A. Pena

Encl.

cc:    Yitzchak E. Soloveichik, Esq. (Via Email w/Encl.)
       Mark Frankel, Esq. (Via Email w/Encl.)
       Serene K. Nakano, Esq. (Via Email w/Encl.)