GEOFFREY S. BERMAN  
United States Attorney for the  
Southern District of New York  
By: SAMUEL DOLINGER  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Tel.: (212) 637-2677  
E-mail: samuel.dolinger@usdoj.gov  

Hearing Date:    February 26, 2020  
Hearing Time:    10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

| | |
|---|---|
| In re:<br><br>53 Stanhope LLC, et al.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-23013 (RDD)<br><br>Jointly Administered |

**THE UNITED STATES OF AMERICA'S  
OBJECTION TO CONFIRMATION OF THE AMENDED PLAN**

The United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, on behalf of the Internal Revenue Service ("IRS"), respectfully submits this objection to the confirmation of the amended Chapter 11 Plan of Reorganization (the "Amended Plan") proposed by the Debtors in these jointly administered actions ("Debtors"; a full listing is set forth below in footnote 1).

The Court should not confirm Debtors' proposed Amended Plan because (1) a number of the Debtors have failed to file federal partnership tax returns for certain prepetition tax years,

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

which impedes the IRS's ability to determine the amount of its claims against Debtors and to ensure that these claims will in fact be treated as unimpaired, as asserted by the Amended Plan; and (2) the Amended Plan states that general unsecured claims will be unimpaired and paid with interest, but does not provide specifically for the payment of the IRS's claims in cash, with the statutory interest provided under 26 U.S.C. § 6621. For these reasons, the Amended Plan should not be confirmed.

## BACKGROUND

1.  On May 20 and 21, 2019, Debtors filed petitions for relief in these matters pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq. See In re 53 Stanhope LLC*, No. 19-23013 (RDD) (Bankr. S.D.N.Y.); *see also* Nos. 19-23014, 19-23015, 19-23016, 19-23017, 19-23018, 19-23019, 19-23021, 19-23023, 19-23024, 19-23025, 19-23026, 19-23027, 19-23028, 19-23029, 19-23030, 19-23031, 19-23041.

2.  On May 23, 2019, Debtors sought joint administration of these Chapter 11 cases and consolidation for procedural purposes. Dkt. No. 4.[2] The Court granted the request on May 24, 2019. Dkt. No. 6.

3.  On August 1, 2019, Debtors initially proposed a Chapter 11 Plan. Dkt. No. 29.

4.  The IRS filed proofs of claim in a number of these cases, all comprising unsecured general claims for unpaid federal partnership taxes, along with penalties and interest. *See* Nos. 19-23013, Claim 2-1; 19-23014, Claim 3-1; 19-23015, Claim 3-2; 19-23016, Claim 2-2; 19-23017, Claim 2-2; 19-23018, Claim 2-2; 19-23019, Claim 2-2; 19-23021, Claim 2-2;

---

[2] Unless otherwise noted, docket references refer to the docket in the lead case, *In re 53 Stanhope LLC*, No. 19-23013 (RDD).

19-23023, Claim 2-2; 19-23024, Claim 2-2; 19-23026, Claim 2-2; 19-23027, Claim 1-1; 19-23029, Claim 2-1; 19-23041, Claim 1-2.

5.   As of the date of the annexed Declaration of Julia Sweeney ("Sweeney Decl."), six of the Debtors have not filed federal partnership tax returns for one or more prepetition tax years. *See* Sweeney Decl. ¶ 4(a)-(g); *see also* No. 19-23023, Claim 2-2, at 4 & n.1; No. 19-23024, Claim 2-2, at 4 & n.1; No. 19-23026, Claim 2-2, at 4 & n.1; No. 19-23029, Claim 2-1, at 4 & n.1; No. 19-23041, Claim 1-2, at 4 & n.1.

6.   Indeed, one of the Debtors, 106 Kingston LLC, did not file federal partnership tax returns for any year from 2013 through 2018. Sweeney Decl. ¶ 4(e). Another Debtor, 92 South 4th St LLC, failed to file its federal partnership tax returns for 2013, 2014, and 2016. *Id.* ¶ 4(a). A third Debtor, Meserole and Lorimer LLC, has never filed partnership tax returns. *Id.* ¶ 4(d).

7.   The IRS's claims for the tax years as to which the relevant Debtors have not filed returns are only estimates. These amounts will need to be updated to reflect the relevant Debtors' actual tax liabilities once Debtors have filed the missing returns.

8.   The IRS and this Office have asked Debtors to file their missing partnership tax returns. Sweeney Decl. ¶¶ 5-6. As of the date of the IRS's declaration, however, a number of the Debtors still had outstanding returns. *Id.* ¶ 7.

9.   On January 21, 2020, Debtors proposed an amended proposed Chapter 11 plan (the "Amended Plan"). Dkt. No. 93.

10.  Class 4 of the Amended Plan consists of General Unsecured Claims. Amended Plan ¶ 55. Debtors "estimate that the aggregate amount of all Class 4 Claims is approximately $4,785,330." *Id.*

11. The Amended Plan proposes to pay the allowed amount of the Class 4 claims "in Cash on the Effective Date" of the Amended Plan, "plus interest at the Legal Rate as it accrues from the Petition Date through the date of payment, provided, that each Class 4 Creditor shall be entitled to elect to take New Owner Interests in the New Owner succeeding the Debtor against which the Claimant holds an Allowed Claim as provided herein in lieu of Cash payment of its Class 4 Claim." Amended Plan ¶ 56.

12. The "Legal Rate" is defined in the Amended Plan as "the applicable interest rate as set forth in 28 U.S.C. § 1961 as of the Petition Date." Amended Plan ¶ 32.

13. The Amended Plan asserts that Class 4 claims are "[u]nimpaired" and "deemed to accept the Plan." Amended Plan ¶ 57.

14. The Amended Plan also contains an exhibit purporting to represent "a breakdown of estimated Allowed General Unsecured Claims by Debtor." Amended Plan ¶ 55 & Ex. B. However, this listing does not specifically include any of the IRS's claims, and it is thus unclear whether this listing includes the amounts owed by Debtors to the IRS.

## ARGUMENT

**The Amended Plan Should Not Be Confirmed Because a Number of Debtors Have Failed to File Federal Partnership Tax Returns, and Because the Amended Plan Does Not Provide For Full Payment of the IRS's Claims with Appropriate Statutory Interest, Despite Claiming They Are Unimpaired and Paid with Interest**

15. Debtors' proposed Amended Plan should not be confirmed for several reasons.

16. First, as stated above, a number of the Debtors have failed to file federal partnership tax returns for certain prepetition tax years. *See* Sweeney Decl. ¶ 4. Such returns are required by law, *see* 26 U.S.C. § 6031, and Debtors have not asserted they are not required to file them, Sweeney Decl. ¶ 3.

4

17. The relevant Debtors' failure to file their tax returns impedes the IRS's ability to determine the amount of its claims against them. Indeed, a debtor's continued failure to file tax returns frustrates the legitimate rights of the IRS as a creditor.

18. Second, the Amended Plan does not provide specifically for the full payment of the IRS's claims, with the statutory interest provided by law, despite its assertion that the relevant class of claims is unimpaired and paid with interest, Amended Plan ¶¶ 56-57.

19. A Chapter 11 plan must designate classes of claims and specify whether each class is impaired by the plan. 11 U.S.C. § 1123(a)(1)-(3).

20. Here, the proposed Amended Plan states that Class 4 claims—which include general unsecured claims—will be paid in cash on the effective date of the Plan, and asserts that such claims are "[u]nimpaired" and "deemed to accept the Plan." Amended Plan ¶¶ 56-57.[3]

21. However, due to certain Debtors' missing federal partnership tax returns, *see* Sweeney Decl. ¶ 4, the IRS is unable to determine the exact amount of these Debtors' prepetition federal partnership tax liabilities and thus the total amount of the IRS's claims. As a result, as noted above, certain amounts in the IRS's proofs of claim are estimates. Thus, because certain Debtors have failed to file tax returns, it is not possible to determine whether the Amended Plan in fact provides for full payment to the IRS. Until those returns are filed, the Amended Plan will not necessarily provide for full payment of the IRS's claims, and thus the IRS's claims cannot be deemed unimpaired.

---

[3] Alternately, the Amended Plan states that Class 4 claims will be paid in cash "provided, that each Class 4 Creditor shall be entitled to elect to take New Owner Interests in the New Owner succeeding the Debtor against which the Claimant holds an Allowed Claim as provided herein in lieu of Cash payment of its Class 4 Claim." Amended Plan ¶ 56. The IRS does not agree to accept any "New Owner Interest" in lieu of cash payment on its claims against Debtors, and accordingly requires to be paid in cash in order for its interest to be unimpaired under 11 U.S.C. § 1124.

22.    Finally, while the Amended Plan states that Class 4 claims will be paid in full with interest, it does not provide for the payment of interest to the IRS at the appropriate rate.  The Amended Plan provides that Class 4 claims will be paid with "interest at the Legal Rate as it accrues from the Petition Date through the date of payment."  Amended Plan ¶ 56.  "Legal Rate," as noted above, is defined as "the applicable interest rate as set forth in 28 U.S.C. § 1961 as of the Petition Date."  Amended Plan ¶ 32.  But 28 U.S.C. § 1961(c)(1) expressly provides that it "shall not apply in any judgment of any court with respect to any internal revenue tax case," and instead cross-references the relevant provision of the Internal Revenue Code.  *Id.* (citing 26 U.S.C. § 6621).

23.    Section 6621 of the Internal Revenue Code provides for an underpayment interest rate calculated as "the Federal short-term rate . . . plus 3 percentage points."  26 U.S.C. § 6621(a)(2).  Accordingly, the interest rate on the IRS's claims should be the statutory rate, currently 5%.  *See* IRS Revenue Ruling 2019-28, *available at* https://www.irs.gov/pub/irs-drop/rr-19-28.pdf (establishing "underpayment rate of 5 percent . . . for the calendar quarter beginning January 1, 2020," based on applicable "federal short-term rate, rounded to the nearest full percent, based on daily compounding" of "2 percent" plus 3 percentage points).

24.    Thus, to the extent Debtors assert that Class 4 claims will be paid in full with interest, Debtors should be required to pay interest on the IRS's claims at the appropriate statutory rate pursuant to 26 U.S.C. § 6621.

25.    Accordingly, because (1) certain Debtors have failed to file federal partnership tax returns for certain prepetition tax years, which impedes the IRS's ability to determine the amount of its claims against them, and (2) the Amended Plan purports to pay all general unsecured claims in full with interest and deems them unimpaired, but in fact fails to provide for full

6

payment in cash of the IRS's claims with the statutory interest provided by law, the Amended Plan should not be confirmed.

## CONCLUSION

For the foregoing reasons, the United States, on behalf of the IRS, respectfully requests that the Court deny confirmation of the Amended Plan, and instead to direct those Debtors with unfiled federal tax returns to file those returns and further to amend the plan to appropriately reflect the IRS's claims and their proper treatment before a plan can be confirmed.

Dated:   February 7, 2020
         New York, New York

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:   /s/ Samuel Dolinger
SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov