Yitzchak E. Soloveichik, Esq.
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
*Attorneys for the Claimants Identified in Schedule A*
*(annexed hereto)*

Melissa A. Peña, Esq.
NORRIS McLAUGHLIN, P.A.
875 Third Avenue – 8th Floor
New York, New York 10022
(212) 808-0700
*Attorneys for Claimants Referenced on Notice of*
*Appearance, Docket No. 101*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 53 STANHOPE LLC, et al.,[1] | Case No. 19-23013 (RDD) |
| Debtors. | |

**RESPONSE TO DEBTORS' SUR-REPLY IN SUPPORT OF THEIR OBJECTION TO CLAIMANTS' MOTION FOR ORDER GRANTING LEAVE TO FILE AMENDED PROOFS OF CLAIM**

The Claimants identified in Schedule A annexed hereto, by and through their undersigned counsel, hereby respond to the sur-reply filed by the above-captioned debtors (collectively the "Debtors") in further opposition to Claimants' Motion for an Order, pursuant to Section 502 of the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851; C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding I LLC (0290); D & W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

United States Bankruptcy Code (the "Bankruptcy Code") seeking leave to file amended and supplemental proofs of claim against certain of the Debtors and respectfully state as follows:

1.  Without seeking leave from the Court, the Debtors have filed a sur-reply to offer additional argument against the viability of the constructive trust claim included in the Claimants' proposed amended proofs of claim (the "Amended Claims"). The sur-reply is based upon documents that were available to the Debtors when they filed their original opposition. Accordingly, the Court should disregard it. But even if the Court considers the Debtors' sur-reply, the Claimants' constructive trust claims remain viable.

2.  The Debtors rely upon a decision entered by the Supreme Court of New York, Kings County (the "State Court") in an action entitled *Angel v. Strulovitch,* Index No. 500827/20 ("Kings County Action") brought by some of the Claimants against Yechezkel Strulovitch ("Strulovitch") and other non-debtors. The Debtors argue that the State Court dismissed constructive trust claims asserted by some of the Claimants against other defendants and, as such, Claimants' constructive trust claims fail. The State Court found that the constructive trust remedy is not available when a defendant utilizes funds to improve previously owned property – as opposed to utilizing the funds to purchase property – and there is no other connection between the plaintiff and the property. See Debtors' Exhibits at CX72 at p. 13. As a result, the State Court dismissed the constructive trust claim brought by the plaintiffs in the Kings County Action.

3.  The Claimants' prior reply noted that the State Court's rationale – even if correct – did not apply here, because the Amended Claims allege that the Claimants' funds were utilized both to renovate and to acquire other properties.[2] In their sur-reply, the Debtors attach deeds that appear to indicate that most of the Debtors' properties were purchased more than six years before

---

[2] The Amended Claims incorporate by reference the proposed Third Amended Complaint, which some of the Claimants are seeking leave to file in a federal district court action.

2

the filing of these bankruptcy proceedings and are thus time-barred. In light of the sur-reply, it is now necessary to analyze the State Court's rationale, which is inconsistent with governing case law.

4. There is no rigid set of elements that must be alleged to plead a construction constructive trust, as "[a] constructive trust is an equitable remedy, necessarily flexible to accomplish its purpose. Its purpose is to prevent unjust enrichment, although unjust enrichment does not necessarily implicate the performance of a wrongful act. What is necessary is that the court identify a party who is holding property under such circumstances that in equity and good conscience he ought not to retain it." *Counihan v. Allstate Ins. Co.*, 194 F.3d 357, 361 (2d Cir. 1999).

5. The four elements of a constructive trust claim "are: (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment." *Counihan*, 194 F.3d at 362 (quotation marks omitted). But "although these factors provide important guideposts, the constructive trust doctrine is equitable in nature and should not be rigidly limited." *Id.* (quotation marks omitted). Thus, "[t]he fourth element is the most important since the purpose of the constructive trust is prevention of unjust enrichment." *Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.)*, 377 F.3d 209, 212 (2d Cir. 2004) (quotation marks omitted).

6. Despite this flexible standard, the State Court concluded that a constructive trust cannot be imposed when the funds were unjustly used to develop or improve – rather than purchase – a property and there was no prior connection between the plaintiff and the property. Yet even when New York courts have considered the transfer element in particular, they have made no distinction between the purchase and improvement of the subject property. *See, e.g., Williams v. Lynch*, 245 A.D.2d 715, 717, 666 N.Y.S.2d 749, 752 (N.Y. App. Div. 1997) ("if a confidential

3

relationship existed, this use by plaintiff of her money and effort to improve defendant's property could justify the imposition of a constructive trust"); *Moak v. Raynor*, 28 A.D.3d 900, 902, (N.Y. App. Div. 2006) ("courts have extended the transfer element to include instances where funds, time and effort were contributed in reliance on a promise to share in some interest in property, even though no transfer actually occurred"). Indeed, the State Court acknowledged such case law, but distinguished these precedents on the grounds that they involved a prior connection between the plaintiff and the property. However, this rigid approach does not accord with the equitable remedy of constructive trust. Once it is established that improvements to property support a constructive trust, there is little reason to cabin that specific type of constructive trust to situations in which there was a prior connection between the plaintiff and the property.[3]

7. The Claimants' constructive trust claims set forth sufficient allegations identifying the Debtors as holding property under such circumstances that in equity and good conscience they ought not to retain it. The Debtors' use of the Claimants' improperly diverted funds to develop their properties resulted in unjust enrichment, for which constructive trust is the proper remedy.[4] Accordingly, the inclusion of constructive trust claims in the Claimants' amended proofs of claim would not be futile.

8. Finally, for the sake of clarity, it should be noted that the deeds included with the Debtors' sur-reply do not affect the Claimants' other claims, which this Court already concluded were *prima facie* claims. Whether or not the Debtors' properties were purchased more than six years before this bankruptcy proceeding began, the Debtors' subsequent unjust enrichment through

---

[3] In addition, even under the State Court's rationale, to the extent the Claimants' funds were used to purchase a property outside the statute of limitations, this purchase should provide sufficient connection with the property to support a constructive trust based on the subsequent use of the Claimants' funds to develop the property.

[4] The Amended Claims, through the incorporated allegations of the proposed Third Amended Complaint in the federal district court, also allege a fiduciary relationship with the Debtors' former principals, Strulovitch and Yechiel Oberlander, who allegedly diverted the Claimants' funds to the Debtors.

4

the receipt and use of the Claimants' funds would establish a claim for unjust enrichment. Likewise, the Debtors' subsequent conversion of the Claimants' funds would establish a claim for conversion.

## CONCLUSION

WHEREFORE, the Claimants respectfully request that the Court entered an Order, pursuant to Section 502 of the Bankruptcy Code allowing Claimants to file the Amended Claims.

Dated:  New York, New York
August 6, 2020

> Respectfully submitted,
>
> BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
>
> -and-
>
> NORRIS McLAUGHLIN, P.A.
> *Attorneys for Claimants Referenced on Notice of Appearance, Docket No. 101*
>
> By:   /s/ Melissa A. Pena
> Melissa A. Peña, Esq.

5

# SCHEDULE A

Angel Boruch
Baddiel Dovid
Baddiel Hannah
Ball Alex
Bamberger Maurice
Bamberger Meir
Ben-David Yechiel
Benedikt Nomi
Benedikt Yosef Zvi
Ben-Shimon Yaakov
Ben-Zimra Avraham
Ben-Zimra Rachel
Berenshtein Shlomo Zalman
Biedermann Michael
Binyamini Efraim
Biton Yehudit
Brandwein Moshe Yom Tov
Cohen Israel Meir
Cohen-Arazi Netanel
Daskal Shlomo Pinchas
Elias Sholom Mordechai
Elkaim Isaac
Elkaim Jakob
Elkaim Raphael Barouch
Ernster David Dov
Fischer Samuel
Frenkel Batsheva
Gabai Shmuel
Galinsky Elimelech
Gelber Moshe Chaim
Geller Anthony
Glatstein Yosef
Goldman Ester
Goldschmied Gabriel
Grinfeld Chezkel
Groskopf Pinchas
Gross Nathan

Grossnass Abraham Joshua
Gutman Yisrael David
Halpern Binyomin Mordechai
Halpern David
Halpern Ya'akov Mordechai
Hertzig Yedidya
Hirsch Israel
Hirsch Tzivia
Hirsch-Grunwald Yvonne
Honigsberg Shmaryahu
Itzkowitch Raizl
Jaffe Esther Selma
Jaffe Gavriel Aryeh
Jelen Debra Gail
Kahn Pinchos
Kahna Haim Shmuel
Kaplan Israel J
Katabi Yinon
Keyak Rachel Bracha
Klein Elisheva
Kohen Hinda
Koninski Isaac
Kraus Moshe Bunim
Kruskal Dina Dvora
Kruskal Yisrael Meir
Lavkovitch Yechiel
Lev (Ben-Simon) Miriam Chaya
Lev Avraham Yeshayahu
Levi Oved
Levin Yaakov
Lichtig Benzion
Maimon Simha
Maimon Yosef
Masher Meshulem
Merel Yakov Israel
Merl Ely
Meyer Mordechai Yaakov
Meyer Sara
Michael Elhanan
Motzen (Rosenbaum) Hana
Mozgo Gavriel

Muller Michael
Neufeld Pinhas Dov
Ollech Burech
Ollech Duvid
Ollech Heini
Ollech Jakob
Orlanchik Mordechai Zeev
Paskas Abraham
Posen Daniel
Rubnitz Haim Menachem
Ryness David
Ryness Rivka
Schmerler Naftali Zvi
Schonberg Benjamin
Schonberg Bertha Sara
Schonberg Jacob
Schwarz Abraham J.
Schwarz David Meir
Shapiro Chaim Bezalel
Shaya Itamar
Shenker Shimon
Shtauber Avinoam
Shlezinger Elazar David
Shlezinger Yosef Shlomo
Shlomo Avishai Mishael
Shtauber (Henig) Malka
Shtern Yossef
Siata Dishmaya LLC
Spitzer Abraham
Spingarn Ishak Aron
Spingarn Lionel
Stein Fishel
Stein Menachem
Stein Moshe
Stein Moshe David
Stein Netanel
Steinhaus Debora Sara
Stern Eliyahu
Stern Shifra [Yosef Shimon Stern]
Stern Yosef Shimon
Stern Zvi [Yosef Shimon Stern]

Stewart Rachel
Stewart Samuel
Strasser David Shalom
Veichelder Zevulun
Vinberg Abraham
Weil Elyashiv Menachem
Weingold Yisrael Meir
Weiniger Moshe Dovid
Weisman Yosef Zvi
Weiss Meir
Winegarten Yehuda
Wizman Yaakov
Yitshaki David
Zakuta Avraham
Zelivansky Yehoshua Natan
Zwiebel Chaja Chava
Bushwick Operations LLC
1285 Bushwick Operations LLC
Kingston Operations LLC
Jefferson Operations LLC
369 Gates Operations LLC
853 Lexington Operations LLC
945 Park Place Operations LLC
1078 Dekalb Operations LLC
618 Lafayette Operations LLC
74 Van Buren Operations LLC
325 Franklin Operations LLC
348 St Nicholas Operations LLC
760 Willoughby Operations LLC
Slope Equities Operations LLC
454 Central Avenue Operations LLC
855 Dekalb Avenue Operations LLC
Willoughby Estates Operations LLC
73 Empire Development Operations LLC
980 Atlantic Holdings Operations LLC
720 Livonia Operations LLC
8 Maple Avenue Operations LLC
1301 Putman Operations LLC
908 BERGEN OPERRATIONS LLC