Aaron R. Cahn
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 238-8629
Facsimile: (212) 732-3232
e-mail: bankruptcy@clm.com

*Attorneys for Bunk Williamsburg LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
────────────────────────────────────────────x
                                            :
In Re                                       :    Chapter 11
                                            :
53 STANHOPE, LLC , et. al.¹                 :
                                            :    Case No.  19- 23013 (RDD)
                                            :    (Jointly Administered)
                    Debtors.                :
                                            :
────────────────────────────────────────────x
```

## REPLY OF BUNK WILLIAMSBURG LLC

Bunk Williamsburg LLC ("Bunk Williamsburg"), replying to the objection (the "Objection") of Debtor D&W Real Estate Spring LLC ("D&W") to its motion to deem its proof of claim timely filed, states as follows.

**DEBTOR DOES NOT DISPUTE BUNK WILIAMSBURG'S LACK OF NOTICE**

1.   Debtor does not dispute that Bunk Williamsburg had no notice of either the bankruptcy filing or the claims bar date. Specifically, Debtor does not deny having neglected to list this claimant on its schedules, statement of affairs or creditor matrix, nor

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

1

9864794.1

does it deny the factual showing that Bunk Williamsburg was provided any actual notice of the existence of the bankruptcy. Indeed, by alleging that the Debtor informed Bunk Williamsburg of the bankruptcy filing after the commencement of the lawsuit in November 2020, Debtor implicitly agrees that this claimant had no opportunity to file a claim before the bar date expired in 2019.

2.      Rather than contest the foundation for this motion, Debtor attempts to foreclose Bunk Williamsburg the opportunity to assert a claim by pointing out that the claim that was filed in January did not attach supporting documentation, and then by disingenuously claiming that any claim asserted by Bunk Williamsburg would be "futile." Neither of these excuses are grounds to deny the instant motion.

**FAILURE TO ATTACH DOCUMENTS DOES NOT REQUIRE DISALLOWANCE OF THE CLAIM**

3.      As the Objection notes, a claim submitted without proper documentation is not entitled to a consideration of *prima facie* validity. But that does not mean that the claim should be disallowed; all it means is that the claimant bears the burden of establishing the validity of its claim. As Judge Wedoff noted in *in re Guidry*, 321 B.R. 712 (Bankr. N.D. Ill. 2005):

Section 501(a) of the Code provides that a creditor having a claim may file a proof of claim in a debtor's case. A proof of claim, according to Rule 3001(a) of the Federal Rules of Bankruptcy Procedure, is simply "a written statement setting forth a creditor's claim," conforming substantially to the appropriate Official Form, currently Form 10. Under § 502(a) of the Code, a proof of claim filed pursuant to § 501 is deemed allowed unless a party in interest objects. And under § 502(b), if a party objects, the court, after notice and a hearing, must allow the claim except to the extent that it is subject to one or more of nine grounds for disallowance enumerated in § 502(b). (Additional grounds for disallowance, set out in § 502(d) and (e), do not apply to claims of the sort involved here.) None of the grounds for disallowance set out in § 502(b) involves failure to attach documents to a proof of claim.

2

9864794.1

> The basis for the debtors' claim objections is instead Fed. R. Bankr. P. Rule 3001(c). It provides: "When a claim... is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Rule 3001(c), however, does not say that a failure to comply with its terms should result in disallowance of the claim for which the noncompliant proof was filed. Nor could it. The legislation allowing the Supreme Court to prescribe bankruptcy rules states that the rules shall not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Thus, a bankruptcy rule cannot create a ground for disallowance of claims not set out in the Code.

321 B.R. at 714. Clearly, the claimant's failure to attach documentation is not a basis for disallowing the claim. And it therefore follows that there is no basis for denying this motion to deem the proof of claim timely filed. In any event, Bunk Williamsburg, on this motion, has provided substantial documentation to support its claim.

### BUNK WILLIAMSBURG'S SUPREME COURT ACTION SUFFICIENTLY PUT DEBTOR ON NOTICE OF ITS CLAIMS

3.　As the Objection notes, Bunk Williamsburg, in November 2020, filed an action in the Supreme Court, Kings County (Index No. 523600/2020) against the Debtor and the prior tenant, 740 Driggs Café LLC. That action, which was voluntarily dismissed once counsel was notified that D&W had filed a bankruptcy case, set forth Bunk Williamsburg's claim that it paid $210,000 to acquire the lease from 740 Driggs Café, pursuant to misrepresentations by D&W and 740 Driggs Café that the premises were legally usable as a restaurant. The complaint also sought an additional amount of $210,000 in rent payments made for an unusable space. And finally, the complaint sought an additional $400,000 in funds laid out by the claimant in its attempt to develop a functioning restaurant. A copy of that complaint is attached hereto as Exhibit "A." In addition, a copy of the agreement assigning the lease to Bunk Williamsburg was attached to the moving papers as Exhibit "A." Bunk Williamsburg intends to further amend its claim to add additional specification of the amounts it claims are due from this Debtor.

3

## BUNK WILLIAMSBURG'S CLAIM IS NOT "FUTILE"

4.      The Debtor's last argument is that Bunk Williamsburg's claim is "futile" because the notice of violation was removed in March of this year. But obviously, the curing of the violation two months ago doesn't compensate this claimant for the payment it made for a non-usable space as well as the expenses that it advanced during all that time.

## CONCLUSION

For the foregoing reasons, Bunk Williamsburg's proof of claim, filed January 11, 2021, should be deemed to have been timely filed.

Dated:  May 24, 2021
              New York, New York

>                               CARTER LEDYARD & MILBURN LLP
>
>                                       /s/Aaron R. Cahn
>                               Aaron R. Cahn
>                               Carter Ledyard & Milburn, LLP
>                               *Attorneys for Bunk Williamsburg LLC*
>                               2 Wall Street
>                               New York, NY  10005
>                               Telephone: (212) 732-3200
>                               Fax: (212) 732-3232
>                               Bankruptcy@clm.com

9864794.1