UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                                      Chapter 11

    53 STANHOPE LLC, *et al*,[1]                               Case No.:  19-23013 (RDD)
                                           Jointly Administered

                       Debtors.
------------------------------------------------------------x

## ORDER CONFIRMING CHAPTER 11 PLAN OF D&W REAL ESTATE SPRING LLC AND MESEROLE AND LORIMER LLC

Upon the request of D&W Real Estate Spring LLC and Meserole and Lorimer LLC, debtors and debtors in possession herein (each a "Debtor," and, together, the "Debtors") for an order confirming such Debtors' amended chapter 11 plan of reorganization, filed April 19, 2021 [Dkt. No. 235] (the "Plan);[2] and upon the Debtors' disclosure statement therefor, filed on April 22, 2021 [Dkt. No. 236] (the "Disclosure Statement"); and upon the order of this Court entered on April 20, 2021 approving the Disclosure Statement and establishing procedures for the confirmation hearing [Dkt. No. 243] ("Procedures Order"); and the Disclosure Statement and Procedures Order having been transmitted to holders of claims and interests and other parties in interest in conformity with the Procedures Order; and there being due and sufficient notice of the

---

[1] The debtors in these chapter 11 cases and the last four digits of each debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

[2] Capitalized terms, unless otherwise defined herein, shall have the meaning set forth in the Plan.

Debtors' request for confirmation of the Plan and the hearing thereon; and upon the objection to confirmation of the Plan submitted by Brooklyn Lender, which was the only objection to confirmation of the Plan; and upon the Declaration in Support of Plan Confirmation by David Goldwasser, executed on May 24, 2021 and all other pleadings filed in connection with the Debtor's request for confirmation of the Plan; and upon the record of the evidentiary hearing held by the Court on the Debtors' request for confirmation of the Plan and Brooklyn Lender's objection thereto on May 27, 2021 (the "Confirmation Hearing") and all of the proceedings herein; and, after due deliberation and including for the reasons stated by the Court in its bench rulings at the Confirmation Hearing,[3] the Court having determined that (a) the modifications of the Plan set forth herein is not material for purposes of Fed. R. Bankr. P. 3019(a), (b) the Debtors have satisfied each of the applicable requirements for confirmation of the Plan, as modified hereby, under 11 U.S.C. § 1129(a), including as such provisions incorporate 11 U.S.C. §§ 1122, 1123 and 1124, and (c) Brooklyn Lender's objection to the Plan, including as dependent upon

---

[3] In addition to the reasons stated by the Court in its bench rulings at the confirmation hearing, the Court has determined that Brooklyn Lender's objection to confirmation of the Plan should be denied because (a) the Plan satisfies the "best interests" test of 11 U.S.C. § 1129(a)(7), which compares the value of the property to be received or retained under the Plan by creditors and interest holders *as of the Plan's Effective Date* with the amount that such holders would receive of the Debtors were liquidated under chapter 7 of the Bankruptcy Code *on such date*, whereas Brooklyn Lender's objection is based on the continued accrual of postpetition interest after such date; (b) Brooklyn Lender did not satisfy its burden to establish the allowed amount of its claims for attorneys fees and costs beyond the amount conceded under all circumstances by the Debtors and set forth herein, which amount subsumes any prepetition costs and disbursements that might be allowed Brooklyn Lender as a foreclosing creditor under applicable non-bankruptcy law; and (c) the Plan is feasible under 11 U.S.C. § 1129(a)(11) notwithstanding the claim asserted by Williamsbunk, because (i) such claim is the subject of an objection by the Debtors that raises serious issues as to the allowability and, if allowed, the amount of such claim and the Debtors' setoff rights, (ii) the Debtors and Williamsbunk confirmed on the record that they each desire the lease under which Williamsbunk is the tenant to be assumed under the Plan, as opposed to risking the Debtors' liquidation that is the most likely alternative to the Plan, and (iii) both parties are represented by experience bankruptcy counsel who stated on the record that they intend to work with each other to resolve the claim to enable such assumption and performance of the lease under the Plan.

2607691v1

the allowance of Brooklyn Lender's claims against the Debtors as asserted by Brooklyn Lender, should be overruled; now, therefore, it is hereby

ORDERED, that those portions of Brooklyn Lender's claims in these cases asserting an entitlement to late fees are allowed in the reduced amount of $9,821.00, and disallowed as to all amounts asserted in excess of $9,821.00; and it is further

ORDERED, that those portions of Brooklyn Lender's claims in these cases asserting an entitlement to legal fees and costs are allowed in the reduced amount of $117,348.90, and disallowed as to all amounts asserted in excess of $117,348.90; and it is further

ORDERED, that pursuant to 11 U.S.C. §§ 1129 and 1141 the Plan as modified hereby is confirmed and Brooklyn Lender's objection to confirmation of the Plan is overruled; and it is further

ORDERED, that pending further order of the Court, the Debtor shall set aside $224,000 to be held by the Debtors in a disputed claim reserve fund pending determination by this Court of the dispute between the Debtor and Brooklyn Lender over the allocation of funds that appear to have been maintained in escrow by Signature Bank before Brooklyn Lender's acquisition of its claims from Signature Bank; and it is further

ORDERED, that nothing set forth in the Plan shall constitute a limitation on the right of the Israeli Claimants to seek a post-confirmation adjudication of their claims and/or rights as creditors or equity interest holders in the Debtors and Reorganized Debtors.  In the event it is determined post-confirmation that the Israeli Claimants have allowed claims against the Debtors' estates, their claims shall be treated in the same manner as the claims of the Class of

3

General Unsecured Creditors under the Plan and may be asserted against the Reorganized Debtors and/or the Debtors' estates. In the event it is determined post-confirmation that Kingston Operations, LLC, Jefferson Operations LLC, 618 Lafayette Operations LLC and 325 Franklin LLC have equity interests in the Debtors, their equity interests shall be treated in the same manner as the Interests in Class 5 under the Plan and may be asserted against the Reorganized Debtors and/or the Debtors' estates; and it is further

ORDERED, that, except as otherwise provided herein, upon the occurrence of the Plan's Effective Date the Debtors may enter into, execute, deliver and perform the transactions contemplated by the Plan, including the Exit Financing, including without further corporate notice, action or approval; and it is further

ORDERED, that the Exit Financing, and all transactions contemplated therein, are approved, and, upon execution and delivery of the agreements and documents relating thereto by the applicable parties and the satisfaction or waiver of all conditions precedent to the effectiveness thereof, including the occurrence of the Plan's Effective Date, the Exit Financing shall be in full force and effect and valid, binding, and enforceable immediately in accordance with its terms without further notice to or action, order, or approval of this Court or other act or action under applicable laws; and it is further

ORDERED, that upon the Effective Date of the Plan, the Debtors and/or the New Owners, as appropriate, shall without the need for further notice, action, or order, execute and deliver to Maguire Capital Group LLC or its assignee or affiliate ( the "Exit Financing Lender") all such agreements, financing statements, instruments, notices and other documents the Exit

Financing Lender may reasonably request to more fully evidence, confirm, validate, perfect, preserve and enforce the Exit Financing (collectively, the "Exit Financing Documentation") and the security interests arising thereunder or related thereto (collectively, the "Liens") which Liens will be deemed to have been recorded and filed as of the Effective Date of the Plan and shall be valid, binding, perfected and enforceable Liens and security interests in the Debtors' Properties and shall be of the priority required by such Exit Financing; and it is further

ORDERED, the Liens and other security interests, and all other consideration granted pursuant to, or in connection with, the Exit Financing, are or will be (as the case may be) deemed to be granted in good faith, for good and valuable consideration and for legitimate business purposes as an inducement to the Exit Financing Lender and (a) shall be, and hereby are, deemed not to constitute a fraudulent conveyance, fraudulent transfer under the Bankruptcy Code or any other applicable laws recovery, subordination, attack, offset, counterclaim, defense or "claim" (as such term is defined in the Bankruptcy Code) of any kind under the Bankruptcy Code or any other applicable laws, (b) shall not otherwise be subject to avoidance, subordination or recharacterization, and (c) shall not subject the Exit Financing Lender in connection with the Exit Financing to any liability by reason of the incurrence of such obligation or grant of such Liens, guarantees or security interests under applicable federal or state law, including, but not limited to, successor or transferee liability; and it is further

ORDERED that the transfer all of the Debtors' Properties to the New Owners, shall be free and clear of all Liens, Claims and encumbrances of any kind or nature with the exception of the Exit Financing, and, except as otherwise provided for herein, the Plan shall bind all holders of Liens, Claims and/or encumbrances against the Debtors' Properties,

notwithstanding whether any such holders failed to vote to accept or reject the Plan or voted to reject the Plan or were deemed to accept or reject the Plan, and shall be deemed discharged and released as concerns the Debtor's Properties to the fullest extent provided under the Bankruptcy Code; and it is further

ORDERED, that all reasonable fees (including legal fees), and expenses incurred under the Exit Financing Documentation are allowed as administrative expense claims under 11 U.S.C. §§ 503 and 507(a) without further notice, hearing or order of this Court and shall be paid by the Debtors, on or before the Closing under the Exit Financing; provided, that any dispute with respect to the reasonableness of such fees and expenses shall be subject to determination by this Court; and it is further

ORDERED, that the request for the Break-Up Fee due the Exit Lender is withdrawn and deemed stricken; and it is further

ORDERED, that pursuant to 11 U.S.C. § 1146(a), the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer or mortgage in connection with or in furtherance of the Plan (including any instrument executed in furtherance of the transactions contemplated by the Plan, including, without limitation, the Exit Financing and the transfer to the New Owners), shall not be taxed under any law imposing a stamp tax, similar tax, transfer tax or mortgage recording tax; and it is further

ORDERED, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions

contemplated by the Plan, including, but not limited to any recordable instrument of transfer or mortgage on the Properties, any transfer of any asset under, pursuant to or in furtherance of the Plan and any other related instruments contemplated under the Plan (collectively, the "Transfer Documents") presented by the Debtors or their agents without the payment of any tax within the purview of 11 U.S.C. § 1146(a), and notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan; and it is further

ORDERED, that Brooklyn Lender, shall, upon the Effective Date of the Plan and simultaneously upon satisfaction of all obligations of the Debtors to Brooklyn Lender under the terms of the Plan and request of the Debtors, assign any and all interest it may have in or pursuant to any mortgage or Lien on or against any of the Properties, to any assignee as the Debtors may indicate, for no consideration beyond the rights and treatment according them under the Plan, without, however, any cost to Brooklyn Lender; and it is further

ORDERED, upon the Effective Date of the Plan, all Interests will be cancelled and that New Owners are authorized to, and shall, issue any and all other securities, notes, stock, instruments, certificates and other documents or agreements required to be issued, executed or delivered pursuant to the Plan and all Interest Holders shall be entitled to New Owner Interests; and the issuance of the New Owner Interests in New Owners is fair and duly authorized, validly issued and, in the case of any equity securities, fully paid and non-assessable; and it is further

ORDERED, that to the fullest extent permitted by applicable laws, neither the New Owners nor their respective successors or assigns, nor their respective properties shall, as a result of confirmation of the Plan, (a) be or be deemed to be a successor to the Debtors or the Estates, shall have any successor or vicarious liabilities of any kind or character, including, without

limitation, any theory of antitrust, environmental, successor or transferee liability, labor law, whether known or unknown, now existing or hereafter arising, asserted or unasserted, fixed or contingent, or liquidated or unliquidated with respect to the Debtors, their Estates, any enterprise of the Debtors, or any obligations of the Debtors or their Estates arising prior to the entry of this Order, (b) have or be deemed to have, *de facto* or otherwise, merged or consolidated with, or into, the Debtors or the Estates, or (c) be or be deemed to be a continuation or substantial continuation of the Debtors, Estates, or any enterprise of the Debtors; and it is further

ORDERED, that the Debtors shall be the disbursing agent under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions, and it is further

ORDERED, *e*xcept as otherwise provided in the Plan and/or this Order, the rights afforded in the Plan shall be in exchange for and in complete satisfaction and release of all Claims of any nature whatsoever, including any interest accrued thereon from and after the Petition Date, against the Debtors, their estates, or any of their assets or properties to the extent permissible under 11 U.S.C. §§ 524 and 1141; and it is further

ORDERED, that the Debtors shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtors and the progress made toward the consummation of the Plan; and it is further

ORDERED, that the Debtor shall file status reports with the Court every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case and promptly upon the full administration of the Estates for purposes of

11 U.S.C. § 350(a), Fed. R. Bankr. P. 3022 and Local Bankruptcy Rule 3022-1, shall file a final report and seek entry of a final decree and order closing these chapter 11 cases; and it is further

ORDERED, that all persons seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Plan's Effective Date must file their application for allowance of such compensation or reimbursement no later than 45 days after the Effective Date, or such other date as may be fixed by the Court; and it is further

ORDERED, that the Debtors shall pay to the United States Trustee all fees due and payable by the Debtors, if any, under and pursuant to 28 U.S.C. § 1930, plus all statutory interest thereon, until the Debtors' chapter 11 cases are either dismissed, converted to chapter 7, or until a final decree is entered closing the Debtors' chapter 11 cases, whichever is earlier; and it is further

ORDERED, that this Court hereby retains exclusive jurisdiction over this Order, and post-confirmation jurisdiction to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan and as otherwise provided for in the Plan; and it is further

ORDERED, if this Confirmation Order is modified, vacated or reversed, in whole or in part, and the Exit Financing is in effect at the time this Confirmation Order is modified, vacated or reversed, then, as applicable (a) the modification, vacatur or reversal of this Confirmation Order shall not adversely affect the validity or priority of any obligations incurred by the Debtors and/or the New Owners arising in connection with the Exit Financing (which obligations shall be deemed obligations of the Debtors or the New Owners, as applicable) or any

Liens, guarantees or claims granted by any party, including those granted to the Exit Financing Lender, pursuant to the Exit Financing or Exit Financing Documentation, (b) the terms and conditions of the Exit Financing Documentation, as in effect at the time of the modification, vacatur or reversal of this Confirmation Order, shall be binding on the Debtors or the New Owners, as applicable, and the parties to the Exit Financing Documentation shall enjoy the same priority of Liens and rights granted to them under the Exit Financing and the Exit Financing Documentation, and (c) any Liens, guarantees or claims granted to any party pursuant to the Exit Financing and the Exit Financing Documentation shall be deemed to have been granted by, and shall become the obligations of, the Debtors; and it is further

ORDERED, that pursuant to Bankruptcy Rule 3020(e), this Order shall be stayed for 14 days after entry and the Effective Date of the Plan cannot occur until such stay has terminated.

Dated: White Plains, New York
       June 9, 2021

                                      */s/Robert D. Drain*
                                      UNITED STATES BANKRUPTCY JUDGE

2607691v1