# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

Jennifer S. Recine
Direct Dial: (212) 506-1916
Direct Fax: (212) 500-3416
JRecine@kasowitz.com

December 9, 2021

The Honorable Robert D. Drain
United States Bankruptcy Court
300 Quarropas Street
White Plains, New York 10601-4140

    Re:    In re 53 Stanhope LLC, et al., Case No. 19-23013 (Bankr. S.D.N.Y.) (RDD) (the "Chapter 11 Cases")

Dear Judge Drain:

    We write on behalf of Brooklyn Lender LLC ("Brooklyn Lender") regarding the 53 Stanhope Debtors' failure to provide Brooklyn Lender (and all parties in interest) with important information regarding the sales process—despite that the auction date of December 15, 2021 is less than one week away—and to request a status conference at the Court's earliest convenience regarding the same.

    On October 27, 2021, Brooklyn Lender wrote to the Court (Dkt. No. 324) requesting a status conference to address the 53 Stanhope Debtors' failure to (1) file status reports as required by this Court's order (Dkt. No. 285) (the "53 Stanhope Confirmation Order") confirming their corrected fourth amended plan of reorganization (Dkt. No. 245, Ex. A) (the "53 Stanhope Plan") and (2) provide information regarding the sales process, including, among other things, an auction date. A status conference was set for November 2, 2021. On the morning of the status conference, the 53 Stanhope Debtors filed a status report prepared by Rosewood Realty Group ("Rosewood"), which stated that Rosewood "believe[s]" the auction date "should be the first week of December." (Dkt. No. 326 at 34.) The status report further stated that the highest offer procured to date was $18,250,000, inclusive of fee. (Id.) Rosewood recommended "mak[ing] this top bidder a stalking horse." (Id.)

    At the status conference, we informed the Court that, having received the status report that morning, we would review it and assess whether Brooklyn Lender would exercise its right to

K ASOWITZ  B ENSON  T ORRES  LLP

The Honorable Robert D. Drain
December 9, 2021
Page 2

credit bid its claims.  The Court directed Debtors' counsel to keep Brooklyn Lender updated regarding the sales process, including the auction date.

Since the hearing, Brooklyn Lender counsel has attempted to confer with Debtors' counsel regarding the sales process.  Although Debtors' counsel have provided some information, such as filing a notice designating a December 15, 2021 auction date, they have not provided adequate information for Brooklyn Lender to prepare for and participate in the auction as explicitly contemplated by the 53 Stanhope Plan.  Indeed, the Debtors have not filed the requisite notices or other documents to hold the auction as required by the 53 Stanhope Plan.  Among other things, the Debtors have yet to announce lead bidders for assets of each of the respective Debtors, the amount of such bids, and how many bidders have met the bid qualifications, all of which are required to be provided no less than seven days prior to the auction.  Additionally, Brooklyn Lender requested, on November 17, 2021, that the Debtors provide the amount of the then contemplated stalking horse bid on a per asset basis to enable Brooklyn Lender to determine whether it would credit bid its claims and enable the Debtors to fulfil their respective fiduciary duties in these non-substantively consolidated chapter 11 cases.  The Debtors acknowledged that Brooklyn Lender is entitled to this information, yet Debtors still have not provided it.  Moreover, Debtors' counsel has taken the position that this Court already approved the reasonableness of the real estate broker's fees, even though such broker has not been retained, the fee arrangement was not incorporated into the 53 Stanhope Plan or the bid procedures, there is no reference to the broker in the confirmation order, and the sale hearing will not occur until after the sale.  Finally, representatives of the Debtors have sought to renege on their agreement on the amount of Brooklyn Lender's credit bid even though written correspondence between counsel confirms an agreement on the credit bid as of October 31, 2021 and Debtors' counsel acknowledged that agreement on the record before this Court at the October 7, 2021 hearing on Brooklyn Lender's motion to determine the allowed amount of its secured claim against the 53 Stanhope Debtors (Dkt. No. 310) and the November 2, 2021 status conference (while also acknowledging that the agreed amount increases each day as it accrues 24% interest).

In sum, Brooklyn Lender is in the dark about key aspects of the sale and remains concerned that the Debtors are unjustifiably delaying the sale of their assets.  A process that they contemplated would take 12 weeks has taken twice as long and does not seem to be drawing to a conclusion.  At minimum, Brooklyn Lender must be provided with the following information to prepare its potential credit bid no less than seven days prior to the auction: (1) the terms of the bidding process on an asset-by-asset basis, (2) the value of the opening bids and identity of the bidder(s) on an asset-by-asset basis, and (3) the list of qualified bidders.  Additionally, the Debtors should explain the rationale for the ongoing delays, which are contrary to the Debtors' fiduciary duties and their obligations under the 53 Stanhope Plan.

Separately, the Debtors have also advised that they do not wish to implement the Fifth Amended Plan of Reorganization for 55 Stanhope LLC, 119 Rogers LLC, 127 Rogers LLC,

K ASOWITZ  B ENSON  T ORRES  LLP

The Honorable Robert D. Drain
December 9, 2021
Page 3


C&YSW LLC, Natzliach LLC, 106 Kingston LLC, and 167 Hart LLC (the "55 Stanhope Plan") (Dkt. No. 311), which they proposed and this Court confirmed.  This Court confirmed that plan on the basis that Brooklyn Lender should have no quarrels with a plan that provides for it to be repaid in full.  That justification for the plan has proved to be elusive.  By not acting, Debtors are—de facto—forcing Brooklyn Lender to continue to hold these loans even though the Debtors have already been forced to acknowledge that they cannot meet the criteria for reinstatement.  This is patently improper.  The Debtors must be forced to promptly refinance or convert the 55 Stanhope Plan to a liquidation.  Brooklyn Lender reserves all rights, including without limitation, to seek conversion of the respective bankruptcy cases.

  For all of these reasons, Brooklyn Lender requests a status conference at the Court's earliest convenience to address the status of the sale and implementation of the 55 Stanhope Plan.

               Respectfully,

               */s/ Jennifer S. Recine*

               Jennifer S. Recine


cc: Andrea Caruso
   John Cahalan
   Mark Frankel
   Greg M. Zipes