Mark Frankel                                            Presentment Date and Time:
Backenroth Frankel & Krinsky, LLP                       March 2, 2022 10:00 a.m.
800 Third Avenue, Floor 11
New York, New York  10022
(212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                                   Chapter 11
     53 Stanhope LLC, *et al*,[1]                   Case no.  19-23013 (RDD)
                                                        Jointly Administered
               Debtors.
--------------------------------------------------------x

## NOTICE OF PRESENTMENT

     PLEASE TAKE NOTICE, that under 327(a) and 328(a) of title 11 of the United States Code, Rules 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rules 2014-1 and 9074-1 of the Local Bankruptcy Rules for the Southern District of, and the attached application for retention of Rosewood Realty Group ("Rosewood"), as exclusive real estate broker for 53 Stanhope LLC, 325 Franklin LLC, 618 Lafayette LLC, 92 South 4th St LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, APC Holding 1 LLC; Eighteen Homes LLC, and 1213 Jefferson LLC (the "Debtors"), the undersigned will present the attached proposed order to the Honorable Robert D Drain, United States Bankruptcy Judge, for signature on March 2, 2022 at 10:00 a.m.

     PLEASE TAKE FURTHER NOTICE that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and two courtesy copies are delivered to the Bankruptcy Judge's chambers at least three days before the date of presentment, there will not be a hearing and the order may be signed.

     PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC  Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer  LLC (8197); 106 Kingston  LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

PLEASE TAKE FURTHER NOTICE that the ECF docket number to which the filing relates shall be included in the upper right-hand corner of the caption of all objections.

Dated:  New York, New York
        February 2, 2021

                                    BACKENROTH FRANKEL & KRINSKY, LLP
                                    Attorneys for the Debtors

                                    By: s/Mark A. Frankel_____
                                        800 Third Avenue
                                        New York, New York 10022
                                        (212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                           Chapter 11

      53 Stanhope LLC, *et al*,[2]                        Case no.  19-23013 (RDD)
                               Jointly Administered
                        Debtors.
------------------------------------------------------------x

## APPLICATION TO RETAIN REAL ESTATE BROKER

        53 Stanhope LLC, 325 Franklin LLC, 618 Lafayette LLC, 92 South 4th St LLC,

834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, APC Holding 1 LLC; Eighteen

Homes LLC, and 1213 Jefferson LLC (the "Debtors"), as and for their application to retain

Rosewood Realty Group ("Rosewood") pursuant to the listing agreement annexed hereto as

Exhibit A, as exclusive real estate broker for the Debtors pursuant to sections 327(a) and

328(a) of title 11 of the United States Code, Rules 2014 of the Federal Rules of Bankruptcy

Procedure, and Local Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of

New York, respectfully represents as follows:

        1.      On May 20, 2019, each of the Debtors filed a Chapter 11 petition under

Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

        2.      These cases involve loans made by Signature Bank to the Debtors in 7

separate notes and mortgages covering 13 properties dating back to September 2012. The loans

---

[2] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC  Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer  LLC (8197); 106 Kingston  LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

were assigned to Brooklyn Lender LLC ("Brooklyn Lender" or "Mortgagee") on or about May 17, 2017.

3.      The Debtors filed and confirmed their joint liquidating plan ("Plan") providing for a sale of the Properties.  Brooklyn Lender appealed the Plan confirmation order (the "Appeal").  Briefing is complete.  The District Court has not yet ruled.

4.      Under paragraph 72 of the Plan.  "Marketing will be performed by Rosewood Group under the direction of Greg Corbin (the "Broker"), who shall market to prospective well-qualified purchasers that are ready, willing and able to purchase the Properties." The Rosewood listing agreement was annexed to the bidding auction procedures at Exhibit A to the Plan (the "Auction Procedures').

5.      Rosewood subsequently marketed the Properties and oversaw an auction, the results of which are set forth on exhibit A to the Debtors' January 12, 2022 notice of hearing. The total cash bids from the auction is $18,310,001.  All proposed contracts have since been executed and 10% deposits paid into escrow.

6.      Exhibit B to the January 12, 2022 notice of hearing is a sale report prepared by Rosewood.  As summarized in the second to last page, Rosewood spent seven months marketing, reached approximately 80,000 people, produced 11 registered bidders which resulted in 153 bidding rounds, and the cash bids at about 25% above market comparables.  This, despite the fact that the Plan that authorized the sale was under the cloud of Brooklyn Lender's unresolved appeal.

2

7.      At the hearing held on January 12, 2022, the Court ordered that the auction be continued and that the Debtors make the instant application to formally retain Rosewood by order of the Court.

8.      The Debtors believe that Rosewoods services were, and continue to be, critical to the success of the proposed sale of the Debtors' Properties.

9.      As set forth more fully in the declaration of Greg Corbin ("Corbin Declaration"), Rosewood is well-suited to provide the real estate services required by the Debtors.  The Rosewood is a licensed real estate broker in and by the State of New York with substantial experience in the marketing and sale of residential properties such as the Properties here.  The Debtors believe that Rosewood has thoroughly and effectively marketed the Property.

10.      As set forth in Paragraph 4 of the Listing Agreement, as compensation, Rosewood is entitled to a 5% buyer's premium:

> Rosewood will be paid a commission equal to five percent (5 %) of the gross purchase price of the Property, which will be paid directly to Rosewood at closing without further order of the Court, by the successful purchaser, separate from and in addition to the consideration (or gross purchase price) that the successful purchaser pays for the Property. . . .

11.      The Debtors seeks approval of the Listing Agreement pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.  Section 328(a) provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 … on any reasonable terms and conditions of employment, including

3

on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."
11 U.S.C. § 328(a).

12.     The Debtors submit that the fee structure set forth in the Listing
Agreement is reasonable under section 328(a) of the Bankruptcy Code in light of (a) the nature
and scope of services to be provided by Rosewood, (b) industry practice with respect to the fee
structure proposed by Rosewood, (c) market rates charged for comparable services both in and
out of chapter 11, (d) Rosewood's substantial experience in the New York real estate market and
(e) the prior approval of the Listing Agreement under the Plan.

13.     In addition, the terms of the Listing Agreement were negotiated in good
faith and at arms-length between the Debtors and Rosewood, and reflect the Debtors' evaluation
of the value and expertise of the work to be performed by Rosewood.

14.     The Debtors seeks approval of the fee arrangement in the Listing
Agreement and authority to retain and employ Rosewood as the Debtors broker in these Chapter
11 Cases under section 327(a) of the Bankruptcy Code.  Section 327(a) provides that a debtor
"may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional
persons, that do not hold or represent an interest adverse to the estate, and that are disinterested
persons, to represent or assist the [debtor in possession] in carrying out [its] duties."  11 U.S.C.
§327(a).

15.     To the best of the Debtors' knowledge, and as set forth in more detail in
the Corbin Declaration, and subject to the disclosures made therein, Rosewood (a) is a

"disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code, and (b) does not hold or represent an

interest adverse to the Debtors or the Debtors' estates.

16.    Furthermore, except as disclosed in the Corbin Declaration, Rosewood has

indicated that, based on the results of their research conducted to date, and to the best its

knowledge, neither Rosewood, nor any employee thereof providing the services to the Debtors

under the Listing Agreement, has any connection with the Debtors, any creditors of the Debtors'

estate, or any other parties-in-interest or their respective attorneys and accountants, or other

advisors, or the U.S. Trustee, or any person employed in the Office of the U.S. Trustee.

17.    Rosewood was not owed any amounts by the Debtors as of the Petition

Date and does not hold a claim against the Debtors' estates.  Rosewood has indicated that if it

discovers any information that is contrary to or pertinent to the statements made in the Corbin

Declaration, Rosewood will promptly disclose such information to this Court and the U.S.

Trustee.

18.    The Debtors have been advised that Rosewood has agreed not to share

with any person or firm, other than its own principals and employees, the compensation to be

paid by the Debtors for the professional services rendered in connection with this case.

19.    The Debtors respectfully submit that, because Rosewood's compensation

is results oriented and directly related to benefits received by the Debtors' estates as a result of

sales transactions, requiring Rosewood to filed detailed time records and periodic fee

applications in accordance with sections 330 and 331 of the Bankruptcy Code, and in compliance

with Bankruptcy Rule 2016 and General Order M-447, Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Fee

Guidelines") is unnecessary under the circumstances.  The Debtors have been advised by the

Rosewood that it is not their practice to keep detailed time records similar to those customarily

kept by attorneys and other professionals who are compensated on an hourly basis.

      20.    As set forth herein, Rosewood is being retained and will be employed by

the Debtors to perform a highly specialized task and accordingly, will not be compensated based

upon time and effort expended.  Instead, Rosewood will be compensated based on a percentage

of the proceeds of any final transaction consummated in connection with the Properties.

Requiring Rosewood to record and submit detailed time entries in light of the nature of the

services to be rendered by Rosewood and the flat fee, percentage-based fee structure proposed

under the Listing Agreement would be unduly burdensome to Rosewood given the large number

of Rosewood personnel  working on the project  The Debtors further acknowledge and agree that

the ultimate benefit to the Debtors' estates from the Rosewood's services likely could not be

measured merely by reference to the number of hours to be expended by its professionals in the

performance of such services.  Accordingly, the Debtors request that Rosewood be relieved of

the requirement to maintain detailed time records or file interim fee applications, and any fee

application filed by Rosewood not be subject to review under section 330 of the Bankruptcy

Code.

21.     No previous application for the relief requested herein has been made in this or any other court.

WHEREFORE, the Debtors respectfully requests the Court enter an order substantially in the form annexed hereto approving the retention of Rosewood as the Debtors' exclusive real estate brokers and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
　　　　February 2, 2022

By:　　s/David Goldwasser, as authorized signatory
of GC Realty Advisors, LLC, as Vice President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                    Chapter 11

       53 Stanhope LLC, *et al*,[3]                          Case no.  19-23013 (RDD)
                                                                         Jointly Administered

                 Debtors.
---------------------------------------------------------x

## DECLARATION OF GREG CORBIN

     GREG CORBIN hereby declares under penalty of perjury and pursuant to 28 U.S.C.

§ 1746 that the following is true and correct to the best of my knowledge, information and belief:

         1.      I am a licensed real estate agent in the state of New York and am the

President of Bankruptcy and Restructuring at Rosewood Realty Group ("Rosewood").

         2.      I am authorized to execute this Declaration on behalf of Rosewood.

         3.      I respectfully submit this Declaration in support of the application (the

"Application") of 53 Stanhope LLC, 325 Franklin LLC, 618 Lafayette LLC, 92 South 4th St

LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, APC Holding 1 LLC;

Eighteen Homes LLC, and 1213 Jefferson LLC (the "Debtors") for entry of an order approving

the retention of Rosewood as exclusive real estate broker for the Debtors pursuant to sections

327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 of

---

[3] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC  Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer  LLC (8197); 106 Kingston  LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of

the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

4.      Unless otherwise stated in this Declaration, I have personal knowledge of

the facts set forth herein.  To the extent any information disclosed herein requires amendment or

modification upon Rosewood's completion of further review, or as additional information

regarding parties in interest in these Chapter 11 Cases becomes available, a supplemental

declaration will be submitted to the Court reflecting such amended, supplemented, or otherwise

modified information.

5.      Rosewood is well-suited to provide real estate services to the Debtors.

Rosewood is a licensed real estate broker in and by the State of New York, with substantial

experience in the marketing and sale of commercial and residential real property.  Rosewood

has been ranked the number one single office investment sales firm in New York in

transaction volume from 2007 to 2021. Rosewood has reached over $3.2 billion in sales per

year and its brokers and agents have sold over 3,700 buildings with an aggregate value of

approximately $23.5 billion. Rosewood has extensive experience in selling buildings via

chapter 7 and 11.  Moreover, Rosewood's brokers and agents work as a company to procure

purchases for the properties Rosewood sells, rather than a single agent or team working to

market a property.

2

6.    The Debtors filed and confirmed their joint liquidating plan ("Plan") providing for a sale of the Properties.  Brooklyn Lender appealed the Plan confirmation order (the "Appeal").  Briefing is complete.  The District Court has not yet ruled.

7.    Under paragraph 72 of the Plan.  "Marketing will be performed by Rosewood Group under the direction of Greg Corbin (the "Broker"), who shall market to prospective well-qualified purchasers that are ready, willing and able to purchase the Properties." The Rosewood listing agreement was annexed to the bidding auction procedures at Exhibit A to the Plan (the "Auction Procedures').

8.    Rosewood subsequently marketed the Properties and oversaw an auction, the results of which are set forth on exhibit A to the Debtors' January 12, 2022 notice of hearing. The total cash bids from the auction is $18,310,001.  All proposed contracts have since been executed and 10% deposits paid into escrow.

9.    Exhibit B to the January 12, 2022 notice of hearing is a sale report prepared by Rosewood.  As summarized in the second to last page, Rosewood spent seven months marketing, reached approximately 80,000 people, produced 11 registered bidders which resulted in 153 bidding rounds, and the cash bids at about 25% above market comparables.  This, despite the fact that the Plan that authorized the sale was under the cloud of Brooklyn Lender's unresolved appeal.

3

10.     At the hearing held on January 12, 2022, the Court ordered that the auction be continued and that the Debtors make the instant application to formally retain Rosewood by order of the Court.

11.     In connection with preparing and submitting this declaration, Rosewood searched its records for any open transactions and/or contracts that involve, or *may* involve the Debtors, and their principals, agents, and affiliated entities, in this Bankruptcy Court proceeding and determined that it has no such transactions and/or contracts to disclose except as stated below.  Rosewood has represented and sold property for an affiliate of Brooklyn Lender on several occasions in the past and is currently in contract to sell a 3 building portfolio for them. Additionally, Rosewood is currently representing Maguire Capital on a transaction unaffiliated to this case.

12.     Except as stated herein, to the best of my knowledge, information and belief, Rosewood does not currently represent the Debtors or any of their agents, principals or affiliated entities, the Debtors' creditors or any other party in interest in the Chapter 11 Case, in connection with any active, ongoing or pending listing contract for sale/rent or buyer/tenant representation agreement.

13.     Except as stated herein, to the best of my knowledge, information and belief,  neither Rosewood nor  any of its employees or affiliated sales associates  represent any interest adverse to the Debtors or their estates in any matters upon which Rosewood is to be engaged.

4

14.     In the course of its real estate brokerage business, Rosewood appears in numerous cases, proceedings and/or transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' Chapter 11 Cases.  Rosewood has in the past, may currently and likely will in the future be working with other professionals involved in these cases in matters unrelated to the Debtors and these cases.  To the best of my knowledge, information and belief, none of these relationships create interests materially adverse to the Debtors in the matters upon which Rosewood is to be employed.

15.     Based on the foregoing Rosewood does not believe that it holds or represents an interest that is adverse to the Debtors' estates, and that Rosewood is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Rosewood, or its employees or affiliated sales associates:

(a)  are not creditors, equity security holders or insiders of the Debtors;

(b)  are not and were not investment bankers for any outstanding security of the Debtors;

(c)  have not been, within three years before the Petition Date, investment bankers for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors;

(d)  are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtors or any investment banker specified in subparagraph (ii) or (iii) of this paragraph; and

5

(e) do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker specified in subparagraph (ii) or (iii) of this paragraph, or for any other reason, other than as set forth herein.

16.    Rosewood maintains that it is disinterested and should be retained to serve as the Debtors' real estate broker.

17.    Rosewood will regularly review its records to ensure that no disqualifying circumstances arise as to any new, significant creditors that come to light, and if any new relevant facts or relationships are discovered, Rosewood will file a supplemental disclosure with the Court and serve such supplemental disclosure on the Office of the United States Trustee for the Southern District of New York.

18.    Based upon the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe that Rosewood does not hold or represent an interest adverse to the Debtors' estate in the matters upon which Rosewood is to be employed, and that Rosewood is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

19.    Rosewood is not a creditor of the Debtors or their estates.  The Debtors have not yet paid any amounts to Rosewood, either pre- or post- petition.

20.    It is contemplated that Rosewood will seek compensation in accordance with the Listing Agreement, subject to the approval of this Court and compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the

6

United States Trustee's Guidelines for Fees and Disbursements, and any administrative orders issued by the Court.

21.     As set forth in Paragraph 4 of the Listing Agreement, as compensation, Rosewood is entitled to a 5% buyer's premium:

> Rosewood will be paid a commission equal to five percent (5 %) of the gross purchase price of the Property, which will be paid directly to Rosewood at closing without further order of the Court, by the successful purchaser, separate from and in addition to the consideration (or gross purchase price) that the successful purchaser pays for the Property. . . .

22.     The source of any compensation to Rosewood shall be the Debtors, to be paid out of the proceeds of the sale of the Properties in accordance with the Listing Agreement.  Rosewood's compensation is results-oriented and directly related to benefits received by the Debtors' Estates.  Rosewood will not be compensated based upon time and effort expended.  Accordingly, Rosewood respectfully submits that the recording and submission of detailed time entries for services rendered in these sales is unnecessary; and would be unduly burdensome to Rosewood. given the large number of Rosewood personnel working on the project.

23.     No promises have been received by Rosewood, or any employee or affiliated sales associate thereof, as to payment or compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  Rosewood has no agreement with any other entity to share with such entity any compensation received by Rosewood or by such entity.

7

24.     The Application requests approval of Rosewood's retention on terms and conditions consistent with the Listing Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: New York, New York
            February 2, 2022

_____
Greg Corbin

8

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

In re                                                                        Chapter 11

   53 Stanhope LLC, *et al*,[1]                        Case no.  19-23013 (RDD)

                      Jointly Administered

         Debtors.

--------------------------------------------------------x


## ORDER AUTHORIZING RETENTION OF REAL ESTATE BROKER[2]

   Upon the application ("Application") of 53 Stanhope LLC, 325 Franklin LLC,

618 Lafayette LLC, 92 South 4th St LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene

Ave LLC, APC Holding 1 LLC; Eighteen Homes LLC, and 1213 Jefferson LLC (the "Debtors"),

requesting authorization to retain Rosewood Realty Group ("Rosewood") as exclusive real estate

broker for the Debtors pursuant to sections 327(a) and 328(a) of title 11 of the United States

Code (the "Bankruptcy Code"), Rules 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Local Rule 2014-1 of the Local Bankruptcy Rules for the Southern

District of New York (the "Local Rules"); and upon the Declaration of Greg Corbin, in support

of the Application; and the Court having reviewed the Application, the Corbin Declaration; and

the Court being satisfied based on the representations made in the Application, and Corbin

--------------------------

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC  Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer  LLC (8197); 106 Kingston  LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).
[2]  Capitalized terms not defined herein shall have the meaning ascribed to them in the Application

Declaration, that Rosewood is a "disinterested person" within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code; and the relief requested in the Application is necessary and in the best interests of the Debtors' estate, creditors, and other parties-in-interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED THAT**,

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors are hereby authorized to employ and retain Rosewood as the Debtors' exclusive real estate broker to assist with the sale and disposition of the Debtors' real property ("Properties") on the terms set forth in the Application, the Listing Agreement, and the Corbin Declaration.

3.      The terms and provisions of the Listing Agreement are reasonable and are approved, and Rosewood is authorized to collect a buyer's premium as its commission at the closing of Property sales directly from the buyer(s) of the Properties or as otherwise provided for in the Listing Agreement.  Rosewood's commission remains subject to the filing of a final fee

application by Rosewood in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered by the Court; *provided, however,* that Rosewood shall be compensated and reimbursed pursuant to Bankruptcy Code section 328(a) and that Rosewood's commission and expenses shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code.

4.      To the extent the Application, the Listing Agreement, or the Corbin Declaration is inconsistent with this Order, the terms of this Order shall govern.

5.      Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

6.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: White Plains, New York
       March [  ], 2022

_____
UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:

_____
OFFICE OF UNITED STATES TRUSTEE

Exhibit A



**RETENTION AGREEMENT**

This Retention Agreement ("Agreement") is between 53 Stanhope LLC, 325, Franklin LLC, 618 Lafayette LLC, 92 South 4th St LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, APC Holding 1 LLC; Eighteen Homes LLC, and 1213 Jefferson LLC (collectively, the "Debtor") and Rosewood Realty Group ("Rosewood"). Debtor hereby employs and retains Rosewood, granting Rosewood for a period of time as set forth herein to act as special real estate advisor for the Debtor having, among other things, the sole and exclusive and irrevocable right and authority to arrange financing or recapitalization, negotiate refinancing, sell, net lease or otherwise dispose of all or any portion of the real property known as, and/or air rights pertaining to, the properties on the schedule annexed hereto (all or a portion of the properties and/or air rights related thereto are referred to hereinafter as the "Property"). Rosewood agrees to use its best efforts to market and sell the Property on the following timetable:

Week 1: finalize marketing materials
Weeks 2 to 3:     "quiet" marketing campaign to top investors
Week 4:           press releases
Week 5:           mass email blasts
Weeks 6 to 7:     posts to all industry websites
Week 8:           posts to all social media
Week 9:           sign stalking horse contract if one has not been executed prior
Week 10:          repeat select portions of the aforementioned
Week 11:          bid deadline
Week 12:          auction

1.  Subject to approval of the Bankruptcy Court (defined hereinafter), the term of Debtor's retention of Rosewood shall be effective and commence on the date this Agreement is executed by both parties and shall continue in effect for one hundred eighty (180) days from the date of entry an order of the Bankruptcy Court approving this Agreement (the "Term"). Thereafter, the Term shall be automatically extended for successive thirty (30) day periods until terminated by either party upon at least thirty (30) days advance written notice to the other party.

2.  Should, during the Term, Debtor enter into an agreement to refinance, borrow against, restructure its existing debt encumbering the Property, and/or recapitalize the Property, in whole or in part, and/or enter into a joint venture agreement relating to the Property, then Debtor will pay Rosewood, at closing, a fee in an amount equal to five percent (5%) of the aggregate amount of gross refinancing or restructured indebtedness, recapitalization, and/or joint venture investment received or obtained, or to be received or obtained by Debtor, as the case may be, regardless of when the closing of same takes place.

3.  For the purposes of this Agreement, the "Additional Period" will be six months after expiration of the Term. Should, during the Additional Term, Debtor enter into an agreement to refinance, borrow against, restructure its existing debt encumbering the Property, and/or recapitalize the Property, in whole or in part, and/or enter into a joint venture agreement relating to the Property, in each case with a person or entity with whom Rosewood has negotiated concerning the Property, or to whose attention the Property has been brought by Rosewood, or who was introduced to Debtor by Rosewood during the Term, then Debtor will pay Rosewood, at closing, a fee in an amount equal to five percent (5%) of the aggregate amount of gross refinancing or restructured indebtedness,  recapitalization, and/or joint venture investment received or obtained, or to be received or obtained by Debtor, as the case may be, regardless of when the closing of same takes place.

1



**RETENTION AGREEMENT**

4.   Rosewood will be paid a commission equal to five percent (5%) of the gross purchase price of the Property, which will be paid directly to Rosewood at closing without further order of the Court, by the successful purchaser, separate from and in addition to the consideration (or gross purchase price) that the successful purchaser pays for the Property, upon the occurrence of any of the following events:

    a.   Debtor enters into an agreement during the Term to sell, transfer or convey ownership of the Property in whole or in part, whether individually or as part of a package, or a sale of the Property at a bankruptcy auction, or other sale permitted by the bankruptcy court, such as a sale under Section 363 of the Bankruptcy Code or pursuant to a confirmed plan of reorganization, regardless of whether the closing occurs after the expiration of the Term and regardless of whether the Debtor engages a different broker or advisor to close a transaction; or

    b.   If a sale, exchange or other conveyance of the Property or ownership or control of the Property is made or takes place within the "Additional Period" after expiration of the Term to a Prospective Purchaser with whom Debtor had not reached an agreement during the Term, but with whom Rosewood has negotiated concerning the Property, or to whose attention the Property has been brought by Rosewood, or who was introduced to Debtor by Rosewood during the Term, or to a credit bidder.  For these purposes, a "Prospective Purchaser" shall include partnerships, joint ventures, limited liability companies, corporations, trusts or other similar entities which the prospective buyer represents, is involved with, or in which it holds an ownership, management or beneficial interest.

For the purposes of this Agreement, the term "gross purchase price" includes the sum of the total consideration transferred to, or for the benefit of, the Debtor and value of debt and liabilities assumed and liabilities reduced, and any credit bid by a secured lender, and any consideration transferred to or for the benefit of the secured lender for the assignment of its credit bid or claim, and contingent, earned or other consideration paid or payable, directly or indirectly, in connection with a sale or transfer of title to the Property.  For the purposes of this Agreement, the gross purchase price and the commission due to Rosewood will not be offset or reduced by the costs of advertising, the Debtor's legal fees, any break-up fees, broker's expenses or closing costs and/or closing adjustments, including any adjustments and/or payments of whatever kind to lienholders, secured parties or offerors.  Debtor will not close on any sale or transfer of the Property unless Rosewood is paid at the closing the commission to which Rosewood is entitled hereunder.

For the avoidance of doubt, if Debtor enters into a contract for the sale of the Property, the result of which would entitle Rosewood to a commission hereunder, and a higher or better offer is approved by the Bankruptcy Court, then regardless of who may be the successful purchaser, Rosewood will be entitled to a commission pursuant to the terms of this Agreement, as, if and when the closing with the successful purchaser occurs, based on the successful purchaser's gross purchase price.

5.   All inquiries, offers, expressions of interest and communications from principals, outside brokers and other parties or professionals will be re-directed and referred to Rosewood by Debtor, its principals, officers, counsel, accountants and other professionals or representatives.  Debtor agrees to conduct all negotiations through Rosewood exclusively and to advise all interested persons of this exclusive right. Debtor agrees to conduct all negotiations through Rosewood exclusively.  Should another broker be involved in a sale, refinancing, recapitalization or restructuring of the Property, it may seek compensation only from its client.

2



**RETENTION AGREEMENT**

Subject to Bankruptcy Court approval of this Agreement, Rosewood will be authorized to act as agent for Debtor, and to advertise, market, negotiate and coordinate the closing on the sale or refinancing of the Property. In order to coordinate efforts concerning a possible transaction, neither Debtor nor any representative of Debtor will initiate any discussions with a third party regarding a potential transaction involving the property except through Rosewood.

6.    Debtor will, promptly after its execution of this Agreement, file an application and proposed order seeking from the Bankruptcy Court approval of its employment of Rosewood pursuant to the terms of this Agreement, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code.  Debtor agrees and acknowledges to attach a complete copy of this Agreement to the application.  Debtor will provide Rosewood the employment application and proposed order authorizing Debtor's employment of Rosewood sufficiently in advance of their filing in order for Rosewood to have ample time to review and discuss any comments it may have with Debtor, and the employment application must be acceptable to Rosewood in its discretion.  The proposed order will include, without limitation, the following terms and conditions:  (a) finding that none of the fees or commissions to Rosewood hereunder constitute a "bonus" under applicable law; (b) directing that Rosewood will be exempt from keeping time records for its work hereunder (as Rosewood will not be billing on an hourly basis); (c) finding that the terms and conditions of this Agreement are reasonable. (d) all amounts due hereunder to Rosewood will be paid at closing without a further application or order of the Bankruptcy Court; and (e) directing that any unpaid commissions, fees, and marketing expenses owed to Rosewood shall be treated as an administrative claim under Section 507(a)(1) of the Bankruptcy Code.

7.    If an order containing these terms is not obtained from the Bankruptcy Court within 30 days after both parties have signed this Agreement, then Rosewood may terminate this Agreement in which case it will be null and void.  If Debtor obtains an order of the Bankruptcy Court authorizing its use of cash collateral or debtor in possession financing and if the order requires submission of a proposed budget specifying post-petition expenditures, then Debtor will include in the budget line items providing for the payment of commissions or fees to be paid or reimbursed under this Agreement.  All amounts projected to be paid to Rosewood under this Agreement will be included in the carve-out for professionals provided in Debtor's bankruptcy case.

8.    This Agreement may not be modified, assigned and or rescinded, and once approved by the Bankruptcy Court, will be binding on and inure to the benefit of all parties including any of Debtor's affiliates, representatives, designees, successors and assigns, unless it is changed in a writing signed by both parties. Debtor agrees to incorporate this Agreement into any sales contract for the Property.

9.    Debtor will deliver to Rosewood all financial and other information requested by Rosewood for the purpose of its performance hereunder, including without limitation title reports, engineering and environmental reports, building plans, plot plans and surveys, income and expense statements, lease summaries, and rent roll.  All information provided by Debtor to Rosewood will be, to the knowledge of Debtor, accurate and complete in all material respects, and if Debtor becomes aware that any information it has provided Rosewood is or has become materially inaccurate or incomplete, Debtor will promptly so notify Rosewood in writing.  Debtor agrees to disclose to Rosewood any existing liens or encumbrances against the Property and further agrees to disclose any new liens which arise during the Term.  Debtor will immediately inform Rosewood of any building code violations, environmental hazard or contamination relating to the Property, and of any existing or pending violation of federal, state or local environmental laws that become known to

3



**RETENTION AGREEMENT**

Debtor.  If Debtor has ordered any environmental reports or studies, as soon as same become available, Debtor will immediately provide a true and complete copy to Rosewood, and Rosewood is hereby authorized to disseminate same to prospects.  Rosewood will be entitled to rely, without independent verification, on the accuracy and completeness of all information supplied to it by Debtor and Rosewood will not be responsible to Debtor, its creditors, or any third party for the inaccuracy or incompleteness of any information provided to it by Debtor.

10.    Within seven days of its execution of this Agreement, Debtor will deliver to Rosewood a list of all brokers, principals or other prospects who have expressed an interest in acquiring, refinancing, recapitalizing or entering into a joint venture with respect to the Property, along with all correspondence and other records that relate to that interest.

11.    Debtor will share with Rosewood information Rosewood may request regarding the source of any sale, refinancing, recapitalization of the loan that Debtor asserts did not involve Rosewood or any of its agents or representatives to the extent such information may affect Rosewood's entitlement to payment hereunder.

12.    Any commission or fee to which Rosewood is entitled under this Agreement, as the case may be, will be paid at closing, by official bank / certified check or wire, and Rosewood will be entitled to make demand of any escrow holder or closing attorney for payment from the proceeds of sale or refinance.  For the avoidance of doubt, Rosewood will be entitled to a commission or fee, as the case may be, regardless of whether the buyer or other party entering into the subject transaction with Debtor was first introduced to the Property by Rosewood.  Debtor hereby authorizes and instructs any escrow agent or counsel (without need for further authorization or permission) to pay Rosewood its commission or fee in strict compliance with the terms of this Agreement, time being of the essence, simultaneously with the closing or other consummation of the subject transaction.

13.    Each party to this Agreement will deal with the other fairly so as to allow it to perform its duties and to receive the benefits of this Agreement and will not interfere, prevent or prohibit the other party, in any manner, before or during the closing of a sale of the Property, from carrying out its obligations under this Agreement.

14.    Should the Bankruptcy Court order a sale of the Property at auction, Rosewood is authorized to and will act as the exclusive auctioneer and all terms will remain the same.

15.    Debtor represents and warrants to Rosewood that:

    a.    Upon approval by the Bankruptcy Court, Debtor will have the right, power and authority to retain Rosewood and will be authorized and directed to perform this Agreement, and this Agreement will constitute a valid and legally binding obligation of Debtor, enforceable in accordance with its terms.

    b.    To the best of Debtor's knowledge and unless otherwise previously disclosed, Debtor now holds (and, up to the moment of sale provided for under this Agreement, will hold) good and marketable or insurable title to each Property.

4



**RETENTION AGREEMENT**

    c. If Debtor reaches agreement with a third party to refinance, borrow against, recapitalize or sell any of the Property, Debtor will use its best efforts to obtain, and will not delay, any effort, application, petition or motion to obtain any necessary approval of the Bankruptcy Court or any other judicial, governmental, or regulatory authority approval.

16. Debtor agrees that Rosewood and its affiliates, and their respective officers, directors, employees, agents and representatives will not be liable (whether directly or indirectly, in contract, tort or otherwise), to Debtor or its security holders or creditors for any matter, cause or thing related to or arising out of the retention of Rosewood pursuant to, or the performance by Rosewood of services under, this Agreement except to the extent that Rosewood if found by final judgment by a court of competent jurisdiction to have acted in bad faith, or with gross negligence or to have engaged in willful misconduct in providing services pursuant to this Agreement.

17. All fees payable to Rosewood hereunder will be free and clear of any liens, claims and encumbrances, including the liens of any secured creditor of Debtor.

18. Except as otherwise set forth herein, Rosewood will not be responsible for any other fees or commissions in connection with a disposition, refinancing or recapitalization by the Debtor, including any fees or commissions that may be owed to any other broker.

19. Debtor's obligations under this Agreement will survive any change in control of the Debtor. If a trustee in bankruptcy is appointed for the Debtor, this Agreement will survive and remain in full force and effect.

20. The Bankruptcy Court will retain jurisdiction over any and all disputes under or otherwise relating to the construction and enforcement of the transactions contemplated hereunder. If the Debtor's bankruptcy case is dismissed, or the Automatic Stay is lifted or modified with respect to a Property and that Property is not disposed of under Bankruptcy Court jurisdiction, then any dispute between the parties arising under this Agreement will be resolved in the New York State Supreme Court, County of New York, Commercial Division.

21. Rosewood may at its option and own expense place announcements and advertisements or otherwise publicize its role in connection with this Agreement, including on Rosewood's internet website, in newspapers, periodicals, and in its marketing materials as it may choose, stating that it has acted as advisor to Debtor with respect to a transaction involving the Property.

22. Rosewood will have no liability for delays, failure in performance, or damages due to fire, explosion, lightning, power surges or failures, strikes or labor disputes, water, war, civil disturbances, acts of civil or military authorities, telecommunications failures, fuel or energy shortages, acts or omissions of communications carriers, or other causes beyond Rosewood's control whether or not similar to the foregoing.

23. From time to time, Rosewood or one of its affiliated entities may and shall have the right to advise or to provide services to several industry participants, some of which may be competitors of the Debtor. The Debtor, and its directors, officers, members and principals, waive any right to commence an action, suit or proceeding or to make any demand, complaint or claim against Rosewood, its subsidiaries, affiliates, directors, officers, members, principals or other personnel, that arises out of the right of Rosewood or one of



**RETENTION AGREEMENT**

its related entities to advise or provide services to an industry competitor of the Debtor.   Notwithstanding the foregoing, because of the substantial number of brokers and salespersons employed by Rosewood, a broker or brokerage team employed by Rosewood may on occasion represent a prospect who may be interested in the Property, and which representation is intended to be independent of Rosewood's representation hereunder.  In such a case, Rosewood will disclose its dual role in the potential transaction to the Debtor and to the prospect, will and implement reasonable industry safeguards to assure confidentiality to both the Debtor and the prospect.  The Debtor acknowledges and agrees that:  (a) such occasional dual representation may occur, subject to appropriate disclosure as provided above; (b) such brokerage team representing the prospect will be deemed to be a permitted independent engagement for purposes hereof, but Debtor will have no responsibility for same; and (c) Debtor agrees that Rosewood will be entitled to compensation and reimbursement of any and all amounts due and payable hereunder notwithstanding a disclosed dual engagement.

24. Rosewood's role will be as agent of the Debtor.  The Debtor will remain fully responsible for all decisions and matters as to which Rosewood's advice is sought.  Rosewood is not assuming any management responsibilities for or on behalf of the Debtor.  Debtor and Rosewood acknowledge and agree that Debtor's engagement of Rosewood does not confer and is not intended to confer any rights upon any person or entity not a party hereto, including any security holders or creditors of the Debtor.  Rosewood's duties hereunder run solely to the Debtor.  All advice provided by Rosewood to the Debtor pursuant to this Agreement is intended solely for the use and benefit of the Debtor.  Debtor agrees that Rosewood's advice may not be disclosed publicly or made available to third parties without Rosewood's prior written consent.  Rosewood may condition the granting of such prior written consent upon obtaining a non-reliance letter and a release from any such third parties.

25. Any notice or communication sent with respect to this Agreement must be in writing and delivered via overnight mail (using a nationally recognized courier service):

If to Debtor:

_____
_____
_____
_____

If to Rosewood:
Rosewood Realty Group
38 East 29th Street, 5th Fl.
New York, New York 10016
Attn: Greg Corbin

All such notices or communications will be deemed to have been given one business day following the date of delivery by overnight mail addressed as aforesaid.

26. Signatures to this Agreement may be exchanged by hand, by mail, by fax, by photocopy, or in counterparts; any such method being binding on both sides when completed and exchanged.



**RETENTION AGREEMENT**

27. This agreement is subject to approval of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). If this Agreement is not approved by the Bankruptcy Court, then this Agreement will be deemed terminated and Rosewood will have an allowed quantum meruit claim for its services. This paragraph will survive termination of this Agreement. This Agreement has been made under and will be governed by the laws of the State of New York., without giving effect to conflicts of law rules.

If the foregoing accurately sets forth our Agreement, please sign below and return this original Agreement to Rosewood. This Agreement contains the entire agreement between Debtor and Rosewood. Any prior discussions and agreements between the parties concerning this subject matter are superseded by this Agreement. This Agreement will be deemed to have been jointly drafted by the parties and there will be no presumption in interpretation against either party as the drafter of this Agreement. The terms of this Agreement may not be modified or changed except by a writing signed by the parties. Each of Debtor and Rosewood understands that this is a legal document, acknowledges that it has consulted with counsel of its choice regarding its terms before deciding whether to execute it, and agrees to the terms and conditions set forth herein.

**ENTITY**

Name: David Goldwasser

Title: Manager

Authorized signature: _____

Date: 4/7/21

**ROSEWOOD REALTY GROUP**

Greg Corbin

President, Bankruptcy and Restructuring

Authorized signature: _____

Date: 4/7/21

7



**RETENTION AGREEMENT**

### Schedule of Properties

| Debtor | Property |
|---|---|
| 53 Stanhope LLC<br>325 Franklin LLC<br>(Joint Owners) | 53 Stanhope Street Brooklyn NY<br>325 Franklin Avenue, Brooklyn NY |
| 618 Lafayette LLC | 618 Lafayette Ave<br>Brooklyn, New York |
| Eighteen Homes LLC | 263 18th Street, Brooklyn, NY |
| 1213 Jefferson LLC | 1213 Jefferson Avenue, Brooklyn, NY |
| 92 South 4th LLC<br><br>834 Metropolitan LLC<br>(Joint Owners) | 92 South 4th Street, Brooklyn, NY<br>834 Metropolitan Ave, Brooklyn, NY |
| 1125-1131 Greene Avenue, LLC | 1125 Greene Avenue, Brooklyn, NY<br>1127 Greene Avenue, Brooklyn, NY<br>1129 Greene Avenue, Brooklyn, NY<br>1131 Greene Avenue, Brooklyn, NY<br>1133 Greene Avenue, Brooklyn, NY |
| APC Holding 1 LLC | 568 Willoughby Avenue, Brooklyn, NY |

8