UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                                    Chapter 11

    53 STANHOPE LLC, *et al*,[1]                              Case No. 19-23013 (RDD)
                                                          Jointly Administered

                     Debtors.
-----------------------------------------------------------x

## ORDER AND NOTICE OF AMENDED BIDDING AND AUCTION PROCEDURES

Upon the Debtors' January 12, 2022 notice of hearing ("Notice") to consider approval of the sale of the real property owned by 53 Stanhope LLC, 325 Franklin LLC, 618 Lafayette LLC, 92 South 4th St LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, APC Holding 1 LLC, Eighteen Homes LLC, and 1213 Jefferson LLC (each a "Debtor", and collectively, the "Debtors") in accordance with the Order [Dkt. 285] (the "Confirmation Order") confirming the *Corrected Fourth Amended Plan of Reorganization for 53 Stanhope LLC, 325 Franklin LLC, 618 Lafayette LLC, 92 South 4th St LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, APC 1 LLC, Eighteen Homes LLC, and 1213 Jefferson LLC* [Dkt. 245] (the "Plan"), the bidding and auction procedures ("Bidding Procedures") annexed as Exhibit A to the Plan, and the record of the auction conducted on January 6-7, 2022 ("Auction"), and upon the record of the hearing held by the Court on January 26, 2022 on the Debtors' request for approval of their selection of the winning bidders at the Auction; and upon the objections to such request, the Debtors' response; and after due deliberation and for the reasons stated by the Court in its bench ruling at the January 26, 2022 hearing, the Court having determined that

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

1

because of the conduct of the Auction a second auction of the Debtors' properties (the "Properties" and each a "Property") must be conducted on the terms of this Order; and good and sufficient cause further appearing for the other relief granted herein, it is hereby

ORDERED, that FREO U.S. Acquisitions LLC, as stalking horse ("Stalking Horse") is entitled to a breakup fee pursuant to the breakup fee section of the Bidding Procedures, as modified by the Stalking Horse at the Auction; provided, however, that (i) the breakup fee (the "Break-up Fee") shall not exceed $347,000, representing 2% of the Stalking Horse's initial $17,350,000 opening bid on all of the Debtors' Properties, (ii) to the extent that any of the Debtors' Properties is sold to a bidder other than the Stalking Horse, the Break-up Fee shall be awarded on a *pro rata* basis from the sales proceeds for those Properties, and (iii) the Stalking Horse shall not be entitled to the Break-up Fee with respect to any Property as to which Brooklyn Lender LLC ("Brooklyn Lender") submits a successful bid; and it is further

ORDERED, if Brooklyn Lender submits a credit bid at the continuation of the Auction, as scheduled hereby, for any of the Properties, Brooklyn Lender is required to include cash consideration (the "Cash Consideration") in an amount sufficient to pay the Claims and expenses of each such Debtor pertaining to the identified Properties, allocated (to the extent necessary) on a *pro rata* basis, as set forth in Schedule A attached hereto, consisting of (a) sale expenses, (b) Class 1 Claims,[2] (c) Administrative Claims, (d) Priority Tax Claims, and (e) funds to pay the Rosewood Realty Group ("Rosewood") buyer's premium of 5% of the purchase price (subject to Bankruptcy Court approval of Rosewood's retention pursuant to 11 U.S.C. § 327(a) upon notice to all creditors with an opportunity to object to Rosewood's retention and compensation); provided, however, that in all cases, the Debtors' estimated sale expenses

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan

2

hereunder shall not be paid until the approval of the payment of such expenses or allowance of such Claims by the Court, subject to the right of all parties in interest to object; and it is further

ORDERED, that on or before February 17, 2022 at 5:00 p.m. EST, Brooklyn Lender shall file a statement (the "Statement of Intent") on the docket of these cases indicating whether Brooklyn Lender intends to submit a revised bid as set forth in the preceding decretal paragraph for any of the Properties at the continuation of the Auction and, if so, identifying the specific Properties upon which such bid shall be made, in which case Brooklyn Lender shall (a) place in escrow with Abrams Fensterman LLP equal to 10% of the amount of Cash Consideration for such Properties pursuant to the Bidding Procedures and (b) if submitting a revised bid for 834 Metropolitan Ave, Brooklyn, NY 11211, 92 South 4th Street, Brooklyn, NY 11249, 53 Stanhope Street, Brooklyn, NY 11221, and or 325 Franklin Ave, Brooklyn, NY 11238, indicate in its Statement of Intent the allocation of the Brooklyn Lender credit bid per Property for such Properties; and it is further

ORDERED, that if Brooklyn Lender files a Statement of Intent indicating that it intends to submit a revised bid as provided in this Order for any of the Properties, bidding shall continue on a Property-by-Property basis only with respect to those Properties identified in the Statement of Intent upon which such bid shall be made starting with the bid amounts set forth on Schedule B hereto (as modified by Brooklyn Lender's allocated bids in its Statement of Intent), with each of the individual bidders set forth on Schedule C hereto (the "Individual Bidders") eligible to bid on each Property on which it was the high cash bidder at the conclusion of the Auction on January 7, 2022, and with FREO and Brooklyn Lender eligible to bid on each and all of the identified Properties subject to continued bidding; and it is further

ORDERED, that with respect to bidding pursuant to the preceding paragraph, to be the highest bid, each bid by an Individual Bidder must exceed highest and best of Brooklyn Lender's or FREO's bid on such Property by the allocated Break-Up Fee for such Property; and it is further

ORDERED, that if Brooklyn Lender elects not to make additional bids on any of the Properties as set forth hereinabove, then bidding shall continue on those Properties with each of the Individual Bidders eligible to bid on each Property on which it was the high bidder at the conclusion of the Auction on January 7, 2022; provided, however, that unless the aggregate bids of all the Winning Bidders[3] exceed $18,647,000 (i.e. FREO's $18,300,000 bid plus $347,000 allocable to the FREO breakup fee), FREO's $18,300,000 bid shall be deemed to be the highest bid; and it is further

ORDERED, that the Auction shall resume on February 22, 2022 at 10:00 a.m. EST (the "Continued Auction Date") to consider additional bids under the terms set forth herein; and it is further

ORDERED, that the Debtors shall serve a copy of this Order upon Brooklyn Lender, FREO, and the Individual Bidders within three (3) days of entry of this Order on the docket and no later than seven (7) days before the Continued Auction Date, unless the Court grants a motion by the Debtors on notice to Brooklyn Lender, the Individual Bidders, and FREO, to shorten such seven-day (7-day) period for cause; and it is further

ORDERED, that to the extent the Auction does not conclude on the Continued Auction Date, the Debtors shall file the date, time, and location of the adjourned Auction on the docket and serve Brooklyn Lender, FREO, and the Individual Bidders, so as to ensure receipt no

---

[3] The Winning Bidders are expressly authorized to bid in the aggregate against the highest bulk bid in the same format that they did so at the Auction.

4

later than one (1) day prior to the date before the Auction resumes, and file a certificate of service the docket regarding the same; and it is further

ORDERED, that no amendments or modifications to the procedures outlined herein shall be made absent an application of the Debtors on at least seven (7) days' notice to Brooklyn Lender, FREO, and the Individual Bidders, and so-ordered by the Court, unless the Court grants a motion by the Debtors on notice to Brooklyn Lender, the Individual Bidders, and FREO, to shorten such seven-day (7-day) period for cause.

Dated: White Plains, New York
February 9, 2022

*/s/ Robert D. Drain*
UNITED STATES BANKRUPTCY JUDGE