UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
|     53 Stanhope LLC, *et al*,[1] | Case no.  19-23013 (RDD) |
| | Jointly Administered |
|     Debtors. | |

------------------------------------------------------------x

## ORDER AUTHORIZING RETENTION OF REAL ESTATE BROKER[2]

Upon the application (the "Application") of 53 Stanhope LLC, 325 Franklin LLC, 618 Lafayette LLC, 92 South 4th St LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, APC Holding 1 LLC; Eighteen Homes LLC, and 1213 Jefferson LLC (the "Debtors/Post-Confirmation Debtors"), requesting authorization to retain Rosewood Realty Group ("Rosewood") as exclusive real estate broker for the Debtors/Post-confirmation Debtors pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC  Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer  LLC (8197); 106 Kingston  LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

[2]  Capitalized terms not defined herein shall have the meaning ascribed to them in the Application

"Local Rules") with respect to the sale of the Debtors/Post-Confirmation Debtors' real properties (the "Properties") provide for in the confirmed chapter 11 plan in these cases; and upon the Declaration of Greg Corbin in support of the Application; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given; and there being no objections to the requested relief; and no additional notice or a hearing being required; and the Court being satisfied based on the representations made in the Application and Corbin Declaration that Rosewood is a "disinterested person" within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code, that it does not hold or represent an adverse interest to the Debtors/Post-confirmation Debtors or the bankruptcy estates, and that its retention is necessary in in the best interests of the estates; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED THAT**,

    1.     The Application is GRANTED as set forth herein.

    2.     Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors/Post-confirmation Debtors are authorized to employ and retain Rosewood as the Debtors' exclusive real estate broker to assist with the sale and disposition of

the Properties on the terms set forth in the Application, the Listing Agreement, and the Corbin Declaration, as modified by Rosewood during the course of the sale process.

3.  Rosewood's buyers premium under the Listing Agreement remains subject to the filing of a final fee application by Rosewood in accordance with sections 328(a) and 330 of the Bankruptcy Code and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of the Court.

4.  To the extent the Application, the Listing Agreement, and/or the Corbin Declaration is inconsistent with this Order, the terms of this Order shall govern.

5.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: White Plains, New York
       March 15, 2022

                                                */s/ Robert D. Drain*
                                           UNITED STATES BANKRUPTCY JUDGE