UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                                    Chapter 11

    53 STANHOPE LLC, *et al*,[1]                              Case no.  19-23013 (RDD)
                                                                                                   Jointly Administered

                          Debtors.
-----------------------------------------------------------x

## ORDER APPROVING SALE TO ABRAHAM ROSENBERG AND CHAVA OBERLANDER

Upon the motion (the "Motion") of 53 Stanhope LLC, 325, Franklin LLC, 618 Lafayette LLC, 92 South 4th St LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, APC Holding 1 LLC; Eighteen Homes LLC, and 1213 Jefferson LLC, post-confirmation debtors and debtors in possession herein (collectively, the "Debtors"), requesting approval of the sale by APC HOLDING 1 LLC (the "Selling Debtor") of that certain real property located at 568 Willoughby Ave, Brooklyn NY 11206 (the "Property") free and clear of all liens, claims and interests, and encumbrances therein and thereon of whatever kind or nature except as expressly assumed by the Purchaser (defined below) ("Liens and Claims") pursuant to that certain contract of sale, a copy of which is attached hereto (the "Sale Agreement") to Abraham Rosenberg and Chava Oberlander (the "Purchasers") in accordance with the Court's Order (the "Order" Dkt. 285) approving the Debtors' Joint Plan of Liquidation (the "Plan" Dkt. 245) and the Order and Notice of Amended Bidding and Auction Procedures (the "Procedures Order" Dkt. 357); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given, and it appearing that no other or further notice need be provided; and all objections to the Motion having been withdrawn or overruled; and upon the record of the hearings held before this Court on January 25, 2022 and March 14, 2022, upon all of the proceedings had before the Court, and, upon due

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer  LLC (8197); 106 Kingston  LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

deliberation, the Court having determined that the sale under the Sale Agreement is in conformity with the Order, the Plan, and the Procedures Order, is a proper exercise of the Selling Debtor's business judgment, and that the relief granted herein is in the best interests of the Selling Debtor's estate and creditors; and the Selling Debtor having satisfied one or more of the requirements for the sale to be free and clear of Liens and Claims under section 363(f) of the Bankruptcy Code; and sufficient cause appearing, it is hereby

ORDERED, that the Motion is granted as provided herein; and it is further

ORDERED, that the Sale Agreement, and all ancillary documents and transaction contemplated therein, including the sale of the Property and the assumption of the Property leases by the Selling Debtor and assignment of such leases to the Purchasers, are approved; and it is further

ORDERED, that the Debtor and the Purchasers are authorized and empowered to perform their respective obligations under the Sale Agreement and to take such actions as are necessary and appropriate to effectuate the terms of the Sale Agreement without any further authorization or order of this Court; and it is further

ORDERED, that pursuant to the Plan and section 363(f) of the Bankruptcy Code, the sale of the Premises is "free and clear" of all Liens and Claims on, in, or against the Property, with all such Liens and Claims to attach to the sale proceeds and to be distributed as provided in the Plan and the Order; and it is further

ORDERED, that the assumption of the Leases by the Debtor and their assignment to the Purchasers upon closing of the Sale Agreement will be a valid, legal, and effective assignment, notwithstanding any requirement for approval or consent by any entity; and it is further

ORDERED, that the Purchasers shall be deemed good faith purchasers and shall be accorded all the protections of such good faith purchasers provided pursuant to section 363(m) of the Bankruptcy Code; and it is further

ORDERED, that the Purchasers agree to a closing of the sale of the Property to be scheduled in accordance with the terms of the Sale Agreement; and it is further

ORDERED**,** that this Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Sale Agreement and to resolve any dispute concerning this Order, the Sale Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Sale Agreement and this Order, including, but not limited to, interpretation of the terms, conditions and provisions thereof, and all issues and disputes arising in connection with the relief authorized herein; and it is further

ORDERED**,** that the failure to specifically include any particular provision of the Sale Agreement in this Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the Sale Agreement and each and every provision, term and condition thereof be authorized and approved in their entirety; and it is further

ORDERED**,** that the 14-day stays of this Order under Bankruptcy Rules 6004(h) and 6006(h) are waived, for cause shown, and this Order shall be effective immediately upon its entry; and it is further

ORDERED, that the Property and the deed to the Property shall be transferred to the Purchaser under, and to implement, the Plan, and, pursuant to 1146(a) of the Bankruptcy Code, the making or delivery of any deed or other instrument of transfer under the Plan, including, without limitation, the sale of the Property in accordance with the terms of the Sale Agreement, shall not be subject to any stamp, real estate transfer, documentary, registration, sales, added-value, mortgage release, mortgage recording, or similar tax to the fullest extent provided in such section.

Dated: White Plains, New York
       March 28, 2022

                                        */s/Robert D. Drain*
                                        UNITED STATES BANKRUPTCY JUDGE